Daniel P. Schrader (SBN 145670)
dschrader@mgmlaw.com
Dane W. Schrader (SBN 317004)
dwschrader@mgmlaw.com
Matthew Behboud (SBN 351102)
mbehboud@mgmlaw.com
**MANNING GROSS + MASSENBURG LLP**
601 Montgomery Street, Suite 1000
San Francisco, CA 94111
Tel.:    (415) 512-4381
Fax:    (415) 512-6791

Attorneys for Defendants
ENGLISH RIDING SUPPLY, INC. and
ERS EQUISTRIAN, INC.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LAURA F. CORSI, (a/k/a LAURA F. ROMFH),<br><br>Plaintiff(s),<br><br>v.<br><br>ENGLISH RIDING SUPPLY, INC., ERS EQUISTRIAN, INC., ENGLISH RIDING SUPPLY, LLC, a Delaware Limited Liability Company (No. 3563640), ENGLISH RIDING SUPPLY, LLC, a Pennsylvania Limited Liability Company (No. 3092814), ENGLISH RIDING SUPPLY, LLC, a Delaware Limited Liability Company (No. 6413166), ENGLISH RIDING SUPPLY, LLC, a Pennsylvania Limited Liability Company (No. 7425042), ENGLISH RIDING SUPPLY HOLDINGS (64131080), a Delaware Limited Liability Company, and NCK CAPITAL, LLC, a Delaware Limited Liability Company,<br><br>Defendant(s). | Case No. 2:25-cv-02238-DMG-ASx<br><br>**DEFENDANTS ENGLISH RIDING SUPPLY, INC.'S AND ERS EQUISTRIAN, INC.'S MOTION TO DISMISS PURUSUANT TO RULE 12(B)(2) FOR LACK OF PERSONAL JURISDICTION AND RULE 12(B)(3) FOR IMPROPER VENUE**<br><br>DATE:    August 8, 2025<br>TIME:    9:30am<br>CTRM:    8C<br><br>Action Filed:    March 13, 2025<br>Trial Date:    None Set |

MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION AND IMPROPER VENUE

2:25-cv-02238-DMG-ASx

# **TABLE OF CONTENTS**

I.     INTRODUCTION ..............................................................................................5

II.    FACTUAL BACKGROUND ...........................................................................6
    A.    Background and Nature of Plaintiff's Claims...........................................6
    B.    Facts Relevant to Lack of Personal Jurisdiction and Improper Venue ....................7

III.   THIS COURT DOES NOT HAVE PERSONAL JURISDICTION OVER OLD ERS ........................................................................................................9
    A.    General Jurisdiction Does Not Exist Because Old ERS Does Not Have Continuous or Systematic Contacts With California that Approximate Physical Presence ......................................................................................10
    B.    Old ERS is not Subject to Specific Jurisdiction in California Because Plaintiff Has Not Shown Necessary Minimal Contacts ............................................11
        1.    Plaintiff Cannot Show that Old ERS Purposefully Directed Activities with California or Purposefully Availed Itself of the Privileges and Protections of California ............................................................12
        2.    Plaintiff's Claims Do Not Arise Out of Old ERS's Forum-Related Activities ....................................................................................15
        3.    Exercising Jurisdiction over Old ERS Will Be Unreasonable ...................17
            a)    Old ERS Did Not Purposeful Interject Itself in California ............17
            b)    Forcing Old ERS to Litigate in California is Unduly Burdensome 18
            c)    This Court Exercising Jurisdiction Conflicts with Pennsylvania's Sovereignty ..............................................................................18
            d)    California Has No Interest in Adjudicating This Matter ................19
            e)    The Efficiency in Resolving this Dispute Favors California Not Exercising Jurisdiction Because All Witnesses and Evidence are Located in Pennsylvania, Not California ......................................19
            f)    Plaintiff Would Have the Same Effective Relief If She Brought Her Claim in Pennsylvania .............................................................19
            g)    Pennsylvania is an Alternative Forum .........................................20

IV.    THE COURT SHOULD DISMISS THIS MATTER BECAUSE VENUE IS IMPROPER IN THIS DISTRICT ...............................................................20
    A.    Venue is Improper in This District Under 28 U.S.C. § 1391 ................................21

V.     CONCLUSION................................................................................................22

MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION AND IMPROPER VENUE

2:25-cv-02238-DMG-ASx

# TABLE OF AUTHORITIES

## CASES

*Amba Marketing Systems, Inc v. Jobar International, Inc.,* 551 F.2d 784 ..............9

*Asahi Metal Industry Co., Ltd. Superior Ct.*, 480 U.S. 102..................................17

*Boschetto v. Hansing*, 539 F.3d 1011 ..................................................................9, 18

*Bristol-Myers Squibb Co. v. Superior Court*, 582 U.S. 255 ..................................16

*Burger King Corp*, 471 U.S. at 474 ......................................................................13

*Burger King Corp. v. Rudzewicz*, 471 U.S. 462......................................................13

