**NELSON MULLINS RILEY & SCARBOROUGH LLP**
Thomas S. Jones, Esq. (SBN 165796)
Benjamin Sitter, Esq. (SBN 273394)
Megan E. Farrell, Esq. (SBN 308738)
megan.farrell@nelsonmullins.com
Two California Plaza, Suite 2200
350 South Grand Avenue
Los Angeles, California 90071
Telephone:   (424) 221-7470
Facsimile:    (279) 202-2017

*Attorneys for Defendants English Riding Supply, LLC, a Delaware Limited Liability Company (6413166), English Riding Supply Holdings, LLC, and NCK Capital, LLC*

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LAURA F. CORSI, (a/k/a LAURA F. ROMFH)<br><br>Plaintiff,<br><br>v.<br><br>ENGLISH RIDING SUPPLY, INC., ERS EQUISTRIAN, INC., ENGLISH RIDING SUPPLY, LLC, a Delaware Limited Liability Company (No. 3563640), ENGLISH RIDING SUPPLY, LLC, a Pennsylvania Limited Liability Company (No. 3092814), ENGLISH RIDING SUPPLY, LLC, a Delaware Limited Liability Company (6413166), ENGLISH RIDING SUPPLY, LLC, a Pennsylvania Limited Liability Company (7425042), ENGLISH RIDING SUPPLY HOLDINGS (64131080), a Delaware Limited Liability Company, and NCK CAPITAL, LLC, a Delaware Limited Liability Company,<br><br>Defendants | Case No. 2:25-CV-02238-DMG-KES<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF THE LLC DEFENDANTS' MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION, IMPROPER VENUE AND FAILURE TO STATE A CLAIM OR, ALTERNATIVELY, TO TRANSFER VENUE**<br><br>Date:  August 22, 2025<br>Time:  9:30 a.m.<br>Place:  Courtroom 8C<br><br>*[Filed concurrently with the Declaration of Grant Kornman, Declaration of Megan E. Farrell, and [Proposed] Order]* |

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF THE LLC DEFENDANTS' MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION, IMPROPER VENUE AND FAILURE TO STATE A CLAIM OR, ALTERNATIVELY, TO TRANSFER VENUE

4901-3592-8144

# **TABLE OF CONTENTS**

TABLE OF AUTHORITIES ..................................................................................................i

MEMORANDUM OF POINTS AND AUTHORITIES.................................................. 1

   I.   FACTUAL BACKGROUND....................................................... 2

     A.   Background Relevant to Personal Jurisdiction and Venue......................... 3

     B.   Plaintiff's Claims Against the LLC Defendants.......................................... 4

   II.   LEGAL STANDARDS ................................................................. 4

     A.   Motion to Dismiss for Lack of Personal Jurisdiction Under Rule
12(b)(2). ........................................................................................................ 4

     B.   Dismissal or Transfer for Improper Venue Under Rule 12(b)(3). ............... 5

     C.   Motion to Dismiss Under Rule 12(b)(6). .................................................... 5

   III.   ARGUMENT ................................................................................ 6

     A.   The Court Lacks Personal Jurisdiction Over the LLC Defendants............. 6

       1.   The Court Lacks General Jurisdiction Over the LLC Defendants............. 6

       2.   The Court Lacks Specific Jurisdiction Over the LLC Defendants............. 8

     B.   The Court Should Dismiss the LLC Defendants for Improper Venue or
Transfer to the Middle District of Pennsylvania................................................. 10

     C.   In the Alternative, the Court Should Transfer This Case to the Middle
District of Pennsylvania...................................................................................... 11

       1.   This Action Could Have Been Brought in the Middle District of
Pennsylvania. ..................................................................................................... 12

       2.   The Section 1404(a) Factors Overwhelmingly Favor Transfer................. 12

     D.   Plaintiff Fails to State a Claim Against The LLC Defendants. ................. 14

i

1. Holdings Is Not a Proper Party. ................................................................... 14

2. The Sole Claim Against NCK, for Tortious Interference with
Prospective Economic Advantage (Count 10), Fails to State a Claim. .......... 14

3. Plaintiff Fails to State a Fraud Claim Against ERS (Count 4). ................. 16

4. Plaintiff's Breach of Fiduciary Duty Claim Against ERS (Count 7) Fails as
a Matter of Law. ................................................................................................. 18

5. Plaintiff's Non-Compete Claims (Count 1-3) Fail Because California Law
Does Not Apply. ................................................................................................. 19

6. Plaintiff Fails to State a Claim Against ERS for Breach of Contract (Count
6). ...................................................................................................................... 20

7. Plaintiff Fails to State Quasi-Contractual Claims (Counts 8-9). ............... 21

8. Plaintiff Fails to State a Claim for False Designation (Count 11) Because
the Mark Was Registered. ................................................................................. 22

IV.    CONCLUSION .......................................................................................... 23

CERTIFICATE OF COMPLIANCE PURSUANT TO L.R. 11-6.1 ......................... 24

CERTIFICATE OF SERVICE ................................................................................. 24

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF THE LLC DEFENDANTS'
MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION, IMPROPER VENUE AND
FAILURE TO STATE A CLAIM OR, ALTERNATIVELY, TO TRANSFER VENUE

# **TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*A.M. Skier Agency, Inc. v. Gold*,
  747 A.2d 936 (Pa. Super. 2000) ..........................................................................22

*Acclaim Sys., Inc. v. Infosys, Ltd.*,
  2015 WL 4257463 (E.D. Pa. July 14, 2015) ......................................................15

*Acumed LLC v. Advanced Surgical Servs., Inc.*,
  561 F.3d 199 (3d Cir. 2009) ....................................................................14, 15, 16

*Allen v. Shutterfly, Inc.*,
  2020 WL 5517170 (N.D. Cal. Sept. 14, 2020).....................................................7

*Amaretto Ranch Breedables, LLC v. Ozimals, LLC*,
  790 F. Supp. 2d 1024 (N.D. Cal. 2011)...............................................................15

*Amiri v. DynCorp Int'l, Inc.*,
  2015 WL 166910 (N.D. Cal. Jan. 13, 2015)..........................................................7

*Application Group, Inc. v. Hunter Group, Inc.*,
  61 Cal. App. 4th 881 (1998) ................................................................................19

*Axiom Foods, Inc. v. Acerchem Int'l, Inc.*,
  874 F.3d 1064 (9th Cir. 2017) ...............................................................................8

*Banks v. Allstate Fire & Cas. Ins. Co.*,
  454 F. Supp. 3d 428 (M.D. Pa. 2020)..................................................................21

*Bell Atl. Corp. v. Twombly*,
  550 U.S. 544 (2007)................................................................................................5

*Boschetto v. Hansing*,
  539 F.3d 1011 (9th Cir. 2008) ...............................................................................4

i

*Bowser v. Found. Bldg. Materials, LLC*,
  2024 WL 4255057 (C.D. Cal. Sept. 20, 2024) ..................................................... 13

*Brian Jonestown Massacre v. Davies*,
  2014 WL 4076549 (N.D. Cal. Aug. 18, 2004) ..................................................... 18

*Bristol-Myers Squibb Co. v. Superior Court*,
  582 U.S. 255 (2017) .............................................................................................. 6

