Katie M. Charleston (SBN 252422)
Katie Charleston Law, PC
1905 S. New Market St., Ste. 169
Carmel, IN 46032
PH: 317-663-9190
Fax: 317-279-6258
Email: katie@katiecharlestonlaw.com

Attorney for Plaintiff, Laura F. Corsi, (a/k/a Laura F. Romfh)

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

## WESTERN DIVISION

| | |
|---|---|
| Laura F. Corsi, (a/k/a Laura F. Romfh),<br><br>　　　Plaintiff,<br><br>vs.<br><br>English Riding Supply, Inc., et al.<br><br>　　　Defendants. | Case No.: 2:25-cv-02238-DMG-KES<br><br>**OPPOSITION TO DEFENDANT ENGLISH RIDING SUPPLY, INC.'S AND ERS EQUISTRIAN, INC.'S MOTION TO DISMISS FIRST AMENDED COMPLAINT**<br><br>*(Filed concurrently with Declaration of Katie Charleston; Declaration of Laura F. Corsi; proposed order)*<br><br>**JURY TRIAL DEMANDED**<br><br>**Complaint Filed:** **March 13, 2025**<br>**FAC Filed:**　　**June 12, 2025**<br><br>**Hearing Date:**　**August 8, 2025**<br>**Hearing Time:**　**9:30 a.m.**<br>**Courtroom:**　　**8C** |

**PLAINTIFF'S OPPOSITION TO DEFENDANTS ENGLISH RIDING SUPPLY, INC.'S AND ERS EQUISTRIAN, INC.'S MOTION TO DISMISS FIRST AMENDED COMPLAINT**

1

TABLE OF CONTENTS

I.   INTRODUCTION..............................................................................................4

II.  PROCEDURAL HISTORY.................................................................................4

III. FACTS...........................................................................................................4

IV.  LEGAL STANDARD .......................................................................................7

V.   ARGUMENT..................................................................................................9

   A.  DEFENDANTS HAVE ENGAGED IN CONDUCT SUCH THAT SPECIFIC
       JURISDICTION IS ESTABLISHED. ...............................................................10

    i.   Old ERS Purposefully Directed Activity Toward the Forum & Availed
        itself of the privileges of Conducting Activities in the Forum...................10

    ii.  The Claims Alleged Related to Forum Activities. ...................................11

    iii. Personal Jurisdiction Comports with Fair Play & Substantial Justice....12

   B.  VENUE IS PROPER PURSUANT TO 28 U.S.C. § 1391 .........................................13

VI.  CONCLUSION .............................................................................................13

**PLAINTIFF'S OPPOSITION TO DEFENDANTS ENGLISH RIDING SUPPLY, INC.'S AND ERS EQUISTRIAN, INC.'S MOTION TO DISMISS FIRST AMENDED COMPLAINT**

TABLE OF AUTHORITIES

*Page(s)*

*Cases*

*Axiom Foods, Inc. v. Acerchem Int'l, Inc.*,
   874 F.3d 1064 (9th Cir. 2017)........................................................................8
*Ayla, LLC v. Alya Skin Pty. Ltd.*,
   (9th Cir. 2021) 11 F.4th 972 .........................................................................7
*Boschetto v. Hansing*,
   539 F.3d 1011 (9th Cir. 2008)........................................................................9
*Daimler AG v. Bauman*,
   571 U.S. 117, 134 S.Ct. 746, 187 L.Ed.2d 624 (2014).................................8
*Data Disc, Inc. v. Sys. Tech. Assocs., Inc.*,
   557 F.2d 1280 (9th Cir. 1977)........................................................................7
*Ford Motor Co. v. Montana Eighth Jud. Dist. Ct.*,
   592 U.S. 351.................................................................................................7, 8
*Goodyear Dunlop Tires Operations, S.A. v. Brown*,
   564 U.S. 915 (2011) .......................................................................................8
*Impossible Foods Inc. v. Impossible X LLC*,
   (9th Cir. 2023) 80 F.4th 1079 .....................................................................8, 9
*Int'l Shoe Co. v. Washington*,
   326 U.S. 310 (1945) .......................................................................................8
*LNS Enters. LLC v. Cont'l Motors, Inc.*,
   22 F.4th 852 (9th Cir. 2022) ..........................................................................8
*Schwarzenegger v. Fred Martin Motor Co.*,
   374 F.3d 797 (9th Cir. 2004)..........................................................................7
*Sher v. Johnson*,
   911 F.2d 1357 (9th Cir. 1990)........................................................................7
*Walden v. Fiore*,
   571 U.S. 277, (2014) ......................................................................................8
*Yahoo! Inc. v. La Ligue Contre Le Racisme Et L'Antisemitisme*,
   433 F.3d 1199 (9th Cir. 2006)........................................................................8

