Daniel P. Schrader (SBN 145670)
dschrader@mgmlaw.com
Dane W. Schrader (SBN 317004)
dwschrader@mgmlaw.com
Matthew Behboud (SBN 351102)
mbehboud@mgmlaw.com
**MANNING GROSS + MASSENBURG LLP**
601 Montgomery Street, Suite 1000
San Francisco, CA 94111
Tel.:    (415) 512-4381
Fax:    (415) 512-6791

Attorneys for Defendants
ENGLISH RIDING SUPPLY, INC. and
ERS EQUISTRIAN, INC.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LAURA F. CORSI, (a/k/a LAURA F. ROMFH),<br><br>            Plaintiff(s),<br><br>   v.<br><br>ENGLISH RIDING SUPPLY, INC., ERS EQUISTRIAN, INC., ENGLISH RIDING SUPPLY, LLC, a Delaware Limited Liability Company (No. 3563640), ENGLISH RIDING SUPPLY, LLC, a Pennsylvania Limited Liability Company (No. 3092814), ENGLISH RIDING SUPPLY, LLC, a Delaware Limited Liability Company (No. 6413166), ENGLISH RIDING SUPPLY, LLC, a Pennsylvania Limited Liability Company (No. 7425042), ENGLISH RIDING SUPPLY HOLDINGS (64131080), a Delaware Limited Liability Company, and NCK CAPITAL, LLC, a Delaware Limited Liability Company,<br><br>            Defendant(s). | Case No. 2:25-cv-02238-DMG-ASx<br><br>**ENGLISH RIDING SUPPLY, INC.'S AND ERS EQUISTRIAN, INC.'S REPLY TO OPPOSITION OF MOTION TO DISMISS PURSUANT TO FEDERAL RULES OF CIVIL PROCEDURE12(B)(2) FOR LACK OF PERSONAL JURISDICTION AND 12(B)(3) FOR IMPROPER VENUE**<br><br>DATE:     August 29, 2025<br>TIME:     9:30am<br>CTRM:    8C<br><br>Action Filed:    March 13, 2025<br>FAC Filed:     June 12, 2025<br>Trial Date:     None Set |

1

REPLY TO OPPOSITION TO MOTION TO DISMISS

2:25-cv-02238-DMG-ASx

# **TABLE OF CONTENTS**

I.       INTRODUCTION ...................................................................................4

II.      THIS COURT CANNOT EXERCISE JURISDICTION OVER OLD ERS BECAUSE OLD ERS LACKS SUFFICIENT MINIMUM CONTACTS WITH CALIFORNIA AND DOING SO WOULD OFFEND TRADITIONAL NOTIONS OF FAIR PLAY AND SUBSTANTIAL JUSTICE..................................................................................................4

    A.     Old ERS Does Not Have Meaningful Contacts with California to Establish Personal Jurisdiction.................................................5

        1.     Old ERS Conducted All Business from Pennsylvania and Maintained No Operations in California. ...................................5

        2.     Plaintiff's Residence, Payroll Arrangement, and Third Parties' Conduct Do Not Support Personal Jurisdiction Over Old ERS. 6

        3.     Incidental Product Sales, Trade Show Allegations, and Unaffiliated Third Parties Do Not Establish Minimum Contacts..........................................................................7

    B.     Plaintiff's Claims Do Not Arise from Old ERS' Forum Related Conduct...........................................................................11

III.     VENUE IS IMPROPER UNDER § 1391(B)(2) BECAUSE PERFORMANCE UNDER THE 2008 AGREEMENT GIVING RISE TO PLAINTIFF'S CLAIMS ROSE FROM PERFORMANCE AND ALLEGED BREACHES IN PENNSYLVANIA .........................................13

IV.     CONCLUSION....................................................................................15

REPLY TO OPPOSITION TO MOTION TO DISMISS

# TABLE OF AUTHORITIES

## CASES

*Argueta v. Banco Mexicano, S.A.*, 87 F.3d 320 .......................................................14

*Asahi Metal Indus. Co. v. Superior Court*, 480 U.S. 102 ........................................8

*Boschetto v. Hansing*, 539 F.3d 1011 ................................................................5, 12

*Burger King Corp. v. Rudzewicz*, 471 U.S. 462.......................................................5

*Calder v. Jones*, 465 U.S. 783.................................................................................11

*Haisten v. Grass Valley Medical Reimbursement Fund, Ltd.*, 784 F.2d 1392 .......11

