Daniel P. Schrader (SBN 145670)
dschrader@mgmlaw.com
Dane W. Schrader (SBN 317004)
dwschrader@mgmlaw.com
Matthew Behboud (SBN 351102)
mbehboud@mgmlaw.com
**MANNING GROSS + MASSENBURG LLP**
601 Montgomery Street, Suite 1000
San Francisco, CA 94111
Tel.:    (415) 512-4381
Fax:    (415) 512-6791

Attorneys for Defendants
ENGLISH RIDING SUPPLY, INC. and
ERS EQUISTRIAN, INC.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LAURA F. CORSI, (a/k/a LAURA F. ROMFH),<br><br>Plaintiff(s),<br><br>v.<br><br>ENGLISH RIDING SUPPLY, INC., ERS EQUISTRIAN, INC., ENGLISH RIDING SUPPLY, LLC, a Delaware Limited Liability Company (No. 3563640), ENGLISH RIDING SUPPLY, LLC, a Pennsylvania Limited Liability Company (No. 3092814), ENGLISH RIDING SUPPLY, LLC, a Delaware Limited Liability Company (No. 6413166), ENGLISH RIDING SUPPLY, LLC, a Pennsylvania Limited Liability Company (No. 7425042), ENGLISH RIDING SUPPLY HOLDINGS (64131080), a Delaware Limited Liability Company, and NCK CAPITAL, LLC, a Delaware Limited Liability Company,<br><br>Defendant(s). | Case No. 2:25-cv-02238-DMG-ASx<br><br>**SUPPLEMENTAL DECLARATION OF ADRIENNE ROLLA IN SUPPORT OF DEFENDANTS ENGLISH RIDING SUPPLY, INC.'S AND ERS EQUISTRIAN, INC.'S REPLY TO PLAINTIFF'S OPPOSITION**<br><br>DATE:    August 29, 2025<br>TIME:    9:30am<br>CTRM:    8C<br><br>Action Filed:    March 13, 2025<br>FAC Filed:    June 12, 2025<br>Trial Date:    None Set |

Manning Gross + Massenburg LLP

1

SUPPLEMENTAL DECLARATION OF ADRIENNE ROLLA

## SUPPLEMENTAL DECLARATION OF ADRIENNE ROLLA

I, Adrienne Rolla, declare as follows:

1.    I am over the age of 18. I have personal knowledge of the facts set forth below, and if called upon, I can competently testify accordingly. I make this declaration in support of English Riding Supply, Inc.'s and ERS Equistrian, Inc.'s ("Old ERS") Reply in support of their Motions to Dismiss Plaintiff Laura Corsi a/k/a/ Laura Romfh's ("Plaintiff") First Amended Complaint for Lack of Personal Jurisdiction pursuant to Federal Rules of Civil Procedure, Rule 12(b)(2), and for Improper Venue pursuant to Federal Rules of Civil Procedure, Rule 12(b)(3). At all relevant times during Plaintiff's employment with Old ERS, I served as the corporate Secretary of Old ERS.

2.    English Riding Supply, Inc. was incorporated in Delaware on September 20, 2002, with its principal place of business located at 520 Kane Street, Scranton, Pennsylvania. On December 30, 2021, English Riding Supply, Inc. formally changed its name to ERS Equistrian, Inc. Accordingly, the two names refer to the same corporate entity. English Riding Supply, Inc. and ERS Equistrian, Inc. will be referred to as "Old ERS" hereinafter.

3.    Old ERS was a wholesale supplier that distributed different products, including ROMFH-branded products, in all fifty states, and Canada. There was only one independent salesperson, Diana Soto, who represented Old ERS in several states including California. However, notably, California only amounted to about 8% of total Old ERS sales.

4.    All of Old ERS' business decisions, including marketing approvals, product development, licensing management, and royalty calculations, were made in Scranton, Pennsylvania at the Old ERS headquarters. Old ERS did not take any efforts to direct

advertising, marketing, or distribution specifically towards the California market and it did not enter into any contracts with California entities who sold its products. Rather, its products reached California stores solely through the incidental actions of third-party intermediaries—retailers who independently chose to stock its products, including the ROMFH goods. The California retailers listed on the ROMFH website were included in a publicly accessible store locator tool that simply identified all known resellers, without any geographic preference or solicitation.

5.     Plaintiff was on the payroll for Global Specialties Direct Inc., but only as a matter of convenience for Old ERS. She did not do any work for Global Specialties Direct Inc, which is a California entity and distributor of washroom accessories and toilet partitions, owned entirely by Specialties Direct Inc. Specialties Direct Inc. is owned by myself and my brother, Peter Rolla. Plaintiff was the only Old ERS employee paid through Global Specialties Direct Inc. so that Old ERS did not have to establish a California payroll. Global Specialties has no professional relationship with, nor any pecuniary interest in, Old ERS

6.     Old ERS did not use AspenHR to pay Plaintiff. Old ERS has no connection, professional relationship, or pecuniary interest with AspenHR. AspenHR is a separate and independent entity.

7.     Cyrus Boatwalla worked for American Specialties Inc. in the marketing department. In the early stages of Old ERS he assisted Old ERS with its marketing by exploring new products, but never in California. He was never paid for his services. Old ERS never employed Mr. Boatwalla.

8.     American Specialties Inc. is an entity registered in New York and owned fully by ITR industries Inc. ITR Industries Inc. is owned by myself and Peter Rolla.

3

SUPPLEMENTAL DECLARATION OF ADRIENNE ROLLA

9.    Old ERS did not attend any trade shows or events in California.  The largest equestrian trade show that Old ERS participated in annually was the King of Prussia in Pennsylvania.

10.    On December 31, 2021, Old ERS sold its assets to New ERS, and it thereafter no longer employed Plaintiff, nor did it continue to engage in any business operations.

I declare, under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on __July 25__, 2025 at __Yonkers__, New York.

/s/Adrienne Rolla
Adrienne Rolla

4

SUPPLEMENTAL DECLARATION OF ADRIENNE ROLLA