Daniel P. Schrader (SBN 145670)
dschrader@mgmlaw.com
Dane W. Schrader (SBN 317004)
dwschrader@mgmlaw.com
Matthew Behboud (SBN 351102)
mbehboud@mgmlaw.com
**MANNING GROSS + MASSENBURG LLP**
601 Montgomery Street, Suite 1000
San Francisco, CA 94111
Tel.:    (415) 512-4381
Fax:    (415) 512-6791

Attorneys for Defendants
ENGLISH RIDING SUPPLY, INC. and
ERS EQUISTRIAN, INC.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LAURA F. CORSI, (a/k/a LAURA F. ROMFH),<br><br>          Plaintiff(s),<br><br>    v.<br><br>ENGLISH RIDING SUPPLY, INC., ERS EQUISTRIAN, INC., ENGLISH RIDING SUPPLY, LLC, a Delaware Limited Liability Company (No. 3563640), ENGLISH RIDING SUPPLY, LLC, a Pennsylvania Limited Liability Company (No. 3092814), ENGLISH RIDING SUPPLY, LLC, a Delaware Limited Liability Company (No. 6413166), ENGLISH RIDING SUPPLY, LLC, a Pennsylvania Limited Liability Company (No. 7425042), ENGLISH RIDING SUPPLY HOLDINGS (64131080), a Delaware Limited Liability Company, and NCK CAPITAL, LLC, a Delaware Limited Liability Company,<br><br>          Defendant(s). | Case No. 2:25-cv-02238-DMG-ASx<br><br>**OLD ERS OBJECTIONS TO DECLARATION OF LAURA F. CORSI IN SUPPORT OF OPPOSITION TO MOTION TO DISMISS COMPLAINT PURSUANT TO F.R.C.P. 12(B)(2) AND 12(B)(3)**<br><br>DATE:    August 29, 2025<br>TIME:    9:30am<br>CTRM:    8C<br><br>Action Filed: March 13, 2025<br>FAC Filed:    June 12, 2025<br>Trial Date:    None Set |

1

OBJECTIONS TO DECLARATION OF LAURA F. CORSI                    2:25-cv-02238-DMG-ASx

Defendants English Riding Supply, Inc. and ERS Equestrian, Inc. (collectively "Old ERS") respectfully submit the following objections to the Declaration of Plaintiff Laura F. Corsi (ECF No. 63-1) submitted in support of Plaintiff's Opposition to Old ERS' Motion to Dismiss for Lack of Personal Jurisdiction and Improper Venue.

| Paragraph | Objectionable Material | Objection & Legal Grounds |
|---|---|---|
| ¶4 | "In March 2008, while residing in Long Beach, California, I negotiated and executed a written Agreement … I remained domiciled in California throughout the majority of my performance under that Agreement, from 2008 through August 2020." | Objection: Lacks Foundation – Fed. R. Evid. 602 Irrelevant – Fed. R. Evid. 401, 402<br><br>Grounds: Plaintiff's place of residence during contract negotiation and performance is irrelevant to the jurisdictional analysis. Personal jurisdiction must be based on defendants' contacts with the forum, not the plaintiff's. *See Walden v. Fiore*, 571 U.S. 277, 284–85 (2014). |
| ¶5 | "The ROMFH brand constituted a California-based asset when I granted an exclusive worldwide license in that brand…" | Objection: Lacks Foundation – Fed. R. Evid. 602 Improper Opinion/Legal Conclusion – Fed. R. Evid. 701 Relevance – Fed. R. Evid. 401<br><br>Grounds: Whether an intellectual property brand constitutes a "California-based asset" is a legal conclusion and not a factual statement within the personal knowledge of the declarant. Legal conclusions are inadmissible. *See United States v. Conn,* 657 F.3d 280, 286 (6th Cir. 2011). |
| ¶6 | "Cyrus Boatwalla… identified multiple companies in his portfolio… including Global Specialties, Inc. and American Specialties, Inc." | Objection: Hearsay – Fed. R. Evid. 801, 802 Lacks Authentication – Fed. R. Evid. 901 Lacks Foundation – Fed. R. Evid. 602 Lacks Personal Knowledge<br><br>Grounds: Plaintiff purports to paraphrase or summarize alleged email statements by a third party (Cyrus Boatwalla), which are inadmissible hearsay and have not been authenticated. *See Orr v. Bank of America*, 285 F.3d 764, 773–74 (9th Cir. 2002) (unauthenticated documents and hearsay inadmissible).<br>Additionally, Plaintiff lacks foundation and personal knowledge regarding Mr. Boatwalla's role with Old ERS, if any. |