*Core-Vent Corp. v. Nobel Industries AB*, 11 F.3d 1482 ........................................17

*Daimler AG v. Bauman*, 571 U.S. 117 ..................................................................10

*GTE New Media Servs. Inc. v. Bellsouth Corp.*, 199 F.3d 1343............................13

*Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408 ......................10

*Int'l Shoe Co. v. Washington*, 326 U.S. 310..........................................................12

*Lake v. Lake,* 817 F.2d 1416..................................................................................12

*Mattel, Inc. v. Greiner & Hausser GmbH*, 354 F.3d 857.......................................16

*Mavrix Photo, Inc. v. Brand Techs., Inc.*, 647 F.3d 1218......................................10

*Mewawalla v. Middleman,* 601 F. Supp. 3d 574.....................................................13

*Panavision Int'l, L.P. v. Toeppen*, 141 F.3d 1316...............................................9, 16

*Perkins v. Benguet Consol. Mining Co.,* 342 U.S. 437..........................................10

*Picot v. Weston*, 780 F.3d 1206 .............................................................................13

*Piedmont Label Co. v. Sun Garden Packing Co.*, 598 F.2d 491............................21

*Rano v. Sipa Press, Inc.*, 987 F.2d 580...................................................................15

*Schwarzenegger v. Fred Martin Motor Co.,* 374 F.3d 797 ...........................7, 9, 10

*Sher v. Johnson*, 911 F.2d 1357...............................................................................9

*Terracom v. Valley Nat'l Bank*, 49 F.3d 555 .........................................................18

*Walden v. Fiore*, 571 U.S. 277 ...............................................................................13

## STATUTES

28 U.S.C. § 1391(b) ...........................................................................................21, 22

28 U.S.C. § 1406(a) ...........................................................................................21, 22

3

MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION AND IMPROPER VENUE

2:25-cv-02238-DMG-ASx

28 U.S.C. §§ 1404(a) .........................................................................................................22

**OTHER AUTHORITIES**

*Love v. The Mail on Sunday*, No. CV 05-7798 ABC (PJWx), 2006 WL 404618013

MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION AND IMPROPER VENUE

2:25-cv-02238-DMG-ASx

## I.    **<u>INTRODUCTION</u>**

Defendants English Riding Supply, Inc. and ERS Equestrian, Inc. (collectively, "Old ERS")[1] respectfully move to dismiss Plaintiff Laura Corsi a/k/a Laura Romfh's ("Plaintiff") first amended complaint ("FAC") for lack of personal jurisdiction under Federal Rule of Civil Procedure ("FRCP"), 12(b)(2) and improper venue under FRCP12(b)(3). Despite Plaintiff's conclusory assertion that venue is proper in California, the allegations in her FAC fail to establish either general or specific jurisdiction over Old ERS in this forum. The operative facts and the parties' contacts with California are insufficient to satisfy constitutional due process standards.

Old ERS is a Pennsylvania-based company with no offices, employees, bank accounts, agents of service, or operations in California. The only alleged connection between Old ERS and California is that Plaintiff resided in California at the time of the 2008 Agreement and performed some work remotely from that state. This is not enough. The United States Supreme Court and the Ninth Circuit have repeatedly held that a plaintiff's residence and unilateral activity in the forum state cannot create personal jurisdiction over an out-of-state defendant. Because Plaintiff has not met her burden of establishing a prima facia showing of personal jurisdiction, the Court should dismiss this action as to Old ERS.

Moreover, venue is improper in this District. This matter should never have been filed in California. Plaintiff is no longer a California resident, and her own allegations confirm that none of the defendants are located in California, and that the operative 2008

---

[1] On December 30, 2021, English Riding Supply, Inc. changed its name to ERS Equestrian, Inc. (Declaration of Adrienne Rolla ("Rolla Decl. ") ¶ 2). Therefore, while Plaintiff's First Amended Complaint names them as two separate defendants, the two defendants are in fact one entity. Accordingly, throughout this Motion, the two defendants are collectively referred to as "Old ERS."

5

Agreement between the Old ERS and Plaintiff requires the application of Pennsylvania law. The dispute arises from a 2008 Agreement executed by a Pennsylvania-based company and performed entirely in Pennsylvania. Therefore, any alleged breach could have only occurred in Pennsylvania. Accordingly, venue is improper in this District and this action should be dismissed under Rule 12(b)(3), or alternatively transferred to the Middle District of Pennsylvania for the convenience of the parties and witnesses, and in the interest of justice.

## II.    FACTUAL BACKGROUND

### A.    Background and Nature of Plaintiff's Claims

This matter arises from a March 18, 2008 agreement (the "2008 Agreement") between Plaintiff"), an equestrian apparel designer, and Old ERS Inc., through which Plaintiff transferred a 50% ownership interest in the ROMFH brand and granted an exclusive worldwide license to use the ROMFH mark.  FAC ¶¶ 1, 20–21, 23). In exchange, Plaintiff alleges she received a one-time payment of $12,000 and was entitled to royalties on product sales under the ROMFH mark. (FAC ¶¶ 1, 24).