*Brown & Brown, Inc. v. Cola*,
  745 F. Supp. 2d 588 (E.D. Pa. 2010) ................................................................. 18

*Carl Zeiss Meditec, Inc. v. Shields*,
  2007 WL 3244292 (Mass. Super. Oct. 15, 2007) ............................................... 19

*CE Distrib., LLC v. New Sensor Corp.*,
  380 F.3d 1107 (9th Cir. 2004) ............................................................................ 10

*CollegeSource, Inc. v. AcademyOne, Inc.*,
  653 F.3d 1066 (9th Cir. 2011) .............................................................................. 6

*Daimler AG v. Bauman*,
  571 U.S. 117 (2014) ........................................................................................... 6, 7

*Dastar Corp. v. Twentieth Century Fox Film Corp.*,
  539 U.S. 23 (2003) ............................................................................................... 23

*Deville v. Specialized Loan Servicing, LLC*,
  2020 WL 13267725 (C.D. Cal. Sept. 9, 2020) ................................................... 16

*Gee v. Eberle*,
  420 A.2d 1050 (Pa. Super. 1980) ....................................................................... 22

*Goodyear Dunlop Tires Operations, S.A. v. Brown*,
  564 U.S. 915 (2011) ............................................................................................... 6

*Hoffman v. Blaski*,
  363 U.S. 335 (1960) ............................................................................................. 12

ii

*InMode Ltd. v. BTL Indus., Inc.*,
756 F. Supp. 3d 809 (C.D. Cal. 2024) .....................................................................5

*J. McIntyre Machinery v. Nicastro*,
564 U.S. 873 (2011) ................................................................................................6

*King v. Russell*,
963 F.2d 1301 (9th Cir. 1992) ...............................................................................5

*Lindora, LLC v. Isagenix Int'l, LLC*,
198 F. Supp. 3d 1127 (S.D. Cal. 2016) ..................................................................4

*Madani v. Shell Oil Co.*,
2008 WL 268986 (N.D. Cal. Jan. 30, 2008) .........................................................13

*Martinez v. Aero Caribbean*,
764 F.3d 1062 (9th Cir. 2014) ...............................................................................7

*Mavrix Photo, Inc. v. Brand Techs., Inc.*,
647 F.3d 1218 (9th Cir. 2011) ...............................................................................5

*Metz v. U.S. Life Ins. Co. in City of New York*,
674 F. Supp. 2d 1141 (C.D. Cal. 2009) ................................................................12

*Muhammad v. Weis*,
2009 WL 637112 (E.D. Pa. Mar. 11, 2009) .........................................................20

*Nat'l Fire Ins. Co. of Hartford v. UPS Freight, Inc.*,
2017 WL 1927683 (N.D. Cal. May 10, 2017) ................................................11, 12

*Optimum Technologies, Inc. v. Henkel Consumer Adhesives, Inc.*,
496 F.3d 1231 (11th Cir. 2007) ......................................................................22, 23

*Parks LLC v. Tyson Foods, Inc.*,
863 F.3d 220 (3d Cir. 2017) .................................................................................23

*Pfeiffer v. Himax Techs., Inc.*,
530 F. Supp. 2d 1121 (C.D. Cal. 2008) ................................................................13

iii

*Picot v. Weston*,
   780 F.3d 1206 (9th Cir. 2015) ...................................................................9

*Piedmont Label Co. v. Sun Garden Packing Co.*,
   598 F.2d 491 (9th Cir. 1979) ....................................................................5

*Pittsburgh Logistics Sys., Inc. v. Beemac Trucking, LLC*,
   249 A.3d 918 (Pa. 2021)..........................................................................20

*Ranza v. Nike, Inc.*,
   793 F.3d 1059 (9th Cir. 2015) ..................................................................7

*Schwarzenegger v. Fred Martin Motor Co.*,
   374 F.3d 797 (9th Cir. 2004) ....................................................................8

*Simonds v. Boyer*,
   2022 WL 11964613 (W.D. Pa. Oct. 20, 2022)........................................20

*Swartz v. KPMG LLP*,
   476 F.3d 756 (9th Cir. 2007) ..................................................................17

*Vacula v. Chapman*,
   230 A.3d 431 (Pa. Super. 2020) ..............................................................22

*Vu v. Ortho-McNeil Pharm., Inc.*,
   602 F. Supp. 2d 1151 (N.D. Cal. 2009)...................................................11

*Walden v. Fiore*,
   571 U.S. 277 (2014)...................................................................................8

*Walters v. Famous Transports, Inc.*,
   488 F. Supp. 3d 930 (N.D. Cal. 2020).....................................................11

*Whitaker v. Tesla Motors, Inc.*,
   985 F.3d 1173 (9th Cir. 2021) ..................................................................5

*Willis v. Scorpio Music S.A.*,
   2016 WL 3460282 (S.D. Cal. June 24, 2016) .........................................18

iv

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF THE LLC DEFENDANTS'
MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION, IMPROPER VENUE AND
FAILURE TO STATE A CLAIM OR, ALTERNATIVELY, TO TRANSFER VENUE

*Wilson Area Sch. Dist. v. Skepton*,
   895 A.2d 1250 (Pa. 2006)..........................................................................................22

*Yenchi v. Ameriprise Fin., Inc.*,
   161 A.3d 811 (Pa. 2017)............................................................................................18

**Rules**

Fed. R. Civ. P. 12(b)..........................................................................................2, 4, 5, 23

Federal Rule 8(a).....................................................................................................20, 21

Rule 9(b)................................................................................................................16, 17

**Statutes**

15 U.S.C. § 1125(a)..........................................................................................4, 12, 22, 23

28 U.S.C. § 1391(b)(2).................................................................................................10, 12

28 U.S.C. §§ 1404(a)............................................................................................2, 11, 12, 23

28 U.S.C. § 1406(a)...............................................................................................5, 11, 23

Cal. Bus. & Prof. Code §§ 16600 *et seq* ............................................................................4, 19

Cal. Bus. & Prof Code §16722 *et seq*. ..............................................................................4, 19

Cal. Civ. Code §1572 and 1573 ........................................................................................4, 16

**Other Authorities**

Restatement (Second) of Conflict of Laws § 187 ..................................................................19

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF THE LLC DEFENDANTS'
MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION, IMPROPER VENUE AND
FAILURE TO STATE A CLAIM OR, ALTERNATIVELY, TO TRANSFER VENUE

## MEMORANDUM OF POINTS AND AUTHORITIES

California has no connection to the claims asserted in this action against Defendants English Riding Supply, LLC, (No. 6413166) ("ERS"), English Riding Supply Holdings (No. 64131080), a Delaware Limited Liability Company ("Holdings"), and NCK Capital, LLC, a Delaware Limited Liability Company, ("NCK"). A resident of the State of Tennessee—Plaintiff Laura F. Corsi (a/k/a Laura F. Romfh) ("Plaintiff")—filed this action against Delaware limited liability companies with headquarters in Pennsylvania or Texas.[1] Therefore, this Court lacks general personal jurisdiction over Defendants ERS, Holdings, and NCK (collectively, the "LLC Defendants"), and is this not an "exceptional case" in which general jurisdiction is available outside of these "paradigmatic locations" of place of incorporation and principal place of business.