*Statutes*

Cal. Civ. Proc. Code § 410.10 ..........................................................................8

**PLAINTIFF'S OPPOSITION TO DEFENDANTS ENGLISH RIDING SUPPLY, INC.'S AND ERS EQUISTRIAN, INC.'S MOTION TO DISMISS FIRST AMENDED COMPLAINT**

## I.  INTRODUCTION

Defendants English Riding Supply, Inc. and ERS Equestrian, Inc.'s ("Old ERS") instant motion is an attempt to evade liability where venue and jurisdiction clearly exist. These Defendants sought out Laura Corsi ("Plaintiff") and her ROMFH brand, both California residents, to acquire the brand and associated intellectual property, and then carried on promoting and selling the brand throughout the country, and specifically in California, since 2008.  Not only are they subject to California jurisdiction by their own acts, but venue here is proper where a majority of the conduct related to this matter took place.  Thus, Defendants' motion to dismiss should be wholly denied, and this matter should proceed where filed.

## II. PROCEDURAL HISTORY

The Plaintiff initiated this action by filing her original Complaint on March 13, 2025.  Plaintiff filed her First Amended Complaint on June 12, 2025.  The Old ERS defense counsel filed the instant Motion to Dismiss for lack of personal jurisdiction and improper venue on July 2, 2025.  A hearing on that Motion to Dismiss is set for August 8, 2025.   Defendants English Riding Supply, LLC (6413166), English Riding Supply Holdings (64131080), and NCK Capital, LLC filed a Motion to Dismiss for lack of personal jurisdiction, improper venue, and failure to state a claim on July 3, 2025.  A hearing on that motion is set for August 22, 2025.

## III.   FACTS

Plaintiff alleged in her Fist Amended Complaint that this Court has subject-matter jurisdiction under 28 U.S.C. § 1332(a)(1) on the basis of diversity (amount in controversy exceeding $75,000, between citizens of different states) and under 28 U.S.C. § 1331 by virtue of a federal question arising under the Lanham Act (15 U.S.C. § 1125(a)). Venue is proper under 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to this action occurred in this District—including Plaintiff's

**PLAINTIFF'S OPPOSITION TO DEFENDANTS ENGLISH RIDING SUPPLY, INC.'S AND ERS EQUESTRIAN, INC.'S MOTION TO DISMISS FIRST AMENDED COMPLAINT**

4

negotiation, performance, and enforcement of the contract at issue while she resided in California. (FAC at ¶ 3-4).

Cyrus Boatwalla, initial owner of English Riding Supply, dating back to at least 2006, also owned Global Specialties Direct, Inc. and American Specialties, Inc., two California companies Old ERS later used, along with AspenHR to pay Plaintiff for her services to ERS. (Decl. of Laura Corsi, dated July 18, 2025 at ¶¶ 6, 12).

Plaintiff negotiated and executed an agreement with Old ERS in 2008 ("2008 Agreement") as a California Resident. She was a California resident during the majority of her performance under the 2008 Agreement, including from 2008 through August 2020. (FAC at ¶ 5; Corsi Decl. at ¶ 4). Her brand, ROMFH, originated with her[1] while she was a California resident and was a California asset when she executed the 2008 Agreement. (Corsi Decl. at ¶ 5). The ROMFH brand continued to be promoted and sold throughout California after the 2008 agreement and is still today. (*Id*. at ¶ 7). While Old ERS initially took advantage of the California retail relationships that Plaintiff had developed, like Mary's Tack and Feed in Del Mar, CA, Old ERS developed sales in California and even has a dedicated sales rep for the state. *Id*. In fact, the ROMFH brand is still sold at least the following stores in California, as indicated on their public website, https://www.romfh.com/:

1. Tack Warehouse, 917 Main Street, Woodland, California
2. Douglas Feed and Pet Supply, 5460 Douglas Boulevard, Granite Bay, California
3. Riding Warehouse, 181 Suburban Road, Suite 150, San Luis Obispo, California
4. Dressage Extensions, 11943 Discovery Ct., Moorpark, California
5. Damoors Feed and Track, 1532b Riverside Dr., Glendale, California
6. Valencia Sport Saddlery, 11355 Foothill Boulevard, Unit C, Lake View Terrace, California

---

[1] ROMFH was Ms. Corsi's last name.