*Hanson v. Denckla*, 357 U.S. 235 .............................................................................5

*Helicopteros Nacionales de Columbia, S.A. v. Hall* (1984) 466 U.S. .....................7

*Holland America Line Inc. v. Wärtsilä North America, Inc.*, 485 F.3d 450 8, 10, 12

*Picot v. Weston*, 780 F.3d 1206 ................................................................................6

*Ranza v. Nike, Inc.,* 793 F.3d 1059..........................................................................10

*Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797 ......................................5

*Terracom v. Valley National Bank*, 49 F.3d 555.....................................................12

*Walden v. Fiore*, 571 U.S. 277 ..................................................................................5

English Riding Supply, Inc and ERS Equistrian,[1] Inc. ("Old ERS") hereby submits its Reply in support of its Motion to Dismiss for Lack of Personal Jurisdiction and Improper Venue pursuant to Federal Rules of Civil Procedure(12)(b)(2) and (12)(b)(3) (collectively, "Motion").

## I.    <u>INTRODUCTION</u>

Plaintiff's Opposition misconstrues the standards for personal jurisdiction and venue and fails to rebut the key facts demonstrating that English Riding Supply, Inc. and ERS Equestrian, Inc. (collectively "Old ERS")—a now-defunct Pennsylvania corporation—had no purposeful or meaningful contacts with California. Instead, Plaintiff relies on her own unilateral conduct, passive product sales by third-party retailers, and incidental business relationships to establish jurisdiction. These are insufficient to satisfy the due process constraints on the exercise of personal jurisdiction. The conduct giving rise to the claims occurred entirely in Pennsylvania, and venue is proper there, not in this District.

## II.    <u>THIS COURT CANNOT EXERCISE JURISDICTION OVER OLD ERS BECAUSE OLD ERS LACKS SUFFICIENT MINIMUM CONTACTS WITH CALIFORNIA AND DOING SO WOULD OFFEND TRADITIONAL NOTIONS OF FAIR PLAY AND SUBSTANTIAL JUSTICE</u>

A federal court may exercise specific personal jurisdiction over a nonresident defendant only where: (1) the defendant purposefully directed its activities toward the forum state or purposefully availed itself of the privilege of conducting activities in that state; (2) the plaintiff's claims arise out of or relate to those activities; and (3) the exercise

---

[1] Equestrian is spelled "Equistrian" in the official Articles of Incorporation. Therefore, for accuracy, when referring to the entity, "Equistrian" will be intentionally spelled herein as it appears in the official Articles.

REPLY TO OPPOSITION TO MOTION TO DISMISS

2:25-cv-02238-DMG-ASx

of jurisdiction is reasonable. *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 802 (9th Cir. 2004). The plaintiff bears the burden of establishing the first two prongs. *Id.* If she fails to establish either purposeful availment or purposeful direction, the jurisdictional inquiry ends. *Boschetto v. Hansing*, 539 F.3d 1011, 1016 (9th Cir. 2008).

**Critically, the analysis must focus on the defendant's conduct—not the plaintiff's residence or unilateral actions**. *Walden v. Fiore*, 571 U.S. 277, 284 (2014). Personal jurisdiction cannot be based solely on the location of the plaintiff or the foreseeable effects of a defendant's conduct; it must arise from intentional acts expressly aimed at the forum. *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 475 (1985); *Hanson v. Denckla*, 357 U.S. 235, 253 (1958).

### A. Old ERS Does Not Have Meaningful Contacts with California to Establish Personal Jurisdiction

#### 1. Old ERS Conducted All Business from Pennsylvania and Maintained No Operations in California.

Plaintiff fails to identify any purposeful availment by Old ERS in California.. Old ERS was incorporated in Delaware on September 20, 2002, and its principal place of business was always located in Scranton, Pennsylvania. Declaration Adrienne Rolla ("Rolla Decl.") at ¶ 2. It was never registered to do business in California, had no offices, employees, bank accounts, warehouses, or assets in California, and did not directly solicit business from California residents. *Id.* at ¶ 4. At all relevant times, Old ERS operated exclusively from Pennsylvania. Supplemental Declaration of Adrienne Rolla ("Rolla Supp. Decl.") at ¶ 4. Old ERS ceased all operations and sold its assets by the end of 2021 and no longer operates its business. Rolla Decl. at ¶ 3; Rolla Supp. Decl. at ¶ 10.