2

OBJECTIONS TO DECLARATION OF LAURA F. CORSI                    2:25-cv-02238-DMG-ASx

| ¶7 | "ROMFH products continued to be designed, marketed, and sold throughout California… Defendants developed their own California sales network…" | Objection: Lacks Foundation – Fed. R. Evid. 602 Speculation – Fed. R. Evid. 602 Relevance – Fed. R. Evid. 401<br><br>Grounds: Plaintiff lacks personal knowledge of Old ERS' internal marketing or distribution strategies. *See Argo v. Blue Cross & Blue Shield of Kan., Inc.*, 452 F.3d 1193, 1200 (10th Cir. 2006). |
|---|---|---|
| ¶8 | "As recently as July 2025, ROMFH products remain available at numerous California retailers…" | Objection: Lacks Foundation – Fed. R. Evid. 602 Speculation – Fed. R. Evid. 602 Relevance – Fed. R. Evid. 401 Hearsay – Fed. R. Evid. 801, 802<br><br>Grounds: Plaintiff provides no foundation for her claim regarding post-2021 retail activity. Old ERS ceased operations in 2021 and is notresponsible for any subsequent sales. *See Holland Am. Line Inc. v. Wärtsilä N. Am., Inc.,* 485 F.3d 450, 459 (9th Cir. 2007). Further, Plaintiff lacks foundation and personal knowledge regarding any of the retailers she listed from the ERS website. She does not provide any evidence, nor does she have personal knowledge, to suggest that ***Old ERS*** has any contractual relationships with any of the retailers. The simple fact that some retailers may sell a national brand's products does not amount to purposeful availament. Finally, the list of retailers on the website is inadmissible hearsay, as it is an out of court statement offered for the truth of the matter asserted and no exceptions or exclusions apply. |
| ¶9 | "Defendants organized and participated in multiple California trade shows… Defendants employed me to attend…" | Objection: Hearsay – Fed. R. Evid. 802 Lacks Foundation – Fed. R. Evid. 602 Improper Opinion – Fed. R. Evid. 701<br><br>Grounds: No evidence is offered that Old ERS organized such shows or employed Plaintiff to attend. Plaintiff's subjective belief is not competent evidence. *See Columbia Pictures Indus., Inc. v. Prof. Real Estate Inv'rs, Inc.,* 944 F.2d 1525, 1529 (9th Cir. 1991). |

3

OBJECTIONS TO DECLARATION OF LAURA F. CORSI                    2:25-cv-02238-DMG-ASx

| ¶10 | "Defendants classified and compensated me as a California-based employee…" | Objection: Lacks Foundation – Fed. R. Evid. 602<br>Legal Conclusion – Fed. R. Evid. 701<br>Relevance – Fed. R. Evid. 401<br>Expert Opinion – Fed R. Evid. 702<br><br>Grounds: Whether Plaintiff was legally an "employee" is a legal determination. *See Villiarimo v. Aloha Island Air, Inc.*, 281 F.3d 1054, 1059 n.5 (9th Cir. 2002). It also seeks expert opinion, which Plaintiff is not qualified to make. |
| --- | --- | --- |
| ¶11 | "In 2022, I was required to sign a new-hire nondisclosure agreement… governed by California law…" | Objection: Relevance – Fed. R. Evid. 401<br>Lacks Foundation – Fed. R. Evid. 602<br><br>Grounds: Old ERS ceased operations in 2021. Plaintiff does not establish that Old ERS was a party to the 2022 agreement. *See Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 482 (1985). |
| ¶12 | "Defendants have repeatedly engaged California-based service providers… including AspenHR…" | Objection: Hearsay – Fed. R. Evid. 802<br>Lacks Authentication – Fed. R. Evid. 901<br>Lacks Foundation – Fed. R. Evid. 602<br><br>Grounds: Plaintiff attaches documents not properly authenticated and offers legal conclusions about corporate affiliations. *See Carmen v. San Francisco Unified Sch. Dist.*, 237 F.3d 1026, 1028–29 (9th Cir. 2001). Plaintiff's lacks foundation and personal knowledge regarding which entities Old ERS was affiliated with or used to perform business on its behalf. Old ERS never used AspenHR to pay Plaintiff or for any purpose. Rolla Supp. Decl. at ¶ 6. |
| ¶13 | "In June 2024, I relocated to Tennessee…" | Objection: Relevance – Fed. R. Evid. 401, 402<br><br>Grounds: Plaintiff's current residence is irrelevant to the jurisdiction or venue analysis, which concerns the facts at the time of alleged breach. |