Plaintiff contends that following the 2008 Agreement, Old ERS assigned its rights to other entities, including English Riding Supply, LLC ("New ERS"), and that she continued working as a designer and marketing employee from approximately 2010 through August 2023. (FAC ¶¶ 26–27, 34). Her claims include declaratory and injunctive relief, breach of contract, fraud, trademark infringement, and statutory violations under California law. (FAC ¶¶ 45–129). Critically, the 2008 Agreement includes a governing law provision that states:

"The parties hereto expressly agree, for all purposes, that the terms and interpretation of this Agreement shall be governed by and construed in accordance with

MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION AND IMPROPER VENUE

2:25-cv-02238-DMG-ASx

the laws of the State of Pennsylvania without regard to its Rules of conflicts of law." (FAC Exhibit ("Ex.") A ¶ 17).

**B.      Facts Relevant to Lack of Personal Jurisdiction and Improper Venue**

Old ERS was incorporated in Delaware on September 20, 2002, with its principal place of business located at 520 Kane Street, Scranton, Pennsylvania until it sold its assets on December 31, 2021 to New ERS, a separate entity. (Declaration of Adrienne Rolla ("Rolla Decl.") ¶¶ 2–3). On December 30, 2021, English Riding Supply, Inc. formally changed its name to ERS Equestrian, Inc.; the two names refer to the same corporate entity (*i.e.* Old ERS). (Rolla Decl. ¶ 2).

Old ERS had no offices or physical presence in California. (Rolla Decl. ¶ 4). Its only employees outside Pennsylvania during the relevant period alleged in the FAC were Plaintiff—who worked remotely from California—and one marketing employee based in Florida. (Rolla Decl. ¶ 5). At all relevant times, Old ERS' management, design approvals, warehousing, and business operations were based in Pennsylvania. (FAC ¶¶ 36, 41; Rolla Decl. ¶¶ 4-5).

Plaintiff alleges that she signed the 2008 Agreement while living in California and performed some design and marketing work remotely from there. (FAC ¶¶ 4(a), 22, 27, 35, 52–53; FAC Ex. A).  Plaintiff identifies no facts showing that Old ERS specifically targeted or directed activity toward California. There is no allegation that Old ERS maintained offices, agents, or substantial operations in the state; entered into contracts in California; or otherwise availed itself of California law. The fact that Plaintiff resided in California and worked remotely there does not establish the necessary "minimum contacts" under governing precedent. *Schwarzenegger v. Fred Martin Motor Co.,* 374 F.3d 797, 802 (9th Cir. 2004). Additionally, Plaintiff is no longer a resident of California.

7

MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION AND IMPROPER VENUE

2:25-cv-02238-DMG-ASx

She relocated to Tennessee in June 2024. (FAC ¶ 5). No other party, witness, or business activity is alleged to be located in California. (*See* FAC *generally*).

Most significantly, the parties explicitly agreed that Pennsylvania law governs the interpretation of the contract and any disputes arising under it. (FAC Ex. A ¶ 17). The inclusion of this Pennsylvania choice-of-law provision reinforces that the contract and the parties' relationship were centered outside of California, and that Old ERS had no reasonable expectation of being hauled into court in this jurisdiction.

Plaintiff alleges that Old ERS, or New ERS, breached the 2009 Agreement by not expanding sales worldwide, or by failing to pay royalties and properly market products under the ROMFH brand. (FAC ¶¶ 23-24). However, the conduct giving rise to these claims occurred entirely in Pennsylvania, where all of Old ERS' management, operations, warehousing, marketing, and accounting took place. (Rolla Decl. ¶¶ 2-5). Old ERS was never registered to do business in California, maintained no office or property in California, and employed no personnel there other than Plaintiff, who worked remotely, and a single marketing employee based in Florida. (Rolla Decl. ¶¶ 4-5).

In short, Plaintiff's own allegations and the evidentiary record demonstrate that Old ERS has no continuous, systematic, or purposeful contacts with California. Her claims are based on a Pennsylvania-governed contract with a Pennsylvania-based company. Accordingly, personal jurisdiction is lacking, and this action should be dismissed as to Old ERS under Rule 12(b)(2). Finally, Plaintiff's allegations arise out of conduct or alleged breaches that occurred in Pennsylvania. Accordingly, the Court should dismiss this action, pursuant to FRCP, Rule 12(b)(3), or transfer this action to the Middle District of Pennsylvania.

MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION AND IMPROPER VENUE

## III.   THIS COURT DOES NOT HAVE PERSONAL JURISDICTION OVER OLD ERS

The Court cannot exercise personal jurisdiction over Old ERS because Old ERS does not have continuous and systematic connections with California, nor did it purposefully avail itself to the protections and benefits of California. Further, Plaintiff's claims do not arise from Old ERS' activities in California and this Court exercising jurisdiction over ERS will be unreasonable.