Specific personal jurisdiction is also absent. Plaintiffs' claims arise from a contract she entered into with Defendant English Riding Supply, Inc. ("ERSI") on March 18, 2008 ("the 2008 Agreement") in which she sold fifty percent of her ROMFH trademark and an exclusive worldwide license to use the ROMFH mark and agreed to provide continuing design services. FAC, ¶ 1, and at Ex. A. Although Plaintiff allegedly resided in California in 2008, her First Amended Complaint ("FAC") admits that she moved out of the jurisdiction in 2020 and was living in Nevada as of December 31, 2021, which was the date Old ERS sold its interest in the 2008 Agreement to ERS. In short, the LLC Defendants had no connection to Plaintiff

---

[1] As explained *infra*, § II, the FAC names eight Defendants but, other than the three LLC Defendants, counsel have only appeared for English Riding Supply, Inc. and ERS Equestrian, Inc. (collectively, "Old ERS"). Old ERS is represented by separate counsel and has also moved to dismiss for lack of personal jurisdiction and improper venue or, in the alternative, to transfer venue.

1

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF THE LLC DEFENDANTS' MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION, IMPROPER VENUE AND FAILURE TO STATE A CLAIM OR, ALTERNATIVELY, TO TRANSFER VENUE

until she moved to Nevada.  For this same reason, venue is improper in the Central District of California.

It appears that Plaintiff has chosen this forum to take advantage of California's strong policy against noncompetition provisions.  But other than residing in California before at the time of the 2008 Agreement acquired by ERS, Plaintiff's claims against the LLC Defendants have no connection to this venue.  And, to the extent the claims and allegations are linked to any specific location, that location is the Middle District of Pennsylvania where ERS is headquartered and the majority of the witnesses reside. There are no witnesses who reside in California—including Plaintiff— and her choice of forum is provided minimal deference because it is not her home nor the place in which the facts giving rise to her claims against the LLC Defendants occurred. Accordingly, in the alterative to dismissal, this matter should be transferred to the Middle District of Pennsylvania.

To the extent the Court reaches the merits, Plaintiff's claims against the LLC Defendants fail under Rule 12(b)(6).  Holdings should be dismissed because there are no claims against it.  NCK should be dismissed because the only claim asserted against it requires an independent wrongful act and tortious interference with prospective (not current) economic relationships that Plaintiff has not been pled.  And the claims against ERS are deficient for numerous reasons.

## I.    FACTUAL BACKGROUND

According to the FAC, Plaintiff is a designer of equestrian apparel who launched her eponymous "ROMFH" brand in 1997.  FAC, ¶ 17.  Plaintiff asserts various claims against the LLC Defendants arising out of alleged acts that occurred after the LLC Defendants acquired the assets of Old ERS on the last day of 2021.

**A. Background Relevant to Personal Jurisdiction and Venue[2]**

Of the eight named Defendants, only five have entered appearances: the three LLC Defendants and Old ERS (ERSI and ERS Equistrian, Inc.). The other three defendants are all named "English Riding Supply, LLC" but one is a Delaware Limited Liability Company with a lower file number (No. 3563640) than ERS and the other two are allegedly organized in Pennsylvania (Nos. 3092814 and 7425042) (collectively, the "Non-Appearing Defendants"). Although the FAC groups these entities with ERS (*see* FAC, ¶ 30), the Non-Appearing Defendants are not affiliated with ERS. *See* Kornman Decl., ¶ 10.

With regard to the LLC Defendants, the FAC alleges that NCK completed a majority recapitization of one or more of Defendants on or about December 31, 2021, and thereafter "gained control of the ROMFH brand's management." *Id.*, ¶ 31. This is incorrect. Rather, NCK was a sponsor of an Asset Purchase Agreement dated December 31, 2021 ("APA") through which ERS acquired assets from ERS Equistrian, Inc., including the ROMF brand and the 2008 Agreement. Kornman Decl., ¶¶ 5-6. NCK is currently a vendor to ERS pursuant to a management services agreement ("Management Services Agreement"), under which NCK provides consulting and advisory recommendations to ERS LCC, but has no authority to make decisions its behalf. *Id.,* ¶ 7. Holdings is the sole member and sole manager of ERS. *Id.,* ¶ 8. Plaintiff was removed from design and development of ROMFH products in approximately July 2023, and terminated from her employment effective August 31, 2023. FAC, ¶¶ 38-39.

---

[2] As explained *infra*, § II.A. and B., the Court properly considers evidence outside of the pleadings on a motion to dismiss for lack of personal jurisdiction or improper venue.

3

Plaintiff alleges that, at the time she entered into the 2008 Agreement, she resided in California. *Id.,* ¶ 4(a) and ¶ 5. The FAC acknowledges, however, that Plaintiff moved from California to Nevada in September 2020, where she resided until May 2024. *Id.,* ¶ 5, 35. Both ERS and Holdings were not organized until November 22, 2021, *i.e.,* after Plaintiff left California. Kornman Decl., ¶¶ 11-12. Plaintiff was employed by ERS from approximately December 31, 2021 to August 31, 2023. *Id.,* ¶ 19. The FAC further admits that Plaintiff is currently a citizen of Tennessee, where she has resided since June 2024. FAC, ¶ 5.

### B. Plaintiff's Claims Against the LLC Defendants.

The FAC asserts the following nine claims against ERS: claims arising under Cal. Bus. & Prof Code § 16600 and §16722 (Counts 1 to 3); fraud in the inducement under Cal. Civ. Code §1572 and 1573 (Count 4); breach of contract (Count 6); a claim breach of fiduciary duty (Count 7); unjust enrichment (Count 8); accounting and constructive trust (Count 9); and false designation of origin/false endorsement, in violation of 15 U.S.C. § 1125(a) (Count 11). No claims are asserted against Holdings, and only Count 10 is asserted against NCK.

## II.   LEGAL STANDARDS

### A. Motion to Dismiss for Lack of Personal Jurisdiction Under Rule 12(b)(2).

Where the Court lacks personal jurisdiction over a defendant, it should dismiss the complaint under Rule 12(b)(2). When resolving such a motion, a court may consider evidence outside the pleadings, such as facts provided in an affidavit or declaration. *See Lindora, LLC v. Isagenix Int'l, LLC,* 198 F. Supp. 3d 1127, 1135 (S.D. Cal. 2016). Once a motion is made, the plaintiff bears the burden of establishing jurisdiction. *Boschetto v. Hansing,* 539 F.3d 1011, 1015 (9th Cir. 2008). The plaintiff cannot simply rest on the bare allegations of her complaint, and the Court will not

assume the truth of allegations in a complaint that are contradicted by a defendant's declarations. *Mavrix Photo, Inc. v. Brand Techs., Inc.,* 647 F.3d 1218, 1223 (9th Cir. 2011).