**PLAINTIFF'S OPPOSITION TO DEFENDANTS ENGLISH RIDING SUPPLY, INC.'S AND ERS EQUISTRIAN, INC.'S MOTION TO DISMISS FIRST AMENDED COMPLAINT**

5

7. Gee Gee Equine, 25660 Crenshaw Boulevard, Torrance, California

8. Calabasas Saddlery, 23998 Craftsman Road, Calabasas, California

9. Lauren's Tack Trunk, 24692 Sutton Lane, Laguna Niguel, California

10. Mary's Tack and Feed, 3675 Via De L Valle, Del Mar, California

11. Equ Lifestyle Boutique, 2683 Via De La Valle, Ste. G704, Del Mar, California

12. American Horse Products, 31896 Plaza Drive C4, San Juan Capistrano, California

(Corsi Decl. at ¶ 8).

After the 2008 Agreement and until Plaintiff's termination, the Old ERS Defendants engaged in trade shows and promotional events in California to promote the ROMFH brand, even having Plaintiff attend these events and coordinate them directly on their behalf. *Id*. at ¶ 9.

Old ERS paid Plaintiff as a California employee and provided her with the required legal information as a California employee, such as workman's comp disclosures. Old ERS not only paid Plaintiff as an employee, but also charged her with managing social media channels for them, as a California resident. *Id*. at ¶ 10. As such, she promoted ROMFH, and ERS brand, from California and to California residents. *Id*.

When Plaintiff was required to sign a nondisclosure agreement pursuant to new hire forms in 2022 as they related to trade secrets for English Riding Supply during her employment, the agreement specified that the governing law and jurisdiction was California. *Id*. at ¶ 11.

Old ERS continually engaged the services of California entities to carry out performance of the agreements at issue in this case, including engaging AspenHR, a California-based company to handle payroll and benefits of its California employee, Plaintiff, and also paid Plaintiff through two of their California-based companies, Global Specialties Direct, Inc. and American Specialties for services she did for Old ERS. *Id*. at

**PLAINTIFF'S OPPOSITION TO DEFENDANTS ENGLISH RIDING SUPPLY, INC.'S AND ERS EQUESTRIAN, INC.'S MOTION TO DISMISS FIRST AMENDED COMPLAINT**

6

¶12.

Plaintiff, as a fifty-percent owner of the ROMFH brand, confirms that California has long been—and remains—a major source of revenue for the brand. Since 2008, Defendants have purposefully directed extensive activities to California, including marketing, promotion, and sales of ROMFH products, as well as cultivating and maintaining relationships with California-based retailers and service providers (Corsi Decl. ¶¶ 4–5, 13).

## IV.    LEGAL STANDARD

When a motion to dismiss is "based on written materials rather than an evidentiary hearing, 'the plaintiff need only make a prima facie showing of jurisdictional facts.' " *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 800 (9th Cir. 2004) (*quoting Sher v. Johnson*, 911 F.2d 1357, 1361 (9th Cir. 1990)). The Court "may not assume the truth of allegations in a pleading which are contradicted by affidavit," *Data Disc, Inc. v. Sys. Tech. Assocs., Inc.*, 557 F.2d 1280, 1284 (9th Cir. 1977), but factual conflicts between dueling affidavits "must be resolved in the plaintiff's favor." *Ayla, LLC v. Alya Skin Pty. Ltd.* (9th Cir. 2021) 11 F.4th 972, 978, *quoting*, *Schwarzenegger*, *supra*, 374 F.3d at 800.

To obtain personal jurisdiction, a federal district court is constrained by the Fourteenth Amendment's Due Process Clause and the long-arm statute of the state in which it sits. *Ford Motor Co. v. Montana Eighth Jud. Dist. Ct.*, 592 U.S. 351, 348. The Due Process Clause permits the exercise of personal jurisdiction if the defendant has sufficient "minimum contacts" with the forum state "such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice." *LNS Enters. LLC v. Cont'l Motors, Inc.*, 22 F.4th 852, 858 (9th Cir. 2022) (quoting *Walden v. Fiore*, 571 U.S. 277, 283, (2014)); *see also Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316–17 (1945). Because California courts may exercise jurisdiction on any basis not inconsistent

**PLAINTIFF'S OPPOSITION TO DEFENDANTS ENGLISH RIDING SUPPLY, INC.'S AND ERS EQUESTRIAN, INC.'S MOTION TO DISMISS FIRST AMENDED COMPLAINT**

with due process, Cal. Civ. Proc. Code § 410.10, the jurisdictional analysis is the same under state and federal law.  *See Yahoo! Inc. v. La Ligue Contre Le Racisme Et L'Antisemitisme*, 433 F.3d 1199, 1205 (9th Cir. 2006) (en banc) (per curiam).