Plaintiff was an employee who happened to reside in California at the time she entered into an employment agreement with Old ERS. First Amended Complaint ("FAC")

5

at ¶ 5. Her location is immaterial to the jurisdictional analysis. Old ERS did not hire her because she was in California, nor did it seek to enter the California market through her. Rolla Decl. ¶ 6; *See also Picot v. Weston*, 780 F.3d 1206, 1212–13 (9th Cir. 2015) (holding that plaintiff's unilateral activities in the forum cannot establish minimum contacts).

2. <u>Plaintiff's Residence, Payroll Arrangement, and Third Parties' Conduct Do Not Support Personal Jurisdiction Over Old ERS.</u>

Plaintiff contends that Old ERS "used" a California-based payroll processor, AspenHR, to compensate her, implying that this connection supports the exercise of personal jurisdiction. Plaintiff's Opposition ("Opp.") at p. 5. That assertion is factually incorrect and legally immaterial. Old ERS had no relationship or contractual affiliation with AspenHR and never engaged AspenHR to process Plaintiff's compensation. Rolla Supp. Decl." ¶ 6. Instead, Plaintiff's paychecks were issued through Global Specialties Direct, Inc. ("Global Specialties"), a separate corporate entity based in California that shared common ownership with Old ERS but operated independently and had no functional or operational overlap with it. *Id.* ¶ 5.

Global Specialties was used solely as an administrative vehicle to process payroll for Plaintiff, who was the only California-based worker affiliated with Old ERS. *Id.* Rather than registering Old ERS in California or setting up a formal payroll system for a single out-of-state contractor, Old ERS decided to have Global Specialties—already operating in California—issue Plaintiff's checks. *Id.* This was a matter of logistical efficiency, not a reflection of any purposeful or substantive contact with the forum. Notably, Global Specialties is third-party and is a separate and independent entity from Old ERS. *Id.* Importantly, the question here is whether the Court may exercise justification over Old ERS – not Global Specialties. In fact, the arrangement underscores

6

the very point Old ERS makes: Old ERS had no ongoing operations, offices, or employees in California and took steps to avoid formal entanglement with California business infrastructure. Far from supporting jurisdiction, Plaintiff's reliance on this payroll arrangement highlights the attenuated and incidental nature of any alleged forum contact.

Further, the Supreme Court has made clear that "the unilateral activity of a third party is not an appropriate consideration when determining whether a defendant has sufficient contacts with a forum State to justify an assertion of jurisdiction." *See Helicopteros Nacionales de Columbia, S.A. v. Hall* (1984) 466 U.S. Because Global Specialties and AspenHR are separate third party entities, their role in processing Plaintiff's payroll is incidental and irrelevant to the question of purposeful availment. Even if Old ERS engaged AspenHR to compensate Plaintiff, which it did not, such conduct is insufficient for the Court to exercise jurisdiction over Old ERS. Old ERS did not engage Global Specialties or AspenHR, or any other third-party entity to target the California market or to serve the California market in any way. Its use of a third-partyentity's payroll system was purely administrative and does not reflect any forum-directed conduct. Rolla Supp. Decl. at ¶ 5.

### 3. Incidental Product Sales, Trade Show Allegations, and Unaffiliated Third Parties Do Not Establish Minimum Contacts.

Plaintiff attempts to establish personal jurisdiction by pointing to the existence of California-based retailers listed on the ROMFH website. Opp. at p. 5-6. But this argument mischaracterizes the nature of Old ERS' business model and overstates the legal significance of downstream product sales. Old ERS operated as a national wholesaler, distributing different products, including the ROMFH-branded products, throughout the United States and Canada via a broad, undifferentiated network of independent resellers.

REPLY TO OPPOSITION TO MOTION TO DISMISS

2:25-cv-02238-DMG-ASx

Rolla Supp. Decl. ¶ 3. It did not target California or enter into any contractual relationships with California retailers. *Id*. at ¶ 4. Rather, its products reached California stores solely through the incidental actions of third-party intermediaries—retailers who independently chose to stock ROMFH goods. *Id.*

The Ninth Circuit has squarely rejected personal jurisdiction based on such consumer products reaching a forum state. In *Holland America Line Inc. v. Wärtsilä North America, Inc.*, 485 F.3d 450, 459 (9th Cir. 2007), the court held that mere awareness that a product might end up in the forum state does not constitute purposeful availment. Similarly, the Supreme Court in *Asahi Metal Indus. Co. v. Superior Court*, 480 U.S. 102, 112 (1987), explained that placing a product into the stream of commerce—standing alone—is insufficient to confer jurisdiction. Jurisdiction may lie only where the defendant has engaged in additional, purposeful conduct directed at the forum, such as designing a product specifically for that state, creating advertising campaigns targeting that state, or contracting with a distributor to serve that market. Plaintiff identifies no such conduct here. *Id.*