4

| ¶14 | "California is a major source of revenue for the brand… Defendants have directed extensive activities to California…" | Objection: Speculation – Fed. R. Evid. 602<br>Lacks Foundation – Fed. R. Evid. 602<br>Improper Opinion – Fed. R. Evid. 701<br>Relevance – Fed. R. Evid. 401<br><br>Grounds: Plaintiff lacks personal knowledge or financial data to quantify revenues or "extensive activities." Legal conclusions as to jurisdiction are improper. *See Chung v. TSE,* 2022 WL 2709666 (C.D. Cal. July 12, 2022).Plaintiff's assertion that California "is a major source of revenue for the brand" is pure speculation. Old ERS ceased operations in 2021 and its California sales while it was operable only amounted to approximately 8% of its total revenue. Rolla Supp. Decl. at ¶¶ 3, 10. Therefore, Plaintiff lacks foundation and personal knowledge. |
| --- | --- | --- |
| ¶15 | "Defendants have maintained continuous sales and marketing activities… making California the proper venue…" | Objection: Legal Conclusion – Fed. R. Evid. 701<br>Lacks Foundation – Fed R. Evid. 602.<br>Speculation – Fed. R. Evid. 602<br>Relevance – Fed. R. Evid. 401<br>Improper Opinion – Fed R. Evid. 701, 702.<br><br>Grounds: Plaintiff offers a legal conclusion as to venue that is outside her competence. *See United States v. Scholl,* 166 F.3d 964, 973 (9th Cir. 1999). Plaintiff lacks foundation and personal knowledge to assert that Old ERS Old ERS maintained continuous sales and marketing services in California. Current Romfh brand product sales are irrelevant as Old EERS is no longer operable. Rolla Supp. Decl. at ¶ 10. |

5

OBJECTIONS TO DECLARATION OF LAURA F. CORSI                    2:25-cv-02238-DMG-ASx

| Ex A | Email allegedly from Cyrus Boatwalla | Hearsay: Fed. R. Evid. 801, 802<br>Lacks Authentication: Fed. R. Evid. 901(a)<br>Lacks Foundation: Fed. R. Evid. 602<br>Irrelevant: Fed. R. Evid. 401, 402<br>Speculation: Fed. R. Evid. 602<br><br>Grounds: Exhibit A consists of unauthenticated email communications allegedly from Cyrus Boatwalla, which Plaintiff seeks to introduce to establish the identities, roles, and affiliations of various corporate entities. These emails are inadmissible hearsay under Rules 801 and 802 because Plaintiff offers them for the truth of the matters asserted. Namely, that Old ERS was affiliated with Global Specialties, Inc. and American Specialties, Inc. Furthermore, there is no accompanying declaration or certification from Mr. Boatwalla to authenticate the authorship or content of these emails as required by Rule 901. *See Orr v. Bank of America*, 285 F.3d 764, 773 (9th Cir. 2002) (unauthenticated emails are inadmissible). Plaintiff has not established personal knowledge of the sender's identity or business affiliations, and she may not rely on speculation or secondhand statements to establish jurisdictional facts. *See Block v. City of Los Angeles*, 253 F.3d 410, 419 (9th Cir. 2001) (declarant must show personal knowledge and competence to testify to the facts stated). |
| Ex B | Alleges Sales Rep Map | Objection: Lacks Foundation: Fed. R. Evid. 602<br>Lacks Authentication: Fed. R. Evid. 901<br>Relevance: Fed. R. Evid. 401<br>Hearsay – 801, 802<br><br>Grounds: Plaintiff provides no explanation of who prepared the map, when it was created, or which entity (Old ERS or New ERS) it represents. There is no competent evidence connecting this map to Old ERS' alleged contacts with California. The map contains no date or source and is unauthenticated. *See Las Vegas Sands, LLC v. Nehme,* 632 F. App. 941, 943 (9th Cir. 2015) (rejecting documents lacking authentication and evidentiary foundation). Additionally, Plaintiff is improperly attempting to use inadmissible out of court statements to prove Old ERS utilized sales representatives in numerous locations. |