Courts may exercise personal jurisdiction over non-resident defendants under either general jurisdiction or specific jurisdiction. *Boschetto v. Hansing*, 539 F.3d 1011, 1016 (9th Cir. 2008). If a court finds general jurisdiction, then it "permits a Defendant to be hauled into court in the forum state to answer for any of its activities anywhere in the world." *Schwarzenegger v. Fred Martin Motor Co.,* 374 F.3d 797, 801 (9th Cir. 2004). Specific jurisdiction claims "arises out of the defendant's forum related activities." *Panavision Int'l, L.P. v. Toeppen*, 141 F.3d 1316, 1322 (9th Cir. 1998).

When a defendant contests personal jurisdiction, plaintiff bears the burden of showing that jurisdiction is appropriate. *Sher v. Johnson*, 911 F.2d 1357, 1361 (9th Cir. 1990). Plaintiffs cannot "simply rest on the bare allegations of its complaint" to support personal jurisdiction. *Amba Marketing Systems, Inc v. Jobar International, Inc.,* 551 F.2d 784, 787 (9th Cir. 1977). If a defendant contradicts plaintiff's allegations of personal jurisdiction, then the plaintiff must present admissible evidence which would support that personal jurisdiction exists. *Harris Rutsky & Co. Ins. Servs., Inc. v. Bell & Clements Ltd.,* 328 F.3d 1122, 1120 (9th Cir. 2003).

MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION AND IMPROPER VENUE

2:25-cv-02238-DMG-ASx

### A.    General Jurisdiction Does Not Exist Because Old ERS Does Not Have Continuous or Systematic Contacts with California that Approximate Physical Presence

General jurisdiction over a non-resident defendant exists only when the defendant's affiliations with the forum state are so "continuous and systematic" as to render it essentially at home in the forum state. *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 801 (9th Cir. 2004). This is an "exacting standard," because a finding of general jurisdiction permits a defendant to be hauled into court in the forum state to answer for any of its activities anywhere in the world. *Id.* The Supreme Court has noted that general jurisdiction over a non-resident defendant has been found in only one case: *Perkins v. Benguet Consol. Mining Co.,* 342 U.S. 437, 447–48 (1952); *See also Mavrix Photo, Inc. v. Brand Techs., Inc.*, 647 F.3d 1218, 1224 (9th Cir. 2011).

Further, the "paradigm all-purpose forums for general jurisdiction are a corporation's place of incorporation and principal place of business." *Daimler AG v. Bauman*, 571 U.S. 117, 137 (2014). A plaintiff must demonstrate continuous corporate operations within the forum state that are so substantial and of such a nature as to justify suit on causes of action unrelated to those operations. *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 416 (1984). When a Rule 12(b)(2) motion is based on written submissions, the plaintiff must make a prima facia showing of personal jurisdiction. *Schwarzenegger*, 374 F.3d at 800.

Here, Plaintiff's FAC fails to allege facts establishing general jurisdiction over Old ERS. Indeed, Old ERS does not have a continuous or systematic connection with California. English Riding Supply, Inc. was incorporated in Delaware on September 20, 2002, with its principal place of business located at 520 Kane Street, Scranton, Pennsylvania until December 31, 2021, when it sold its assets. (Rolla Decl. ¶¶ 2–3). On

10

December 30, 2021, English Riding Supply, Inc. changed its name to ERS Equestrian, Inc.; they are the same corporate entity. (Rolla Decl. ¶ 2).

Old ERS had no offices, warehouses, or registered agents in California. (Rolla Decl. ¶¶ 4-5). It was not registered to do business in the state, had no staff based in California—aside from Plaintiff, who worked remotely, and one marketing employee in Florida. (Rolla Decl. ¶¶ 4-5). These facts closely mirror the scenario in *Mavrix*, where the Ninth Circuit found no general jurisdiction over a defendant that likewise had no physical presence or registration in California. *Mavrix*, 647 F.3d at 1225.

The FAC does not allege that Old ERS had any systematic business operations, marketing campaigns, or physical presence in California. Instead, it confirms that all company activities relevant to Plaintiff's claims—including product development, marketing, management, warehousing, and royalty processing—were conducted entirely in Pennsylvania. (FAC ¶¶ 36, 41; Rolla Decl. ¶¶ 2, 4-5).

Because English Riding Supply, Inc. and ERS Equestrian, Inc. are incorporated in Delaware and have always maintained their principal place of business in Pennsylvania, this Court lacks general jurisdiction over Old ERS. *See Daimler*, 571 U.S. at 137; *Schwarzenegger*, 374 F.3d at 801.

**B.  Old ERS is not Subject to Specific Jurisdiction in California Because Plaintiff Has Not Shown Necessary Minimal Contacts**

Plaintiff has not shown that specific jurisdiction exists for Old ERS. "For a court to exercise personal jurisdiction over a nonresident Defendant, that Defendant must have at least 'minimal contact' with the relevant forum such that the exercise of jurisdiction 'does not offend traditional notions of fair play and substantial justice.'"

MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION AND IMPROPER VENUE

2:25-cv-02238-DMG-ASx

*Schwarzenegger*, 374 F.3d at 801 (quoting *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945).