## B. Dismissal or Transfer for Improper Venue Under Rule 12(b)(3).

Similarly, if the propriety of venue is challenged under Rule 12(b)(3), the plaintiff bears the burden of establishing venue. *InMode Ltd. v. BTL Indus., Inc.,* 756 F. Supp. 3d 809, 814 (C.D. Cal. 2024) (citing *Piedmont Label Co. v. Sun Garden Packing Co.,* 598 F.2d 491, 496 (9th Cir. 1979)).  When considering a motion to dismiss for improper venue, "a court may consider facts outside the pleadings, and it need not accept the allegations in the plaintiff's pleading as true." *Id.*

When venue is improper, a court can dismiss a case or, "if it be in the interest of justice, transfer such case to any district or division in which it could have been brought."  28 U.S.C. § 1406(a).  The decision to dismiss for improper venue, or alternatively to transfer venue to a proper court is within the sound discretion of the court. *See King v. Russell,* 963 F.2d 1301, 1304 (9th Cir. 1992).

## C. Motion to Dismiss Under Rule 12(b)(6).

To survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), Plaintiff must plead "enough factual matter" that, when taken as true, "state[s] a claim to relief that is plausible on its face" and "nudges [her] claims across the line from conceivable to plausible." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556, 570 (2007). In making this determination, the Court need "not accept as true legal conclusions or [t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Whitaker v. Tesla Motors, Inc.*, 985 F.3d 1173, 1176 (9th Cir. 2021).

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF THE LLC DEFENDANTS' MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION, IMPROPER VENUE AND FAILURE TO STATE A CLAIM OR, ALTERNATIVELY, TO TRANSFER VENUE

## III.   ARGUMENT

### A. The Court Lacks Personal Jurisdiction Over the LLC Defendants.

Non-resident defendants may be subject either to general jurisdiction or specific jurisdiction. *Bristol-Myers Squibb Co. v. Superior Court,* 582 U.S. 255, 262 (2017). Neither is present here. General jurisdiction is "all-purpose": it allows a court to hear any claim against a defendant. *Id.* (citing *Goodyear Dunlop Tires Operations, S.A. v. Brown,* 564 U.S. 915, 918 (2011)). It exists, however, only in a forum in which the defendant can fairly be considered "at home." *Id.* By contrast, specific jurisdiction must be case-linked: it exists only if the plaintiff's suit arises out of or relates to the defendant's contacts with the forum. *Id.* (citing cases including *Daimler AG v. Bauman*, 571 U.S. 117 (2014)). Further, the plaintiff's suit must arise out of or relate to contacts that the defendant itself created within the forum—not the plaintiff or a third party affiliated with the defendant. *Id.* at 264.

### 1.   The Court Lacks General Jurisdiction Over the LLC Defendants.

"The standard for general jurisdiction is an exacting standard, as it should be, because a finding of general jurisdiction permits a defendant to be haled into court in the forum state to answer for any of its activities anywhere in the world." *CollegeSource, Inc. v. AcademyOne, Inc.,* 653 F.3d 1066, 1074 (9th Cir. 2011). General jurisdiction is present where a defendant has manifested its "intention to submit to the laws of the forum State" through a "course of conduct." *J. McIntyre Machinery v. Nicastro*, 564 U.S. 873, 881 (2011). A defendant's contacts give rise to general jurisdiction only when the affiliation with the forum is "so continuous and systematic as to render [the defendant] essentially at home in the forum State." *Daimler*, 571 U.S. at 127 (citation omitted).

6

For corporate entities, the "paradigmatic locations where general jurisdiction is appropriate . . . are its place of incorporation and its principal place of business." *Ranza v. Nike, Inc.,* 793 F.3d 1059, 1069 (9th Cir. 2015); *see Allen v. Shutterfly, Inc.,* 2020 WL 5517170, at *3 (N.D. Cal. Sept. 14, 2020) (explaining that general jurisdiction "principles apply equally to limited liability companies."). "Only in an 'exceptional case' will general jurisdiction be available anywhere else." *Martinez v. Aero Caribbean,* 764 F.3d 1062, 1070 (9th Cir. 2014) (quoting *Daimler*, 571 U.S. at 139, n.19). Courts construing *Daimler* have noted that the "bar for such a finding is very high," and "in the overwhelming majority of cases there will be no occasion to explore whether" a corporation is at home in states other than its place of incorporation or principal place of business. *Amiri v. DynCorp Int'l, Inc.*, 2015 WL 166910, at *3 (N.D. Cal. Jan. 13, 2015).

General jurisdiction plainly does not exist here. Each of the three LLC Defendants is incorporated in Delaware, not California. *See* FAC, ¶¶ 9-10, 15; Kornman Decl., ¶¶ 11-13. ERS and Holdings are headquartered in Pennsylvania, and NCK has its principal place of business in Texas. Kornman Decl., ¶¶ 11-13. None of the LLC Defendants is registered to do business in California. *Id.* Therefore, California is not the "paradigm all-purpose forum." *Daimler*, 571 U.S. at 137.

Nor is this the "exceptional case" theorized by the Supreme Court in which a nonresident defendant corporate entity is "at home" in California even though it is neither headquartered nor incorporated here. NCK has not sponsored private equity transactions of any companies located in California, or provided operational support for any California companies. Kornman Decl., ¶ 14. ERS does not have any physical presence in California other than paying sales tax, and it has never employed any residents of California. *Id.*, ¶¶ 17-18. Its minimal business operations in California

7

do not rise anywhere near the level required to render ERS "at home" in California. *Id.,* ¶¶ 16-17.  Finally, Holdings is simply a holding company; as such, it does not have any employees or offices, let alone any located in California.  *Id.,* ¶ 8.  In short, general jurisdiction is lacking.

### 2. *The Court Lacks Specific Jurisdiction Over the LLC Defendants.*

The Ninth Circuit has established a three-part test for evaluating the nature and quality of defendants' contacts for purposes of specific jurisdiction: "(1) the defendant must either purposefully direct his activities toward the forum or purposefully avail[] himself of the privileges of conducting activities in the forum; (2) the claim must be one which arises out of or relates to the defendant's forum-related activities; and (3) the exercise of jurisdiction must comport with fair play and substantial justice, i.e. it must be reasonable." *Axiom Foods, Inc. v. Acerchem Int'l, Inc.*, 874 F.3d 1064, 1068 (9th Cir. 2017).  "The plaintiff bears the burden of satisfying the first two prongs of the test." *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 802 (9th Cir. 2004).  Here, Plaintiff cannot carry her burden to establish either of the first two prongs as to the LLC Defendants.

The first prong of the test— availment or direction—encompasses "two distinct concepts." *Id.*  Whereas "purposeful availment analysis is most often used in suits sounding in contract," "[a] purposeful direction analysis … is most often used in suits sounding in tort." *Id.*  Here, the FAC asserts both tort and contract claims against ERS, and a tort claim against NCK.  Regardless of which analysis applies, both are "defendant-focused" such that "the relationship between the nonresident defendant, the forum, and the litigation 'must arise out of contacts that the defendant *himself* creates with the forum State.'" *Axiom Foods, Inc.*, 874 F.3d at 1068 (quoting *Walden v. Fiore*, 571 U.S. 277, 284 (2014)).