Personal jurisdiction can be either general or specific.  A court may exercise general jurisdiction "only when a defendant is 'essentially at home' in the State." *Impossible Foods Inc. v. Impossible X LLC* (9th Cir. 2023) 80 F.4th 1079, 1086, cert. denied (2024) 144 S.Ct. 2561, *quoting, Ford Motor Co.*, *supra*, 141 S. Ct. at 1024 (*quoting Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919 (2011)).  For a corporate defendant, general jurisdiction is typically appropriate in the state where the entity is incorporated or where it maintains its principal place of business.  *Daimler AG v. Bauman*, 571 U.S. 117, 137, 134 S.Ct. 746, 187 L.Ed.2d 624 (2014).

Specific jurisdiction "covers defendants less intimately connected with a State, but only as to a narrower class of claims." *Ford Motor Co., supra*, 141 S. Ct. at 1024. There are "three requirements for establishing specific jurisdiction over a non-resident defendant:

(1) the defendant must either purposefully direct his activities toward the forum or purposefully avail himself of the privileges of conducting activities in the forum; (2) the claim must be one which arises out of or relates to the defendant's forum-related activities; and (3) the exercise of jurisdiction must comport with fair play and substantial justice, i.e. it must be reasonable. *Impossible Foods Inc., supra,* 80 F.4th at 1086, *quoting*, *Axiom Foods, Inc. v. Acerchem Int'l, Inc.*, 874 F.3d 1064, 1068 (9th Cir. 2017) (alterations and quotations omitted).  The Plaintiff bears the burden on the first two prongs and, if met, Defendants "must come forward with a 'compelling case' that the exercise of jurisdiction would not be reasonable." *Impossible Foods Inc., supra,* 80 F.4th at 1087, *quoting Boschetto v. Hansing,* 539 F.3d 1011, 1016 (9th Cir. 2008).

Courts have held that purposeful availment constituting personal jurisdiction when

**PLAINTIFF'S OPPOSITION TO DEFENDANTS ENGLISH RIDING SUPPLY, INC.'S AND ERS EQUESTRIAN, INC.'S MOTION TO DISMISS FIRST AMENDED COMPLAINT**

a defendant deliberately engages in significant activities within a forum state or creates continuing obligations with its residents. (*See*, *Baton v. Ledger SAS*, 740 F.Supp.3d 847 (2024)).  Similarly, exploiting a forum state's market has been found to be a basis for personal jurisdiction.  *See*, *Old Republic Insurance Company v. Continental Motors, Inc.*, 877 F.3d 895 (2017).

California has a significant and material interest in adjudicating cases, the subject of which include their residents, especially in the case of contract terms flying in the face of fundamental state policy. *Application Group, Inc. v. Hunter Group, Inc.* (1998) 61 Cal.App.4th 881, 897.

## V.   ARGUMENT

Plaintiff has clearly identified in her Complaint that California, and this Court, have personal jurisdiction over Old ERS.  Plaintiff has further established personal jurisdiction over these Defendants and proper venue through her supporting declaration and exhibits as further argued below.  Neither Defendants' argument that it is not headquartered in California nor its reliance on the governing law provision[2] of its patently one-sided contract change the fact that they have intentionally directed and availed themselves of California by exploiting its market, licensing/acquiring California-based business and assets, and employing Plaintiff to do its bidding to create a successful company.

//

//

---

[2] While Defendants rely on the Contract specifying that the governing law is Pennsylvania, there is no forum selection clause.  Further, California courts have regularly applied California law when contracts containing such provision calling for out-of-state governing law contain terms contrary to California state law while implicating California residents. *Application Group, Inc. v. Hunter Group, Inc.* (1998) 61 Cal.App.4th 881, 897.