Old ERS did not design, market, or distribute its products specifically for California consumers. It did not localize products for California, purchase California-specific advertising, or engage a distributor tasked with serving California stores. Rolla Decl. ¶ 3. The California retailers listed on the ROMFH website were included in a publicly accessible store locator tool that simply identified all known resellers, without any geographic preference or solicitation. Rolla Supp. Decl. at ¶ 4. The appearance of California stores on that list reflects the nationwide scope of Old ERS' resale network - not any forum-directed activity. *Id.*

REPLY TO OPPOSITION TO MOTION TO DISMISS

Accepting Plaintiff's theory would obliterate the due process limitations established in *World-Wide Volkswagen* and *Nicastro*, effectively subjecting any national wholesaler to jurisdiction in every state where an unaffiliated retailer chooses to stock its products. *See Nicastro*, 564 U.S. at 882. *Burger King*, 471 U.S. at 475.

Moreover, while Old ERS had one independent sales representative—Diane Soto—who covered a multistate region that included California, her efforts were not California-specific. Rolla Supp. Decl. at ¶ 3. In fact, Old ERS' sales in California accounted for only approximately 8% of Old ERS' total sales. *Id.* This figure confirms that California was merely one of many territories in a broader national market and that Old ERS did not treat California as a uniquely significant or targeted forum. To hold otherwise would expose every national distributor of consumer products to personal jurisdiction in all 50 states—a result plainly foreclosed by due process and controlling precedent.

Plaintiff also relies on her residence and her conduct while residing in California to hold Old ERS subject to the Court's Jurisdiction. However, Plaintiff's theory would allow her to unilaterally manufacture jurisdiction in any forum she happens to reside in - a result flatly rejected by the Supreme Court. *See Walden*, 571 U.S. at 289–90 (no jurisdiction where the only connection to the forum State was plaintiff's location). Indeed, the central question for personal jurisdiction is the level of Old ERS' connection with California, not Plaintiff's, nor third-parties' contacts.

Finally, Plaintiff attempts to impute jurisdiction over Old ERS by alleging that Mr. Cyrus Boatwalla "solicited" her in California during the negotiation of the ROMFH brand license. However, this contention is both factually unsupported and legally immaterial. Mr. Boatwalla never worked for Old ERS. Supp. Rolla Decl. ¶ 7. He was employed by

REPLY TO OPPOSITION TO MOTION TO DISMISS

2:25-cv-02238-DMG-ASx

American Specialties Inc., a New York-based entity owned by ITR Industries, Inc., which is entirely separate from Old ERS. *Id.* Although Mr. Boatwalla briefly assisted Old ERS in exploring product ideas during its formative stages, he was never compensated and never engaged in any conduct directed at California on Old ERS' behalf. *Id.* Plaintiff fails to provide any evidence that Mr. Boatwalla's alleged communications arose from or were authorized by Old ERS. Even if such communications occurred, they cannot be attributed to Old ERS for jurisdictional purposes. *See Ranza v. Nike, Inc.,* 793 F.3d 1059, 1071 (9th Cir. 2015) (rejecting jurisdictional attribution based solely on ownership or overlapping personnel without control). Plaintiff's attempt to manufacture jurisdiction based on the unaffiliated actions of a third-party lacks merit.

Plaintiff further argues that Old ERS "organized and participated" in California trade shows to promote the ROMFH brand, but this assertion is incorrect and without any evidentiary support. In fact, Old ERS never attended or organized any trade shows or promotional events in California. Supp. Rolla Decl. ¶ 9. Instead, the company's principal marketing efforts were centered at the annual King of Prussia trade show in Pennsylvania, where Old ERS was headquartered. *Id.* Plaintiff's vague assertions of promotional events and unsubstantiated claims that she attended them on Old ERS's behalf lack evidentiary support and are insufficient to establish purposeful availment. *See Holland Am. Line Inc. v. Wärtsilä N. Am., Inc.,* 485 F.3d 450, 459 (9th Cir. 2007) (holding that sporadic or attenuated contacts with the forum state do not support personal jurisdiction). The absence of any directed conduct, contracts, or specific marketing efforts aimed at California further reinforces that Old ERS lacked the minimum contacts necessary for this Court to exercise jurisdiction.