6

| Ex C | Alleged ROMFH Website Printout | Objection: Lacks Foundation: Fed. R. Evid. 602<br>Lacks Authentication: Fed. R. Evid. 901<br>Relevance: Fed. R. Evid. 401<br>Hearsay: Fed. R. Evid. 801, 802<br><br>Grounds: Plaintiff attaches current web pages from the ROMFH website showing product availability at California retailers. However, there is no evidence connecting the listed retailers or sales to Old ERS, which ceased operations in 2021. The printouts are unauthenticated and do not establish that Old ERS targeted California. *See Holland Am. Line Inc. v. Wartsila N. Am., Inc.,* 485 F.3d 450, 459 (9th Cir. 2007) (presence of product in forum state via downstream distributors is insufficient). |
| Ex D | Flyer and Email Regarding Horse Show Sponsorship | Objection: Hearsay: Fed. R. Evid. 801, 802<br>Lacks Foundation: Fed. R. Evid. 602<br>Lacks Authentication: Fed. R. Evid. 901<br>Relevance: Fed. R. Evid. 401<br><br>Grounds: Plaintiff seeks to show that Old ERS participated in California-based promotional events. However, there is no evidence that Old ERS organized or participated in the events shown. The flyer and email are unauthenticated, and the email is inadmissible hearsay. *See Canada v. Blain's Farm & Fleet, Inc*., No. 22-CV-01242, 2023 WL 3293137, at *6 (C.D. Ill. May 5, 2023) (rejecting unauthenticated marketing materials lacking clear linkage to the defendant). |
| Ex E | 2022 NDA | Objection: Relevance: Fed. R. Evid. 401<br>Lacks Foundation: Fed. R. Evid. 602<br>Lacks Authentication: Fed. R. Evid. 901<br><br>Grounds: The agreement post-dates Old ERS' 2021 asset sale and contains no reference to Old ERS. Plaintiff offers no evidence that Old ERS was a party to or had any involvement with the 2022 agreement. A choice-of-law clause selecting California does not confer jurisdiction. *See Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 482 (1985). |

7

OBJECTIONS TO DECLARATION OF LAURA F. CORSI                    2:25-cv-02238-DMG-ASx

| Ex F | Email Chain Regarding Payment Through ASI | Objection: Hearsay: Fed. R. Evid. 801, 802<br>Lacks Authentication: Fed. R. Evid. 901<br>Lacks Foundation: Fed. R. Evid. 602<br><br>Grounds: Plaintiff attempts to use email communications to show a relationship between Old ERS and ASI. These emails are hearsay and are unauthenticated. No declarant with personal knowledge has verified their origin or content. *See Orr*, 285 F.3d at 773-74 (emails must be authenticated and tied to declarant%E2%80%99s personal knowledge). |
| --- | --- | --- |
| Ex G | Paystub from Global Specialties | Objection: Lacks Foundation: Fed. R. Evid. 602<br>Relevance: Fed. R. Evid. 401<br>Lacks Authentication: Fed. R. Evid. 901<br><br>Grounds: The paystub shows Plaintiff was paid by Global Specialties, a different entity. It does not show Old ERS paid her or operated in California. Plaintiff offers no evidence linking Old ERS to Global Specialties beyond ownership. Shared ownership does not establish jurisdiction. *See Ranza v. Nike, Inc*., 793 F.3d 1059, 1070 (9th Cir. 2015). |
| Ex H | W-2 Showing Payment Through AspenHR | Objection: Lacks Foundation: Fed. R. Evid. 602<br>Relevance: Fed. R. Evid. 401<br>Lacks Authentication: Fed. R. Evid. 901<br><br>Grounds: Plaintiff presents a W-2 showing AspenHR issued payment. There is no evidence that Old ERS was the employer or had any contractual relationship with AspenHR. The document is unauthenticated and does not support jurisdiction over Old ERS. *See Carmen v. San Francisco Unified Sch. Dist.,* 237 F.3d 1026, 1029 (9th Cir. 2001) (unauthenticated and unsupported documents are inadmissible). |

8

OBJECTIONS TO DECLARATION OF LAURA F. CORSI                    2:25-cv-02238-DMG-ASx

**Request for Relief:**

Old ERS respectfully request that the Court sustain the above objections and disregard the identified portions of the Declaration of Plaintiff Laura F. Romfh in ruling on the pending Motion to Dismiss.

Dated:  July 25, 2025                    **MANNING GROSS + MASSENBURG LLP**

By /s/Matthew Behboud
Daniel P. Schrader
Dane W. Schrader
Matthew Behboud
Attorneys for Defendants
ENGLISH RIDING SUPPLY, INC. and
ERS EQUISTRIAN, INC.

9