To establish specific jurisdiction, the Ninth Circuit applies a three-prong test that examines: "(1) The non-resident Defendant must purposefully direct his activities or consummate such transaction with the forum or resident thereof; or perform some act by which he purposefully avails himself of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of its laws;

(2) The claim must be on which arises out of or relates to the Defendants' forum – related activities; and (3) The exercise and jurisdiction must comport with fair play and substantial justice, i.e. it must be reasonable." *Schwarzenegger*, 374 F.3d at 802 (quoting *Lake v. Lake,* 817 F.2d 1416, 1421 (9th Cir. 1987)) (Internal quotation marks omitted).

"The plaintiff bears the burden of satisfying the first two prongs of the test.  If the plaintiff fails to satisfy either of these prongs, personal jurisdiction is not established in the forum state." *Id.*  Only if the plaintiff can satisfy the first two prongs, "the burden then shifts to Defendants to 'present a compelling case' that the exercise of jurisdiction would not be reasonable." *Id.*

1.   <u>Plaintiff Cannot Show that Old ERS Purposefully Directed Activities with California or Purposefully Availed Itself of the Privileges and Protections of California</u>

First, Plaintiff has not alleged facts that show that Old ERS purposefully directed activities with California, or purposefully availed itself of the privilege of conducting activities in the forum. Purposeful direction or availment requires the plaintiff to demonstrate that the defendant has engaged in conduct specifically directed at the forum state or purposefully availed itself of conducting activities within that state. For contract claims, the court considers whether the defendant has purposefully availed itself of the

12

MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION AND IMPROPER VENUE

privilege of conducting business in the forum state, thereby invoking the benefits and protections of its laws. *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 474–75 (1985).

The analysis must focus on the ***defendant's*** contacts with the forum—not the plaintiff's unilateral actions. *Walden v. Fiore*, 571 U.S. 277, 284 (2014). A defendant does not purposefully avail itself of a forum merely by entering into a contract with a forum resident. Courts look to the parties' course of dealing, prior negotiations, contemplated future consequences, and actual course of performance to determine whether the defendant's conduct shows an intent to establish a continuing relationship with the forum. *Burger King*, 471 U.S. at 479. Purposeful direction requires that a defendant commit an *intentional act, expressly aimed at the forum*, causing harm the defendant knows is likely to be suffered in the forum. *Burger King Corp*, 471 U.S. at 474–75 (1985); *Calder*, 465 U.S. 783 (1984).

Finally, courts have consistently rejected personal jurisdiction where the alleged forum contacts are, as here, incidental and attenuated. *See Mewawalla v. Middleman,* 601 F. Supp. 3d 574, 591–92 (N.D. Cal. 202 (rejecting jurisdiction over out-of-state corporate defendants where the plaintiff's location in California was the only link to the forum, emphasizing that the plaintiff cannot be "the only link" between the defendant and the forum*; Love v. The Mail on Sunday*, No. CV 05-7798 ABC (PJWx), 2006 WL 4046180, at \*8–9 (C.D. Cal. Aug. 15, 2006) (holding that operation of an interactive website accessible in California did not support specific jurisdiction where the site was not targeted at California); *GTE New Media Servs. Inc. v. Bellsouth Corp.*, 199 F.3d 1343, 1350 (D.C. Cir. 2000) (rejecting jurisdiction based solely on internet accessibility); *see also Picot v. Weston*, 780 F.3d 1206, 1214 (9th Cir. 2015).

MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION AND IMPROPER VENUE

2:25-cv-02238-DMG-ASx

Here, Plaintiff fails to allege any intentional act by Old ERS that was expressly aimed at California. While Plaintiff asserts that she signed the 2008 Agreement while in Long Beach, California, and that Michael Diamond, Vice President of Old ERS, solicited her involvement in the ROMFH venture, (FAC ¶¶ 19, 22), these allegations are insufficient. The solicitation was directed to Plaintiff personally and lacks any indication that it was specifically targeted to California as a forum. Additionally, Mr. Diamond approached Plaintiff at tradeshows in Pennsylvania, and inquired about her next employment venture following the dissolution of her former employer's business and her dissatisfaction with her current position. (Rolla Decl. at ¶ 6). While Mr. Diamond followed-up with Plaintiff by phone or email, the only in-person communication occurred in Pennsylvania. *Id.* Indeed, Mr. Diamond sought Plaintiff solely due to her background in equestrian apparel. *Id.* Such interaction does not rise to the level of purposeful contacts with the forum. *See* Boschetto, 539 F.3d at 1017; *Peterson*, 771 F.2d at 1262.

Furthermore, Old ERS executed the 2008 Agreement in Pennsylvania. (FAC Ex. A). The 2008 Agreement does not contemplate performance in California—it required Old ERS to market and sell ROMFH products *worldwide*, not specifically to California. (FAC Ex. A).