In this case, Plaintiff has failed to establish purposeful availment or purposeful direction by the LLC Defendants towards California. Her sole allegation is that she resided in California seventeen years ago when she executed the 2008 Agreement. *See* FAC, ¶ 5. However, the LLC Defendants were not parties to the 2008 Agreement; rather, it was through the purchase of assets on the last day of 2021 that ERS acquired its interest in the ROMFH brand and employed Plaintiff as a designer. FAC, at Ex A; Kornman Decl., ¶ 6. At that time, Plaintiff no longer resided in California. FAC, ¶¶ 5, 35; Kornman Decl., ¶¶ 5-6. Moreover, throughout her employment with ERS, Plaintiff resided in Nevada. FAC, ¶ 35, 39; Kornman Decl., ¶ 21. To the extent that Plaintiff points to the acquisition of an agreement signed in California as the basis for jurisdiction, such a fact is merely an attenuated contact insufficient to confer jurisdiction. *See Picot v. Weston*, 780 F.3d 1206, 1212 (9th Cir. 2015) ("Merely random, fortuitous, or attenuated contacts are not sufficient [to establish purposeful availment]."). Indeed, if the acquisition of an asset created, but no longer located, in a state were sufficient to confer jurisdiction, nearly every corporate acquiror could be haled into court nationwide.

Nor can Plaintiff establish the second prong because her claims do not arise out of our relate to the LLC Defendants' California activities. Neither NCK nor Holdings conduct any business within California, let alone activities from which Plaintiff's claims arise. *See* Kornman Decl., ¶¶ 8, 12-14. Except for its Ovation Riding products line, which can be purchased directly by consumers online, ERS does not sell directly to the public. *Id.,* ¶ 16. Rather, it sells to independent businesses (Dealers) who purchase products from ERS and then sell such products to other retailers or end-consumers. *Id.* But Plaintiffs' claims have nothing to do with these limited forum activities. She does not allege any claims related to purchasing products online as a

9

California resident or sales to Dealers in California. Rather, her claims relate to the ROMFH mark and employment as a designer.

Finally, this Court's exercise of specific personal jurisdiction would not comport with fair play and substantial justice. *See generally*, *CE Distrib., LLC v. New Sensor Corp.*, 380 F.3d 1107, 1112 (9th Cir. 2004) (listing seven factors to consider under third prong). These factors weigh heavily in favor of the LLC Defendants including, for example, the burden on the LLC Defendants of defending in a state where they are not present. *See* Kornman Decl., ¶ 24. Likewise, California has little interest in resolving this dispute, given that the 2008 Agreement explicitly selected Pennsylvania law to govern. *See* FAC, at Ex. A, ¶ 17. The seventh factor, existence of an alternative forum, also favors the LLC Defendants for the reasons explained more fully below in Section IV(C) (motion to transfer venue).

**B. The Court Should Dismiss the LLC Defendants for Improper Venue or Transfer to the Middle District of Pennsylvania.**

Even if this Court were to find jurisdiction over the LLC Defendants exists (or declines to reach the issue), it should dismiss for improper venue. According to the FAC, venue is proper under 28 U.S.C. § 1391(b)(2) on the basis that "a substantial part of the events or omissions giving rise to the claim occurred in this district." FAC, ¶ 4. This is patently incorrect as to Plaintiffs' claims against the LLC Defendants.

As explained above, California has no connection to Plaintiff's claims against the LLC Defendants. ERS had no interest in the ROMF brand or the 2008 Agreement until it acquired assets from ERS Equistrian, Inc. in 2021. Kornman Decl., ¶¶ 5-6. Indeed, neither ERS nor Holdings even existed until November 22, 2021, and NCK did not exist until several years after Plaintiff entered into the 2008 Agreement. *Id.*, ¶¶ 11-13. NCK's only connection was as sponsor of the APA and providing management

10

services to ERS.  *Id.*, ¶¶ 5, 7.  But by this time (end of 2021), Plaintiff lived in Nevada and later Tennessee.  FAC, ¶¶ 5, 35.

In short, the only connection between Plaintiff's claims against the LLC Defendants and the Central District of California is that Plaintiff resided here when she signed the 2008 Agreement.  This case should be dismissed for improper venue, or in the alternative, transferred as discussed *infra*.  *See* 28 U.S.C. § 1406(a).

## C. In the Alternative, the Court Should Transfer This Case to the Middle District of Pennsylvania.

Should this Court conclude both jurisdiction and venue are proper in California,, it should exercise its discretion under 28 U.S.C. § 1404(a) to transfer a case to another district "for the convenience of parties and witnesses" and "in the interest of justice."

Section 1404(a) requires two inquiries: First, the court must determine "whether the case could have been brought in the proposed transferee district." *Nat'l Fire Ins. Co. of Hartford v. UPS Freight, Inc.,* 2017 WL 1927683, at *1 (N.D. Cal. May 10, 2017).  Second, the court must determine whether transfer is warranted "for the convenience of parties and witnesses and in the interests of justice."  *Id.* (alterations omitted).  In evaluating the second part of the inquiry, relevant factors to consider "(1) plaintiff's choice of forum, (2) convenience of the parties, (3) convenience of the witnesses, (4) ease of access to the evidence, (5) familiarity of each forum with the applicable law, (6) feasibility of consolidation with other claims, (7) any local interest in the controversy, and (8) the relative court congestion and time of trial in each forum." *Walters v. Famous Transports, Inc.*, 488 F. Supp. 3d 930, 936 (N.D. Cal. 2020); *Vu v. Ortho-McNeil Pharm., Inc.*, 602 F. Supp. 2d 1151, 1156 (N.D. Cal. 2009).  No single factor is dispositive, and the court is permitted to evaluate

11

convenience and fairness on a case-by-case basis. *Nat'l Fire Ins. Co. of Hartford*, 2017 WL 1927683, at *2. Both elements are satisfied here.

### 1. This Action Could Have Been Brought in the Middle District of Pennsylvania.

Before transferring under Section 1404(a), a Court must find "that subject matter jurisdiction, personal jurisdiction, and venue would have been proper if the plaintiff had filed the action in the district to which transfer is sought." *Metz v. U.S. Life Ins. Co. in City of New York*, 674 F. Supp. 2d 1141, 1145 (C.D. Cal. 2009); *see also Hoffman v. Blaski,* 363 U.S. 335, 343-344 (1960).

The Middle District of Pennsylvania has subject matter jurisdiction because transfer would not destroy diversity or federal question jurisdiction arising under 15 U.S.C. § 1125(a). *See* FAC, ¶ 3. The proposed transferee court also has personal jurisdiction over ERS and Holdings because both are headquartered there, and Plaintiff's claims arise out of her and NCK's contacts with the forum. Likewise, both Plaintiff and NCK purposefully availed or directed their activities towards the forum. *See generally*, Kornman Decl., ¶¶ 7, 18-19. In the 2008 Agreement, Plaintiff sold a portion of her interest in the ROMFH mark and agreed to provide ongoing design servicers to ERSI, which had its principal place of business in Pennsylvania. FAC, ¶ 18, and at Ex. A. Finally, venue is proper in the Middle District of Pennsylvania under 28 U.S.C. § 1391(b)(2) because "a substantial part of the events or omissions giving rise to" Plaintiff's claims against the LLC Defendants occurred in the proposed transferee district.