---

**PLAINTIFF'S OPPOSITION TO DEFENDANTS ENGLISH RIDING SUPPLY, INC.'S AND ERS EQUISTRIAN, INC.'S MOTION TO DISMISS FIRST AMENDED COMPLAINT**

**A.  Defendants Have Engaged in Conduct Such That Specific Jurisdiction is Established.**

i.  *Old ERS Purposefully Directed Activity Toward the Forum & Availed itself of the privileges of Conducting Activities in the Forum.*

In *Baton v. Ledger SAS*, the Ninth Circuit held that specific jurisdiction is proper where a defendant "purposely directed" its activities at the forum by maintaining a continuing relationship with a forum resident and deliberately exploiting the forum's market.  *Baton, supra,* 740 F.Supp.3d at 889-890.  In particular, the court emphasized that employing a single California-resident contractor to provide ongoing customer-service and data-security functions—tasks core to defendant's business—constituted purposeful direction because there, Defendant, "deliberately" harnessed California-sourced labor to serve California customers and thus "exploited" that market.

By contrast, *Old Republic Insurance Co. v. Continental Motors, Inc*. clarifies that mere passive contacts (e.g., hosting a website) are insufficient.  The Tenth Circuit there explained that purposeful direction requires "the commission of an intentional tort, expressly aimed at a specific individual in the forum whose effects were suffered in the forum," and that the defendant must have "engaged in significant activities within" the forum state.  In rejecting jurisdiction, *Old Republic* underscored that downloading manuals or listing forum entities on a locator page does not equate to market exploitation.

Here, Defendants fall squarely within both *Baton's* and *Old Republic's* frameworks for establishing personal jurisdiction through employment and market exploitation. They employed Plaintiff—a California resident—as a full-time designer (and sole designer throughout Old ERS' tenure) and marketer, routed her compensation through California entities, and tasked her with managing Defendants' social-media and promotional events from and for California.  Simultaneously, they built and continue to operate a dedicated California sales network initially established by Plaintiff, directing substantial marketing, promotion, and sales into the state.  Those acts constitute the "continuing relationships"

**PLAINTIFF'S OPPOSITION TO DEFENDANTS ENGLISH RIDING SUPPLY, INC.'S AND ERS EQUESTRIAN, INC.'S MOTION TO DISMISS FIRST AMENDED COMPLAINT**

and "market exploitation" that *Baton* deems sufficient, and far exceed the passive website contacts that *Old Republic* found inadequate. Accordingly, Defendants "purposefully directed" their activities at California, and specific jurisdiction is appropriate.

### ii. The Claims Alleged Related to Forum Activities.

Claims for breach of contract, fraud, and trademark infringement all flow directly from Defendants' deliberate use of Plaintiff's California-based services and brand. The 2008 Agreement is for the purchase of 50% of Plaintiff's ROMFH brand. Under the 2008 Agreement, Plaintiff performed design, development, and marketing work from California for over a decade; the alleged breach—Defendants' failure to pay royalties, to account for sales, and to honor Plaintiff's licensor rights—occurred while Plaintiff was domiciled in California and working here (FAC ¶¶ 5–6; Corsi Decl. ¶ 2). In fact, Plaintiff was the sole designer for the brand and in charge of social media until replaced in August 2023. (Corsi Decl. at ¶ 5, 10). Accordingly, each breach-of-contract claim "arises out of or relates to" forum activities because the contract was negotiated with a California resident, executed here, and substantially performed here.

Likewise, Plaintiff's Lanham Act and state-law unfair-competition claims center on Defendants' exploitation of the ROMFH mark in the California market. Defendants marketed and sold ROMFH products through a California-focused distribution network—including retail accounts such as Mary's Tack and Feed and numerous other California stores initiated by ROMFH—and promoted the brand at California trade shows that Plaintiff coordinated while living here (FAC ¶ 7; Corsi Decl. ¶¶ 4–6). The harm Plaintiff alleges—unauthorized use of her mark, diversion of California sales revenue, and damage to her goodwill—was suffered in California, and those claims therefore arise directly from Defendants' forum-directed marketing, promotion, and sales activities.

Moreover, Plaintiff's First Amended Complaint does far more than seek monetary relief—it asks the Court to void the 2008 Agreement itself as unconscionable. That

**PLAINTIFF'S OPPOSITION TO DEFENDANTS ENGLISH RIDING SUPPLY, INC.'S AND ERS EQUESTRIAN, INC.'S MOTION TO DISMISS FIRST AMENDED COMPLAINT**

11

contract was drafted on patently one-sided terms and was both negotiated and executed without counsel for Plaintiff, and while Plaintiff was a California resident and ROMFH existed as a California-born brand.

Together, Plaintiff's contract, fraud, and trademark counts each "arise out of or relate to" Defendants' purposeful contacts with California, satisfying the Ninth Circuit's second prong for specific jurisdiction.