10

REPLY TO OPPOSITION TO MOTION TO DISMISS

2:25-cv-02238-DMG-ASx

Accordingly, Old ERS did not have sufficient minimum contacts with California to establish personal jurisdiction.

### B.    Plaintiff's Claims Do Not Arise from Old ERS' Forum Related Conduct

Even assuming Old ERS had minimum contacts with California to support personal jurisdiction—which it did not—Plaintiff fails to show that her claims "arise out of or relate to" that contact. The claims here are for breach of contract and related misconduct, all of which allegedly occurred at Old ERS' headquarters in Pennsylvania. FAC at ¶ 21, 23-25. All royalty payments, brand management, and product distribution decisions were made from Scranton, Pennsylvania. Rolla Decl. at ¶¶ 4-5. None of the alleged misconduct occurred in California.

Plaintiff asserts that a 2022 nondisclosure agreement referencing California law supports jurisdiction. Opp. at p. 6.  This argument is unavailing. Old ERS ceased to exist by December 31, 2021. It was not a party to any 2022 agreement. Rolla Decl. ¶ 3; Rolla Supp. Decl. at ¶ 10. Nevertheless, a choice-of-law provision does not constitute consent to jurisdiction. *Burger King*, 471 U.S. at 482.

Furthermore, Plaintiff's reliance on *Calder v. Jones,* 465 U.S. 783 (1984), and *Haisten v. Grass Valley Medical Reimbursement Fund, Ltd.*, 784 F.2d 1392 (9th Cir. 1986), is wholly misplaced. In *Calder*, the Supreme Court upheld jurisdiction over Florida-based defendants because their conduct was expressly aimed at California. The Florida defendants wrote and published a defamatory article about a California public figure, knowing it would cause harm in California and that the bulk of the harm would be felt there. *Calder,* 476 U.S. at 789-90.  The "effects" test applied in *Calder* is reserved for intentional torts specifically calculated to cause injury in the forum state. *Id.* Here,

Plaintiff alleges no comparable intentional tortious conduct. *See generally,* FAC. Old ERS did not direct any defamatory, fraudulent, or otherwise harmful acts toward California residents, nor did it target Plaintiff in California with any conduct designed to cause injury in the state. Rolla Supp. at ¶¶ 3-9. The contract-based allegations in this case falls outside the scope of *Calder*'s intentional tort framework.

Furthermore, Plaintiff's citation to *Haisten* fares no better. There, the court exercised jurisdiction over a foreign insurer that maintained a continuous and deliberate business presence in California by servicing insurance contracts with California policyholders. *Haisten* 784 F.2d at p. 1402. That case turned on the defendant's extensive and sustained commercial activity in the forum, including solicitation, administration, and policy servicing within California. *Id.* at p. 1399-1402. Old ERS, by contrast, had no such continuing obligations to California residents, nor any ongoing contractual relationships with California entities. Rolla Supp. Decl. ¶ 4. Its business relationship with Plaintiff was managed exclusively from Pennsylvania, and her residence in California was irrelevant to the formation or performance of the agreement. Rolla Decl. ¶ 3-5. Old ERS did not purposefully direct any conduct toward California that would bring it within the reasoning of *Haisten*.

In contrast, Old ERS and Plaintiff's relationship is most analogous to *Boschetto v. Hansing*, 539 F.3d 1011 (9th Cir. 2008), *Holland America Line Inc. v. Wärtsilä North America, Inc.*, 485 F.3d 450 (9th Cir. 2007), and *Terracom v. Valley National Bank*, 49 F.3d 555 (9th Cir. 1995). In *Boschetto*, the Ninth Circuit found no personal jurisdiction where the defendant sold a car to a California resident via eBay—a single transaction that did not reflect any purposeful or repeated targeting of the forum. *Boschetto*, 539 F.3d at 1017. Similarly, in *Terracom*, the court held that a bank's provision of services to

REPLY TO OPPOSITION TO MOTION TO DISMISS

2:25-cv-02238-DMG-ASx

California customers was insufficient where it had not purposefully directed activities toward California. *Terracom*, 49 F.3d at 560-61. And in *Holland America*, the court rejected jurisdiction over out-of-state defendants whose products ultimately reached the forum through intermediaries, emphasizing that mere foreseeability of forum contact is not enough. *Holland America*, 485 F.3d at 459.