Even if Plaintiff worked remotely from California, that alone cannot establish jurisdiction over a nonresident defendant. *Walden*, 571 U.S. at 290 ("The plaintiff cannot be the only link between the defendant and the forum."). Plaintiff's location was her unilateral choice and was not determinative of where the 2008 Agreement was negotiated, performed, or breached.

Old ERS operated exclusively from its Scranton, Pennsylvania office and has warehouses only in Pennsylvania. (Rolla Decl. ¶¶2, 4-5). At all relevant times, Old ERS

14

had no offices, operations, or other personnel in California. *Id.* It was incorporated in Delaware and maintained its principal place of business in Pennsylvania. (Rolla Decl. ¶2). Aside from Plaintiff, who worked remotely from California, and one temporary marketing contractor in Florida, all employees worked in Pennsylvania. (Rolla Decl. ¶¶4-5). Old ERS did not register to do business in California, maintain a bank account or agent for service in California, or direct marketing efforts specifically to California. *Id.*

In addition, the 2008 Agreement expressly provides that it "shall be governed by and construed in accordance with the laws of the State of Pennsylvania without regard to its Rules of conflicts of law." (FAC Ex. A ¶ 17). This governing law provision shows that Old ERS did not intend to avail itself of California law or submit to jurisdiction in California courts. *See Rano v. Sipa Press, Inc.*, 987 F.2d 580, 588 (9th Cir. 1992) (forum selection and choice of law clauses are significant in determining whether jurisdiction is proper).

Accordingly, because Plaintiff has not shown any targeted, purposeful conduct by Old ERS directed toward California, she cannot satisfy the first prong of the specific jurisdiction test.

2.  Plaintiff's Claims Do Not Arise Out of Old ERS's Forum-Related Activities

Even if Plaintiff could satisfy the first prong (which she cannot), she still cannot meet the second prong of the specific jurisdiction test—that her claims arise out of or relate to Old ERS's contacts with California. The Ninth Circuit applies a "but for" test to determine whether a claim arises out of forum-related conduct: the plaintiff must show that the claim would not have arisen "but for" the defendant's contacts with the forum

15

state. *Mattel, Inc. v. Greiner & Hausser GmbH*, 354 F.3d 857, 864 (9th Cir. 2003); *Panavision Int'l, L.P. v. Toeppen*, 141 F.3d 1316, 1322 (9th Cir. 1998).

Here, Plaintiff cannot demonstrate that any of her claims would not have arisen but for Old ERS's purported contacts with California. Plaintiff alleges a series of breaches related to the 2008 Agreement, including nonpayment of royalties and failure to market and sell the ROMFH brand. (FAC ¶¶ 23–24). However, these alleged breaches occurred, if at all, entirely in Pennsylvania, where Old ERS conducted its business, maintained its offices, processed payments, and made managerial decisions. (Rolla Decl. ¶¶ 2, 4-5).

None of Plaintiff's claims depend on any conduct directed at or occurring in California. The fact that Plaintiff resided in California when she signed the 2008 Agreement, or worked remotely from there, does not transform Old ERS's out-of-state conduct into forum-related activity. Plaintiff's residence is not a contact by Old ERS, and the Supreme Court has made clear that a defendant's suit-related conduct must form the basis for jurisdiction. *Bristol-Myers Squibb Co. v. Superior Court*, 582 U.S. 255, 264 (2017). Additionally, Plaintiff does not allege that Old ERS made any decisions in California, met with her there, or conducted negotiations, business planning, or sales execution within the state. All of these functions were carried out in Pennsylvania. (Rolla Decl. ¶¶ 2–6).

Because Plaintiff's claims do not arise out of or relate to any forum-related conduct by Old ERS, the second prong of the specific jurisdiction analysis fails. Without a causal connection between Old ERS's conduct and the forum, jurisdiction is improper. As both the purposeful direction and relatedness prongs are unmet, the Court need not reach the reasonableness analysis. However, even if it did, exercising jurisdiction would be constitutionally unreasonable for the reasons outlined below.

16

MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION AND IMPROPER VENUE

2:25-cv-02238-DMG-ASx

3.     Exercising Jurisdiction over Old ERS Will Be Unreasonable

Finally, Plaintiff should not be permitted to bring Old ERS into court in California because it would be unreasonable for the Court to exercise jurisdiction under the circumstances presented. The unique burdens on foreign defendants, which arise from having to defend themselves within the forum state, are entitled to "significant weight" in assessing reasonableness. *Asahi Metal Industry Co., Ltd. Superior Ct.*, 480 U.S. 102, 114 (1987). This requirement defeats jurisdiction even if Old ERS had participated in California-related activities, which it did not. *Id.*