### 2. The Section 1404(a) Factors Overwhelmingly Favor Transfer.

Although the first factor courts consider under Section 1404(a) is the plaintiff's choice of forum, it "is entitled to less deference if the Defendant establishes one or more

12

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF THE LLC DEFENDANTS' MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION, IMPROPER VENUE AND FAILURE TO STATE A CLAIM OR, ALTERNATIVELY, TO TRANSFER VENUE

of the following factors:  '(1) the operative facts have not occurred within the forum; (2) the forum has no particular interest in the parties or subject matter; (3) the forum is not the primary residence of either the plaintiff or defendant; or (4) the subject matter of the litigation is not substantially connected to the forum.'"  *Bowser v. Found. Bldg. Materials, LLC,* 2024 WL 4255057, at *3 (C.D. Cal. Sept. 20, 2024); *see also Pfeiffer v. Himax Techs., Inc.,* 530 F. Supp. 2d 1121, 1124 (C.D. Cal. 2008) (finding that the plaintiff's choice of forum is entitled to "only minimal consideration" "when plaintiffs do not reside in the district, the operative facts have not occurred within the forum, [and] the forum has no particular interest in the action.").  Given that Plaintiff does not reside here, her claims against the LLC Defendants have no connection to this forum, and her conduct indicates forum-shopping, this factor weighs in favor of transfer.  *See also Madani v. Shell Oil Co.,* 2008 WL 268986, at *3 (N.D. Cal. Jan. 30, 2008) (explaining that "[d]iscouraging forum-shopping provides a strong reason to transfer ….").

The remaining factors also favor transfer to the Middle District of Pennsylvania. Under the second and third factors, there are no parties or witnesses in California. Because most of the parties and witnesses reside in the Middle District of Pennsylvania, that district is the most convenient.  *See* Kornman Decl., ¶¶ 19-22.  The fourth factor, ease of access to the evidence, also weighs in favor of transfer for the same reason.  *Id.,* ¶ 23.  Because the 2008 Agreement provides for the application of Pennsylvania law (*see* FAC, at Ex. A, ¶ 17) and ERS is headquartered in Pennsylvania, the fifth and seventh factors also favor the proposed transferee district.  The sixth factor (feasibility of consolidation with other claims) is neutral, and the eighth factor (relative court congestion and time to trial in each forum) plainly favors the Middle District of

13

Pennsylvania.[3]

## D. Plaintiff Fails to State a Claim Against The LLC Defendants.

Should this Court retain jurisdiction, the LLC Defendants should be dismissed.

### 1. Holdings Is Not a Proper Party.

Holdings should be dismissed from this action because it is mentioned only in the case caption and, other than the "Parties" section, nowhere else in the entire FAC. Plaintiff does not allege that Holdings engaged in any wrongful conduct and none of the claims are directed against Holdings.   FAC, ¶ 30 (definition of "ERS LLC Defendants" does not include Holdings).

### 2. The Sole Claim Against NCK, for Tortious Interference with Prospective Economic Advantage (Count 10), Fails to State a Claim.

A claim for tortious interference with prospective economic advantage requires:  "(1) the existence of a contractual or prospective contractual or economic relationship between the plaintiff and a third party; (2) purposeful action by the defendant, specifically intended to harm an existing relationship or intended to prevent a prospective relation from occurring; (3) the absence of privilege or justification on the part of the defendant; (4) legal damage to the plaintiff as a result of the defendant's conduct; and (5) for prospective contracts, a reasonable likelihood that the relationship would have occurred but for the defendant's interference." *Acumed LLC v. Advanced Surgical Servs., Inc.*, 561 F.3d 199, 212 (3d Cir. 2009).[4]

---

[3]*See* U.S. DISTRICT COURTS – FEDERAL COURT MANAGEMENT STATISTICS – COMPARISON WITHIN CIRCUIT - 12-MONTH PERIOD ENDING MARCH 31, 2025. (last visited July 1, 2025), *available at* https://www.uscourts.gov/sites/default/files/document/fcms_na_distcomparison0331.2025.pdf.

[4] California law could not possibly apply to this claim because the conduct allegedly occurred between July 2023 through the fall of 2024 in Pennsylvania, at a time when

14

Moreover, , "a plaintiff must base its claim that there was a prospective contractual relationship on something other than an existing or current relationship." *Id.* at 213. A plaintiff must also plead that the defendant committed an independent wrongful act, *i.e.*, that "the defendant's interference was wrongful 'by some legal measure other than the fact of interference itself.'" *Acclaim Sys., Inc. v. Infosys, Ltd.*, 2015 WL 4257463, at *4 (E.D. Pa. July 14, 2015) (citing *Acumed LLC*, 561 F.3d at 212).

Plaintiff's claim for tortious interference with prospective economic advantage is deficient for multiple reasons.  First, Plaintiff has not plausibly pled the first element, "the existence of a contractual or prospective contractual or economic relationship between the plaintiff and a third party."  Plaintiff does not even identify the third party from which Plaintiff allegedly expected to obtain an economic advantage, nor does she identify or describe the "prospective design contracts" she claims to have lost.  *See* FAC, ¶¶ 113-120.

Second, Plaintiff has not alleged facts to support her conclusory assertion that NCK's conduct was not privileged or justified, and Plaintiff has not pled and cannot prove that NCK committed an independent wrongful act beyond the alleged interference itself.  Plaintiff alleges that "Defendants" "hired a new designer in place of Plaintiff and instructed retailers to purchase discounted ROMFH product."  FAC, ¶¶ 116.  But she does not allege that she had any reasonable expectancy that she would be the exclusive designer of such goods.  And the 2008 Agreement expressly contemplates that she would ***not*** be the exclusive designer, because it states only that

---

none of the parties resided in California, and the claim relates to contractual rights governed by Pennsylvania law. *See* FAC, ¶ 5-15.  But even if its law did apply, California imposes the same requirements and also requires that a plaintiff identify the third party allegedly interfered with, which Plaintiff has not done. *See Amaretto Ranch Breedables, LLC v. Ozimals, LLC*, 790 F. Supp. 2d 1024, 1031 (N.D. Cal. 2011).

15

she would develop product lines "for *consideration* by ERS" and provides that her entitlement to royalties was limited to "goods designed and developed *exclusively* by Laura Romfh," and not any other products sold under the mark.  Nor does Plaintiff plead facts to suggest that she had any reasonable expectation that retailers would not "purchase discounted ROMFH product."

Finally, Plaintiff does not (as is required) base her "claim that there was a prospective contractual relationship on something other than an existing or current relationship." *Acumed*, 561 F.3d at 212.  While Plaintiff's allegations are not a model of clarity, it appears that she is alleging interference with an existing or current relationship, which cannot support a claim for tortious interference with a prospective economic advantage.  *See, e.g.*, FAC, ¶ 114 ("Before July 2023, *Plaintiff had an existing economic expectancy* in *continuing* to design and develop ROMFH product lines….") (emphasis added).

### 3. *Plaintiff Fails to State a Fraud Claim Against ERS (Count 4).*

Plaintiff's claim for fraud in the inducement against ERS under California law fails because: (1) ERS did not even exist at the time of the alleged fraud; and (2) she has not alleged sufficient facts with particularity to support that claim.