### iii. Personal Jurisdiction Comports with Fair Play & Substantial Justice.

Defendants intentionally cultivated and profited from the California market such that they must have anticipated being hailed into court here and cannot now wield those very contacts as a shield against jurisdiction. From 2008 onward, Defendants solicited and relied on Plaintiff's California-originated ROMFH brand, entered into a long-term employment and licensing/acquisition relationship with a California resident, appointed a dedicated California sales representative, organized and attended California trade shows, and built enduring ties with California retailers and service providers (Corsi Decl. ¶¶ 4–6). Having reaped the benefits of California's infrastructure, labor force, and consumer base, Defendants cannot plausibly argue that defending this lawsuit here imposes an unreasonable burden—especially when all of the relevant witnesses, documents, and evidence concerning negotiation, performance, and breach of the 2008 Agreement remain in California (Corsi Decl. ¶ 2).

At the same time, California has a strong interest in protecting its residents from unconscionable, one-sided contracts and unpaid royalties, and its courts are best equipped to apply California's unconscionability doctrine, employment protections, and unfair-competition laws to this dispute. *See*, *Application Group, Inc. v. Hunter Group, Inc.*, 61 Cal.App.4th 881 (1998). Litigating in California thus promotes the efficient resolution of the parties' claims, avoids duplicative proceedings, and strikes the appropriate balance of interests, fully comporting with due process and traditional notions

**PLAINTIFF'S OPPOSITION TO DEFENDANTS ENGLISH RIDING SUPPLY, INC.'S AND ERS EQUESTRIAN, INC.'S MOTION TO DISMISS FIRST AMENDED COMPLAINT**

of fair play and substantial justice.

### B.   Venue is Proper Pursuant to 28 U.S.C. § 1391

Venue is proper in this District under 28 U.S.C. § 1391(b)(2) because a substantial part of the events giving rise to Plaintiff's claims occurred here.  Plaintiff negotiated and executed the 2008 Agreement while domiciled in Long Beach, California, and performed the vast majority of her design, development, and marketing work under that Agreement from within this District (Corsi Decl. ¶ 2).  Defendants then built and continue to maintain a dedicated California sales network—appointing a California sales representative and cultivating relationships with numerous California retailers—and sponsored California trade shows and promotional events at which Plaintiff coordinated and appeared (Corsi Decl. ¶¶ 4–6). The breaches alleged in the First Amended Complaint—non-payment of royalties, failure to account for California sales, and enforcement of unconscionable post-termination covenants—directly relate to those California-based activities. Moreover, Plaintiff expressly pled venue here in her First Amended Complaint, noting that "a substantial part of the events or omissions giving rise to this action occurred in this District" (FAC ¶ 4). Accordingly, this District is plainly the proper venue for adjudicating all of Plaintiff's claims.

### VI.   CONCLUSION

For the foregoing reasons, Plaintiff requests the Court deny English Riding Supply, Inc.'s and ERS Equestrian, Inc.'s Motion to Dismiss and for all other just and proper relief.  In the alternative, if the Court is inclined to grant the Motion to Dismiss, Plaintiff requests leave to amend her First Amended Complaint further to meet any deficiencies found by the Court and requests additional time to conduct discovery that would further support personal jurisdiction and venue.

Dated: July 18, 2025                              Respectfully submitted,

                                                              Katie Charleston Law, PC

                                              By:    /s/ *Katie Charleston*

**PLAINTIFF'S OPPOSITION TO DEFENDANTS ENGLISH RIDING SUPPLY, INC.'S AND ERS EQUESTRIAN, INC.'S MOTION TO DISMISS FIRST AMENDED COMPLAINT**

13

Katie Charleston, Esq.
Attorney for Plaintiff

## CERTIFICATE OF COMPLIANCE

The undersigned, counsel of record for Plaintiff, Laura Corsi, certifies that this brief contains 2,950 words, which:

_X_ complies with the word limit of L.R. 11-6.1.

__ complies with the word limit set by court order dated [*date*]."

Dated: July 18, 2025    Respectfully submitted,

Katie Charleston Law, PC

By: /s/ *Katie Charleston*
Katie Charleston, Esq.
Attorney for Plaintiff

---

**PLAINTIFF'S OPPOSITION TO DEFENDANTS ENGLISH RIDING SUPPLY, INC.'S AND ERS EQUISTRIAN, INC.'S MOTION TO DISMISS FIRST AMENDED COMPLAINT**

14