These cases reflect a consistent principle: passive commercial activity, isolated or incidental forum contacts, and plaintiff-initiated interactions do not suffice to establish personal jurisdiction. Plaintiff has shown nothing more here and her attempts to fit this case within the bounds of *Calder* and *Haisten* are unconvincing and legally unsupported. Indeed, Old ERS' revenue from California only amounted approximately 8% of its total sales. Rolla Supp. Decl. at ¶ 3.

Accordingly, Plaintiff's entire action arises out of alleged conduct by Old ERS that could have only occurred in Pennsylvania. Old ERS operated exclusively from Pennsylvania, performed under the 2008 Agreement from Pennsylvania, and any alleged breach could have only occurred in Pennsylvania. Any incidental sale of its products in California is insufficient to hold Old ERS subject to this Court's jurisdiction.

## III. <u>VENUE IS IMPROPER UNDER § 1391(B)(2) BECAUSE PERFORMANCE UNDER THE 2008 AGREEMENT GIVING RISE TO PLAINTIFF'S CLAIMS ROSE FROM PERFORMANCE AND ALLEGED BREACHES IN PENNSYLVANIA</u>

Venue is improper in the Central District of California because a "substantial part of the events or omissions giving rise to the claim" did not occur there. 28 U.S.C. § 1391(b)(2). Rather, the alleged wrongdoing—namely, any purported breach of contract, failure to market, or nonpayment of royalties—occurred exclusively in Pennsylvania, where Old ERS was headquartered and operated at all relevant times. Rolla Decl. ¶¶ 3–5;

13

Rolla Supp. Decl. ¶ 4. Every business decision tied to the ROMFH brand—licensing administration, royalty calculations, marketing strategy, and product development—was made from Old ERS's corporate office in Scranton, Pennsylvania. *Id.* Old ERS never operated in California, directed business activity toward California, or *made decisions from California. Id.* at ¶¶ 4, 9.

Plaintiff's attempt to manufacture venue based on her personal residence in California and remote work there is legally insufficient. Additionally, the location of contract formation is not controlling where performance and breach occurred in another district. *See Argueta v. Banco Mexicano, S.A.*, 87 F.3d 320, 324 (9th Cir. 1996) (holding that a forum selection clause and the place of performance govern over the place of signing). The operative facts at issue—whether Old ERS failed to perform its contractual duties—are centered in Pennsylvania, not California. Rolla Decl. ¶¶ 3–5.

As discussed in detail above, Old ERS is a Delaware corporation with its principal place of business in Pennsylvania. Rolla Decl. ¶ 2. Plaintiff does not and cannot point to any forum-related conduct that occurred in California giving rise to her claims. Her allegations regarding downstream sales, California-based payroll, or independent resellers are legally and factually irrelevant to the core venue inquiry: where the alleged contractual breach occurred. Because no substantial part of the events giving rise to Plaintiff's claims occurred in California, venue is improper in this District. The proper venue is the Middle District of Pennsylvania, where Old ERS is headquartered and where relevant witnesses, documents, and business records are located. Accordingly, this case should be dismissed under Rule 12(b)(3), or in the alternative, transferred pursuant to 28 U.S.C. § 1406(a).

REPLY TO OPPOSITION TO MOTION TO DISMISS

## IV.  CONCLUSION

For the foregoing reasons, this Court lacks personal jurisdiction over Old ERS, and venue in the Central District of California is improper. Plaintiff has not established that Old ERS purposefully directed any conduct toward California, nor that her claims arise from any such conduct. All relevant events, performance, and alleged breaches occurred in Pennsylvania, where Old ERS was headquartered and operated. Exercising jurisdiction over a dissolved Pennsylvania corporation with no meaningful forum contacts would violate the Due Process Clause and undermine the constitutional limits on judicial power. Accordingly, Old ERS respectfully requests that the Court grant its Motion to Dismiss for lack of personal jurisdiction and improper venue under Federal Rules of Civil Procedure 12(b)(2) and 12(b)(3).

Dated:  July 25, 2025

**MANNING GROSS + MASSENBURG LLP**

By */s/Matthew Behboud*
    Daniel P. Schrader
    Dane W. Schrader
    Matthew Behboud
    Attorneys for Defendants
    ENGLISH RIDING SUPPLY, INC. and
    ERS EQUISTRIAN, INC.

REPLY TO OPPOSITION TO MOTION TO DISMISS

2:25-cv-02238-DMG-ASx