The Court should consider the following seven factors in determining the reasonableness of exercising personal jurisdiction over Old ERS: (i) the extent of the defendants' purposeful interjection into the forum state's affairs; (ii) the burden on the defendant of defending in the forum; (iii) the extent of conflict with the sovereignty of the defendant's state; (iv) the forum state's interest in adjudicating the dispute; (v) the most efficient judicial resolution of the controversy; (vi) the importance of the forum to the plaintiff's interest in convenient and effective relief; and (vii) the existence of an alternative forum. *Core-Vent Corp. v. Nobel Industries AB*, 11 F.3d 1482, 1487-88 (9th Cir. 1993). None of these factors is dispositive in itself; the Court must balance all seven. *Id.* at 1488. An analysis of each of these factors demonstrates the unreasonableness of haling Old ERS into this forum:

a)     Old ERS Did Not Purposeful Interject Itself in California

The Ninth Circuit has held that the less purposeful a defendant's interjection into the forum state, the less reasonable it is to exercise jurisdiction. *Core-Vent Corp.,* 11 F.3d at 1488. Here, Old ERS operated entirely from Pennsylvania—housing all of its warehouses, manufacturing facilities, officers, and staff in Scranton. (Rolla Decl. ¶¶ 2–

17

MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION AND IMPROPER VENUE

2:25-cv-02238-DMG-ASx

5). It was incorporated in Delaware, registered in Pennsylvania, and never maintained a physical or legal presence in California. *Id.* ¶¶ 2, 4. Its nationwide product sales, including any incidental sales to California customers, are insufficient to establish purposeful interjection. *See Boschetto v. Hansing*, 539 F.3d 1011, 1019 (9th Cir. 2008). This factor therefore weighs heavily against the exercise of jurisdiction.

b)  Forcing Old ERS to Litigate in California is Unduly Burdensome

"The law of personal jurisdiction is asymmetrical and is primarily concerned with the defendant's burden." *Terracom v. Valley Nat'l Bank*, 49 F.3d 555, 561 (9th Cir. 1995). Litigating in California would impose a significant burden on Old ERS, a defunct Pennsylvania corporation with no offices, personnel, or operations in California. (Rolla Decl. ¶¶ 4–5). All relevant witnesses and documents are located in Pennsylvania. Plaintiff does not reside in California, nor are any witnesses identified in the FAC based there. Requiring Old ERS to defend this matter in a forum with no meaningful connection to the dispute would be unfair and unreasonable.

c)  This Court Exercising Jurisdiction Conflicts with Pennsylvania's Sovereignty

Courts consider whether exercising jurisdiction would conflict with the sovereignty of the defendant's home state. *Core-Vent Corp.*, 11 F.3d at 1489. Here, the dispute arises from a contract governed by Pennsylvania law, involving a Pennsylvania-based corporation. (FAC, Ex. A, ¶ 17; Rolla Decl. ¶¶ 2–4). Pennsylvania has a strong interest in resolving disputes involving its corporate citizens and enforcing its laws. Allowing this matter to proceed in California would infringe upon Pennsylvania's authority to interpret and apply its law to conduct occurring entirely within its borders.

18

d)    California Has No Interest in Adjudicating This Matter

In Contrast, California's interest in adjudicating a dispute is significantly diminished when the forum has little connection to the conduct at issue. Plaintiff no longer resides in California. (FAC ¶¶ 5, 10, 28). No operative events—such as negotiations, breach, or performance—occurred in California. *Rolla Decl. ¶ 6).The 2008 Agreement was signed by Plaintiff in California, but executed by Old ERS in Pennsylvania. (FAC ¶ 20; FAC EX. A). All obligations by Old ERS under the 2008 agreement were to be performed in Pennsylvania. Because the gravamen of Plaintiff's claims relates to conduct by a Pennsylvania corporation performed in Pennsylvania, California has no substantive interest in adjudicating this matter.

e)    The Efficiency in Resolving this Dispute Favors California Not Exercising Jurisdiction Because All Witnesses and Evidence are Located in Pennsylvania, Not California

Judicial efficiency is best served by hearing a case where most of the witnesses and evidence are located. *Core-Vent*, 11 F.3d at 1489.

Here, all of the likely witnesses—including former Old ERS executives, officers, and employees—are located in Pennsylvania. (Rolla Decl. ¶¶ 2-5). Relevant business records and documentation are also in Pennsylvania. *Id.* No witnesses or evidence are located in California. Therefore, litigating in Pennsylvania would be far more efficient and less disruptive to the orderly administration of justice.

f)    Plaintiff Would Have the Same Effective Relief If She Brought Her Claim in Pennsylvania

There is no indication that Plaintiff will be denied effective relief in Pennsylvania. In fact, Plaintiff previously agreed to Pennsylvania law governing the interpretation of the 2008 Agreement. (FAC, Ex. A, ¶ 17), implicitly acknowledging that Pennsylvania courts

19

MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION AND IMPROPER VENUE

2:25-cv-02238-DMG-ASx

were a proper venue. Given that both the parties' dispute and relevant evidence are centered in Pennsylvania, it is more likely—not less—that Plaintiff would obtain timely and effective relief there.

g) Pennsylvania is an Alternative Forum

Plaintiff bears the burden of demonstrating that an alternative forum is unavailable. *Core-Vent*, 11 F.3d at 1490. Plaintiff cannot meet this burden here. Pennsylvania is not only available but is the logical forum: it is where Old ERS was headquartered, where its employees reside, and where the alleged breach occurred. (Rolla Decl. ¶¶ 2-5).