Under California Civ. Code. § 1572, to state a claim for actual fraud a Plaintiff must allege: "[1] misrepresentation (false representation, concealment, or nondisclosure); [2] knowledge of falsity ('scienter'); [3] intent to defraud, *i.e.*, to induce reliance; [4] justifiable reliance; and [5] resulting damage." *Deville v. Specialized Loan Servicing, LLC*, 2020 WL 13267725, at *4 (C.D. Cal. Sept. 9, 2020).[5]  Fraud claims must meet the heightened pleading standard under Rule 9(b)

---

[5] While LLC Defendants address the California standard because Plaintiff expressly asserts her claims under California law, it bears noting that there is no justification for applying California law to any claims against ERS because it is not a California entity,

16

requiring a plaintiff to "identify the who, what, when, where, and how of the misconduct charged," as well as 'what is false or misleading about [the purportedly fraudulent conduct], and why it is false.' *Id.* .

Plaintiff's fraud in the inducement claim relates to the circumstances surrounding her decision to sign the 2008 Agreement, namely the representations allegedly made to her before she signed. In 2008, ERS did not yet exist; it was not created until late 2021. *See* Farrell Decl., ¶ 3. Plaintiff therefore has not "plausibly" alleged that ERS—an entity that did not exist in 2008—made misrepresentations to her that resulted in her signing an agreement in 2008. For this reason alone, Plaintiff's fraud claims should be dismissed as to ERS.

Plaintiff also has not pled facts at all—let alone with the particularity required under Rule 9(b)—to suggest that ERS made any representations to her whatsoever, that it had an intent to defraud, or that she reasonably relied. As an initial matter, Plaintiff engages in improper "group pleading" that cannot sustain her claim. "Rule 9(b) does not allow a complaint to merely lump multiple defendants together but require[s] plaintiffs to differentiate their allegations when suing more than one defendant ... and inform each defendant separately of the allegations surrounding his alleged participation in the fraud." *Swartz v. KPMG LLP*, 476 F.3d 756, 764–65 (9th Cir. 2007).

The only "misrepresentation" that Plaintiff attributes to any particular party, she alleges was made by representatives of ERSI (not representatives of ERS) Cyrus Boatwalla and Michael Diamond. FAC, ¶ 68. Plaintiff has made no allegations that ERS or any of its agents ever made any representations to her whatsoever at any point in time, but certainly not before July 2008, and Plaintiff advances no theory about how

is not alleged to have engaged in any conduct in or directed to California, and Plaintiff was not residing in California at any point in time during ERS's existence.

ERS can be made to answer for such representations by acquiring an asset. Because Plaintiff has not met her pleading burden to state a claim for fraud against ERS, that claim fails.

### 4. Plaintiff's Breach of Fiduciary Duty Claim Against ERS (Count 7) Fails as a Matter of Law.

Courts do not allow breach of fiduciary duty claims which flow solely from contractual relationships. *Brown & Brown, Inc. v. Cola*, 745 F. Supp. 2d 588, 620 (E.D. Pa. 2010). Courts will dismiss claims for breach of fiduciary duty under the "gist of the action" doctrine if the fiduciary duty alleged is—as here—grounded in contractual obligations. *Id.*.

Instead of arising from the existence of a contract between the parties, fiduciary duties arise out of the nature of the relationships between the parties. *Yenchi v. Ameriprise Fin., Inc.*, 161 A.3d 811, 820 (Pa. 2017) (listing principal and agent, trustee and cestui que trust, attorney and client, guardian and ward, and partners as examples). Plaintiff's bare assertion that "Co-owners of an intellectual property asset owe one another fiduciary duties of loyalty and fair dealing" is unsupported and at odds with what courts actually hold. *See, e.g., Willis v. Scorpio Music S.A.*, 2016 WL 3460282, at *1 (S.D. Cal. June 24, 2016) ("co-owners of copyrights do not owe each other a fiduciary duty."); *Brian Jonestown Massacre v. Davies*, 2014 WL 4076549, at *5 (N.D. Cal. Aug. 18, 2004) (dismissing breach of fiduciary duty claim between co-authors of a copyright because while they have a duty to account for profits earned from licensing or use of the copyright, the duty to account for profits does not give rise to a fiduciary duty). It is also inconsistent with the principle that fiduciary duties arise out of the nature of the parties' relationship and not—in this instance—the contract for the sale of a business interest between two parties. Because Plaintiff has

18

not pled facts that plausibly suggest that ERS owed her a fiduciary duty, this claim should be dismissed.

### 5. *Plaintiff's Non-Compete Claims (Count 1-3) Fail Because California Law Does Not Apply.*

In Counts 1-3, Plaintiff requests a declaration that the non-compete clauses within the 2008 Agreement are invalid under Cal. Bus. & Prof. Code §§ 16600 *et seq.* and 16722.  However, there is no reason why the cited California Statues should apply to the 2008 Agreement which, by its own terms, is governed by Pennsylvania law. Paragraph 17 provides: "The parties hereto expressly agree, for all purposes, that the terms and interpretation of this Agreement shall be governed by and construed in accordance with the laws of the State of Pennsylvania without regard to its Rule of conflicts of law."  FAC, at Ex. A, ¶ 17.

The Restatement (Second) of Conflict of Laws § 187 states that the law of the state chosen by the parties governs their contractual rights and duties that are explicitly provided therein.  Courts have refused to apply Section 16600 to non-competes where California lacks a prevailing interest.  *See, e.g.*, *Carl Zeiss Meditec, Inc. v. Shields*, 2007 WL 3244292, at *5 (Mass. Super. Oct. 15, 2007) (refusing to void non-compete under §16600 when an employee tried to move to California employer prohibited by the non-compete) (citing *Application Group, Inc. v. Hunter Group, Inc.*, 61 Cal. App. 4th 881, 890 (1998)).  California courts have even stated, "[e]mployment relationships beyond the borders of California are not brought under California law so as to apply California employment restrictions of …section 16600 simply because a party has California connections." *Application Group,* 61 Cal. App. 4th at 881 (only applying § 16600 to Maryland non-compete because named defendant was a California company attempting to hire employee).  Here, Plaintiff has no

19

connection to California such that its statute should apply. She is not a California resident, none of the parties to the 2008 Agreement are California entities, and she is not seeking employment with a California entity. FAC, ¶¶ 5-11; *see generally, id.* Pennsylvania law therefore applies to the 2008 Agreement.

Pennsylvania recognizes and enforces restrictive covenants, like the one in the 2008 Agreement, that are:

> (1) ancillary to an employment relationship between an employee and an employer; (2) supported by adequate consideration; (3) the restrictions are reasonably limited in duration and geographic extent; and (4) the restrictions are designed to protect the legitimate interests of the employer.