Accordingly, all seven reasonableness factors under *Core-Vent* weigh against exercising jurisdiction over Old ERS in California. Old ERS did not interject itself into California, would suffer substantial burdens defending itself in this forum, and has no operational ties to the state. The claims arose in Pennsylvania, are governed by Pennsylvania law, and implicate Pennsylvania's sovereign interests. Plaintiff can obtain full relief in Pennsylvania, and there is no reason to burden California courts with this matter.

Accordingly, even if Plaintiff could meet the minimum contacts test—which she cannot—the exercise of personal jurisdiction over Old ERS would offend traditional notions of fair play and substantial justice. This Court should therefore dismiss this matter for lack of personal jurisdiction under Rule 12(b)(2).

## IV. **THE COURT SHOULD DISMISS THIS MATTER BECAUSE VENUE IS IMPROPER IN THIS DISTRICT**

Under Federal Rule of Civil Procedure, Rule 12(b)(3), a defendant may move to dismiss a complaint for improper venue. Once a defendant raises the issue of improper

20

MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION AND IMPROPER VENUE

2:25-cv-02238-DMG-ASx

venue, the burden shifts to the plaintiff to show that venue is proper. *Piedmont Label Co. v. Sun Garden Packing Co.*, 598 F.2d 491, 496 (9th Cir. 1979).

Under 28 U.S.C. § 1391(b), venue is proper only in: (a) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (b) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred; or (c) if there is no district in which an action may otherwise be brought, any judicial district in which any defendant is subject to the court's personal jurisdiction. If venue is improper, the court must dismiss the action or, in the interest of justice, transfer it to a proper venue. 28 U.S.C. § 1406(a).

**A.     Venue is Improper in This District Under 28 U.S.C. § 1391**

Venue in the Central District of California is improper for several reasons. First, none of the defendants reside in California. Old ERS is a Delaware corporation with its principal place of business in Pennsylvania. (Rolla Decl. ¶¶ 2–3). Old ERS has never maintained offices, agents, warehouses, or any operational presence in California. (Rolla Decl. ¶¶ 4-5).

As discussed above, none of the events or omissions giving rise to Plaintiff's claims occurred in California. Plaintiff's allegations focus entirely on Old ERS' purported breach of the 2008 Agreement, including failure to pay royalties and failure to market and sell the ROMFH brand worldwide. (FAC ¶¶ 23–24). However, the 2008 Agreement was signed by Old ERS in Pennsylvania and required performance—such as brand marketing and management, and royalty payments—to be carried out by Old ERS from its Scranton, Pennsylvania headquarters. (Rolla Decl. ¶¶ 4-5). Indeed, Old ERS was not registered to do business in California, nor did it have any offices, directors, managers, developers, or warehouses in California. *Id.* All decisions concerning the 2008 Agreement's

MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION AND IMPROPER VENUE

2:25-cv-02238-DMG-ASx

implementation were made by Old ERS' executives and personnel located in Pennsylvania. (Rolla Decl. ¶¶ 4-5).

In short, Plaintiff has failed to allege—and cannot show—that a "substantial part of the events or omissions giving rise to the claim" occurred in California, as required by 28 U.S.C. § 1391(b)(2). Instead, the record makes clear that the relevant events occurred entirely in Pennsylvania. Finally, as stated above, Old ERS is not subject to personal jurisdiction in this District. However, Old ERS' principal place of business is located in Pennsylvania, and it conducted business in that state at all relevant times and is therefore subject to Pennsylvania's jurisdiction. Venue is therefore improper in this District, and dismissal is warranted under Rule 12(b)(3), or transfer under § 1406(a) to the Middle District of Pennsylvania.

## V.    CONCLUSION

For the reasons stated above, this Court lacks personal jurisdiction over Old ERS, and venue is improper in this District. Plaintiff's claims arise from conduct that occurred entirely in Pennsylvania, not California. Old ERS is not a resident of California, did not purposefully direct activities toward this forum, and the operative contract mandates Pennsylvania law and was performed in Pennsylvania. All relevant witnesses and potential evidence is located in Pennsylvania. Accordingly, Old ERS respectfully request that this Court dismiss Plaintiff's First Amended Complaint pursuant to Federal Rule of Civil Procedure 12(b)(2) and 12(b)(3). In the alternative, this matter should be transferred to the United States District Court for the Middle District of Pennsylvania pursuant to 28 U.S.C. §§ 1404(a) or 1406(a).

MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION AND IMPROPER VENUE

2:25-cv-02238-DMG-ASx

Dated:  July 2, 2025

**MANNING GROSS + MASSENBURG LLP**

By _/s/Matthew Behboud_
Daniel P. Schrader
Dane W. Schrader
Matthew Behboud
Attorneys for Defendants
ENGLISH RIDING SUPPLY, INC. and
ERS EQUISTRIAN, INC.

MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION AND IMPROPER VENUE

2:25-cv-02238-DMG-ASx