*Pittsburgh Logistics Sys., Inc. v. Beemac Trucking, LLC*, 249 A.3d 918, 932 (Pa. 2021). The FAC lacks any allegations to suggest that any of these elements is not met or that the non-competition clause is unenforceable under applicable Pennsylvania law. *Id.*

### 6. *Plaintiff Fails to State a Claim Against ERS for Breach of Contract (Count 6).*

Plaintiff's breach of contract claim fails at the outset as she does not meet the pleading requirements under Federal Rule 8(a), which prohibits group pleading that "consists of blanked allegations against entire groups of individual defendants, but do not describe how each individual actor within the group contributed to the alleged harm." *Muhammad v. Weis*, 2009 WL 637112, at *2 (E.D. Pa. Mar. 11, 2009); *see also Simonds v. Boyer*, 2022 WL 11964613, at *7 (W.D. Pa. Oct. 20, 2022) (dismissing a claim under Rule 8(a) because the Plaintiff did not explain how each individual contributed to a constitutional violation). Here, Plaintiff pleads her breach of contract claim ERSI, ERS Equistrian, Inc., ERS, and the Non-Appearing Defendants. *See* FAC, ¶¶ 85-92 (Count 4). Each averment generally refers to these

20

Defendants collectively. *See id.* ¶¶ 86-89. Plaintiff does not establish how each of these six Defendants took acts in alleged violation of the contract and is the exact type of "group pleading" Rule 8(a) prohibits.

Plaintiff further fails to establish the elements of a *prima facie* claim for breach of contract as she does not identify a duty imposed by the contract that ERS breached.[6] The 2008 Agreement does not impose a duty to pay Plaintiff royalties for "every product sold under the ROMFH mark." FAC, ¶ 86. Rather, under the express and unambiguous language of the 2008 Agreement, ERS only owes Plaintiff royalties "upon sale of goods **designed and developed exclusively by Laura Romfh**." *Id.* at Ex. A, ¶ 10 (emphasis added). Plaintiff therefore alleges that ERS breached a duty that is not actually imposed by the contract itself, *i.e.*, that ERS owed her a royalty payment on good she did not design. Accordingly, Plaintiff's breach of contract claim should be dismissed.

### 7. *Plaintiff Fails to State Quasi-Contractual Claims (Counts 8-9).*

In the FAC, Plaintiff raises two quasi-contractual claims: Unjust Enrichment (Count 8) and Accounting and Constructive Trust (Count 9). FAC, ¶¶ 100-112. Plaintiff fails to state a claim for either quasi-contractual claim.

*First*, Plaintiff has, again, engaged in improper group pleading. Count 8 is pleaded against multiple Defendants and Plaintiff does not aver which Defendant owed a quasi-contractual duty to her, which Defendant owes money to her, or which Defendant owes the accounting.

*Second*, claims for unjust enrichment do not lie where the parties are in privity of contract. "A claim for unjust enrichment arises from a quasi-contract…[which]

---

[6] To properly plead a *prima facie* case of breach of contract, Plaintiff must allege: "(1) the existence of a contract, including its essential terms; (2) a breach of a duty imposed by the contract; and (3) resultant damages." *Banks v. Allstate Fire & Cas. Ins. Co.*, 454 F. Supp. 3d 428, 437 (M.D. Pa. 2020).

21

imposes a duty, not as a result of any agreement, whether express or implied, but ***in spite of the absence of an agreement***[.]" *Vacula v. Chapman*, 230 A.3d 431, 437 (Pa. Super. 2020) (emphasis in original).  An unjust enrichment claim cannot be asserted where it is undisputed that a contract exists between the parties.  *Wilson Area Sch. Dist. v. Skepton*, 895 A.2d 1250, 1254 (Pa. 2006).  Here, the Plaintiff pleads that a contract exists between the parties and attaches that contract to the complaint.  FAC, ¶¶ 1, 21 and Ex. A.  Further, Plaintiff's claims that the 2008 Agreement is void or voidable fails as a matter of law for the reasons set forth in §§ IV.4.-.5, *supra*.  Because the parties are in a contractual, not quasi-contractual, relationship, Count 8 fails.

*Third*, Plaintiff has not demonstrated that she is entitled to an accounting. Under Pennsylvania law, an equitable accounting is only proper "where a fiduciary relationship exists between the parties, where fraud or misrepresentation is alleged, or where the accounts are mutual or complicated, and the party seeking the accounting does not possess an adequate remedy at law." *A.M. Skier Agency, Inc. v. Gold*, 747 A.2d 936, 942 (Pa. Super. 2000).  As discussed in §§ IV.3 -.4, *supra*, no fiduciary relationship exists between the parties and Plaintiff's claim for fraud fails as a matter of law.  .  Moreover, the FAC does not aver that the accounts are mutual or so complicated that any moneys potentially owed could not be ascertained through regular discovery practice.  Additionally, a constructive trust is an equitable remedy not a standalone cause of action.  *See Gee v. Eberle*, 420 A.2d 1050, 1056 (Pa. Super. 1980).

### 8. *Plaintiff Fails to State a Claim for False Designation (Count 11) Because the Mark Was Registered.*

A violation of 15 U.S.C. § 1125(a) "occurs where a producer misrepresents his own goods or services as someone else's or, conversely, when he represents someone

else's goods and services as his own. *Optimum Technologies, Inc. v. Henkel Consumer Adhesives, Inc*, 496 F.3d 1231, 1248 (11th Cir. 2007). And a false "origin" refers to a false or misleading suggestion as to the producer of the tangible good. *Dastar Corp. v. Twentieth Century Fox Film Corp.*, 539 U.S. 23, 37 (2003). However, the statute only protects unregistered marks and does not apply to marks that are, as here, registered. 15 U.S.C. § 1125(a); *see also Dastar*, 539 U.S. at 30 (noting that false designation of origin claims created a federal cause of action for unregistered marks); *Parks LLC v. Tyson Foods, Inc.*, 863 F.3d 220, 226 (3d Cir. 2017) ("To establish a false association claim, the owner of an ***unregistered mark***…") (emphasis added). Thus, false designation of origin claims only apply in circumstances where an unregistered mark is performing the functional equivalent of a registered mark, which is not alleged.

## IV.   CONCLUSION

The LLC Defendants respectfully request the Court dismiss the claims asserted against them pursuant to Fed. R. Civ. P. 12(b)(6), 12(b)(2), or 12(b)(3). Alternatively, the LLC Defendants request the Court transfer this case to the Middle District of Pennsylvania pursuant to 28 U.S.C. §§ 1404(a) or 1406(a).

Dated: July 3, 2025

Respectfully submitted,

**NELSON MULLINS RILEY & SCARBOROUGH LLP**

By:   */s/ Megan E. Farrell*
Megan E. Farrell

*Attorneys for Defendants English Riding Supply, LLC, a Delaware Limited Liability Company (6413166), English Riding Supply Holdings, LLC, and NCK Capital, LLC*

23

**CERTIFICATE OF COMPLIANCE PURSUANT TO L.R. 11-6.1**

The undersigned, counsel of record for Defendants English Riding Supply, LLC, English Riding Supply Holdings, LLC, and NCK Capital, LLC, certifies that this brief contains 6,997 words which complies with the word limit of L.R. 11-6.1.

Dated:  July 3, 2025                              */s/ Megan E. Farrell*
                                                  Megan E. Farrell

**CERTIFICATE OF SERVICE**

I hereby certify that on July 3, 2025, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system and I served a copy of the foregoing pleading on all counsel for all parties, via the CM/ECF system and/or mailing same by United States Mail, properly addressed, and first class postage prepaid, to all counsel of record in this matter.

                                                  */s/ Megan E. Farrell*
                                                  Megan E. Farrell

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF THE LLC DEFENDANTS' MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION, IMPROPER VENUE AND FAILURE TO STATE A CLAIM OR, ALTERNATIVELY, TO TRANSFER VENUE