Katie M. Charleston (SBN 252422)
Katie Charleston Law, PC
1905 S. New Market St., Ste. 169
Carmel, IN 46032
PH: 317-663-9190
Fax: 317-279-6258
Email: katie@katiecharlestonlaw.com

Attorney for Plaintiff, Laura F. Corsi, (a/k/a Laura F. Romfh)

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**WESTERN DIVISION**

| | |
|---|---|
| Laura F. Corsi, (a/k/a Laura F. Romfh),<br><br>    Plaintiff,<br><br>vs.<br><br>English Riding Supply, Inc., et al.<br><br>    Defendants. | Case No.: 2:25-cv-02238-DMG-KES<br>**OPPOSITION TO DEFENDANTS ENGLISH RIDING SUPPLY, LLC'S (6413166), ENGLISH RIDING SUPPLY HOLDINGS' (64131080), and NCK CAPITAL, LLC'S, MOTION TO DISMISS FIRST AMENDED COMPLAINT**<br><br>*(Filed concurrently with Declaration of Laura Corsi; proposed order)*<br><br>**JURY TRIAL DEMANDED**<br>**Complaint Filed: March 13, 2025**<br>**FAC Filed:          June 12, 2025**<br><br>**Hearing Date:     August 29, 2025**<br>**Hearing Time:     9:30 a.m.**<br>**Courtroom:          8C** |

**PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO DISMISS FIRST AMENDED COMPLAINT**

TABLE OF CONTENTS

I.    INTRODUCTION.............................................................................. 7

II.   PROCEDURAL HISTORY...............................................................7

III.  FACTS...........................................................................................7

IV.   LEGAL STANDARD.......................................................................9

    A.  PERSONAL JURISDICTION.....................................................9

    B.  VENUE.................................................................................. 11

    C.  TRANSFER............................................................................11

    D.  12(B)(6) MOTION...................................................................12

V.    ARGUMENT................................................................................. 13

    A.  JURISDICTION OVER LLC DEFENDANTS IS REASONABLE AND JUST............ 13

        1.  *The Defendants have purposefully availed themselves of the privileges of conducting business in California*.............................13

        2.  *Plaintiff's claim arises out of Defendan's' conduct in the State of California*...................................................... 15

        3.  *The exercise of jurisdiction over Defendants comports with fair play and substantial justice*.............................................16

    B.  VENUE IS PROPER, AND TRANSFER IS UNWARRANTED UNDER 28 U.S.C. § 1391 SO DEFENDANTS ARE NOT ENTITLED TO DISMISSAL UNDER FED. R. CIV. P. 12(B)(3)....................................................18

    C.  PLAINTIFF HAS ALLEGED SUFFICIENT FACTS TO STATE ITS CLAIMS, SO DEFENDANTS ARE NOT ENTITLED TO DISMISSAL UNDER FED. R. CIV. P. 12(B)(6)....................................................19

        1.  *Tortious Interference (Count 10)*........................................... 20

**PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO DISMISS FIRST AMENDED COMPLAINT**

2.  *Fraud in the Inducement (Count 4)*.................................................22

3.  *Non-Compete Clauses (Counts 1-3)*.............................................23

4.  *Fiduciary Duty (Count 7)*.............................................................24

5.  *Breach of Contract Claim (Count 6)*...........................................25

6.  *Quasi-Contract Claims (Count 8-9)*.............................................25

7.  *False Designation Claim (Count 11)*............................................26

**VI.  CONCLUSION..................................................................................28**

---

**PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO DISMISS FIRST AMENDED COMPLAINT**

3

TABLE OF AUTHORITIES

*Page(s)*

*Cases*

*Acumed LLC v. Advanced Surgical Servs., Inc.,*
(3d Cir. 2009), 561 F.3d 199.................................................................................. 20

*Applera Corp. v. MP Biomeds., LLC,*
(2009) 93 Cal.Rptr.3d 178...................................................................................... 20

*Application Group, Inc. v. Hunter Group, Inc.,*
(1998) 61 Cal.App.4th 881 ......................................................................... 10, 17, 23

*Asahi Kasei Pharma Corp. v. Actelion Ltd.,*
(2013) 222 Cal.App.4th 945.................................................................................... 21

*Ashcroft v. Iqbal,*
(2009) 556 U.S. 662........................................................................................... 12, 19

*Astiana v. Hain Celestial Group, Inc.,*
(9th Cir. 2015) 783 F.3d 753.................................................................................. 25

*Axiom Foods, Inc. v. Acerchem Int'l, Inc.,*
(9th Cir. 2017) 874 F.3d 1064......................................................................... 10, 13

*Baton v. Ledger SAS,*
(N.D. Cal. 2024) 740 F.Supp.3d 847............................................................... 10, 15

*Bell Atl.Corp. v. Twombly,*
(2007) 550 U.S. 544........................................................................................... 12, 19

*Boschetto v. Hansing,*
(9th Cir. 2008) 539 F.3d 1011................................................................................ 10

*Bowen v. JEA Senior Living Health & Welfare Benefit Plan LLC,*
(C.D. Cal. Nov. 19, 2020) 2020 WL 7755681....................................................... 11

*Bowser v. Foundation Building Materials, LLC,*
(C.D. Cal. Sept. 20, 2024) 2024 WL 4255057....................................................... 18

*Bratt v. Love Stories TV, Inc.,*
(S.D. Cal. 2024) 713 F. Supp. 3d 847.....................................................................27

*Burger King Corp. v. Rudzewicz,*
(1985) 471 U.S. 462..........................................................................................13, 14

*CE Distribution, LLC v. New Sensor Corp.,*
(9th Cir. 2004) 380 F.3d 1107................................................................................ 16

*Chaganti v. I2 Phone Intern., Inc.,*
(N.D. Cal. 2007) 635 F.Supp.2d 1065....................................................................21

*City of Hope National Medical Center v. Genentech, Inc.,*
(2008) 43 Cal.4th 375............................................................................................. 24

*Cleveland v. Johnson,*
(2012) 209 Cal.App.4th 1315................................................................................. 24

*Cook, Perkiss & Liehe, Inc. v. N. Cal. Collection Serv. Inc.,*
(9th Cir. 1990) 911 F.2d 242.................................................................................. 13

**PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO DISMISS FIRST AMENDED COMPLAINT**

4

*Corbello v. DeVito*,
 (D. Nev. 2011) 832 F. Supp. 2d 1231.................................................................26

*Daimler AG v. Bauman*,
 (2014) 571 U.S. 117...........................................................................................10

*Deville v. Specialized Loan Servicing, LLC*,
 (C.D. Cal. Sept. 9, 2020) 2020 WL 13267725................................................ 22

*Ford Motor Co. v. Montana Eighth Jud. Dist. Ct.*,
 592 U.S. 351.................................................................................................. 9, 10

*Goodyear Dunlop Tires Operations, S.A. v. Brown*,
 (2011) 564 U.S. 915...........................................................................................10

*GoTo.com, Inc. v. Walt Disney Co.*,
 (9th Cir. 2000) 202 F.3d 1199.......................................................................... 27

*Halicki Films, LLC v. Sanderson Sales & Mktg.*,
 (9th Cir. 2008) 547 F.3d 1213.......................................................................... 27

*Herbert v. Lankershim*,
 (1937) 9 Cal.2d 409...........................................................................................24

*Impossible Foods Inc. v. Impossible X LLC*,
 (9th Cir. 2023) 80 F.4th 1079................................................................. 9, 10, 13

*InMode Ltd. v. BTL Indus., Inc.*,
 (C.D. Cal. 2024) 756 F. Supp. 3d 809........................................................ 11, 12

*Int'l Shoe Co. v. Washington*,
 (1945) 326 U.S. 310.............................................................................................9

*Jones v. GNC Franchising, Inc.*,
 (9th Cir. 2000) 211 F.3d 495............................................................................ 12

*Keeton v. Hustler Magazine, Inc.*,
 (1984) 465 U.S. 770...........................................................................................14

*Kukje Hwajae Ins. Co. v. M/V Hyundai Liberty*,
 (9th Cir. 2005) 408 F.3d 1250.......................................................................... 11

*LNS Enters. LLC v. Cont'l Motors, Inc.*,
 (9th Cir. 2022) 22 F.4th 852............................................................................... 9

*Mason v. Telefunken Semiconductors America, LLC*,
 (1st Cir. 2015) 797 F.3d 33...............................................................................20

*Metzler Inv. GMBH v. Corinthian Colls., Inc.*,
 (9th Cir. 2008) 540 F.3d 1049.................................................................... 12, 19

*Murphy v. Schneider Nat'l, Inc.*,
 (9th Cir. 2004) 362 F.3d 1133.......................................................................... 11

*Oddo v. Ries*,
 (9th Cir. 1984) 743 F.2d 630............................................................................ 26

*Old Republic Insurance Company v. Continental Motors, Inc.*,
 (2017) 877 F.3d 895.......................................................................................... 10

*Pacific Gas & Electric Co. v. Bear Stearns & Co.*,
 (1990) 50 Cal.3d 1118...................................................................................... 21

**PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO DISMISS
FIRST AMENDED COMPLAINT**

5

*People ex rel. Lockyer v. R.J. Reynolds Tobacco Co.*,
  (2003) 132 Cal.Rptr.2d 151.................................................................................20
*Picot v. Weston*,
  (9th Cir. 2015) 780 F.3d 1206............................................................................16
*Piedmont Label Co. v. Sun Garden Packing Co.*,
  (9th Cir. 1979) 598 F.2d 491.............................................................................11
*Reddy v. Litton Indus., Inc.*,
  (9th Cir. 1990) 912 F.2d 291.............................................................................13
*Richman v. Hartley*,
  (2014) 224 Cal. App. 4th 1182..........................................................................25
*Rutherford Holdings, LLC v. Plaza Del Rey*,
  (2014) 223 Cal.App.4th 221..............................................................................25
*Spector v. Nat'l Pictures Corp.*,
  (1962) 20 Cal.Rptr. 307.....................................................................................20
*Summit Tech., Inc. v. High-Line Med. Instruments, Co.*,
  (C.D. Cal. 1996) 933 F. Supp. 918.....................................................................27
*Travelers Health Ass'n v. Com. of Va. ex rel. State Corp. Com'n*,
  (1950) 339 U.S. 643...........................................................................................14
*United Tactical Sys., LLC v. Real Action Paintball, Inc.*,
  (N.D. Cal. 2015) 143 F. Supp. 3d 982................................................................27
*Walden v. Fiore*,
  (2014) 571 U.S. 277..............................................................................................9
*Yahoo! Inc. v. La Ligue Contre Le Racisme Et L'Antisemitisme* (9th Cir. 2006),
  433 F.3d 1199 (en banc)........................................................................................9
*Zamfir v. Casperlabs, LLC*,
  (S.D. Cal. 2021) 528 F.Supp.3d 1136................................................................27

**Statutes**

28 U.S.C. § 1391(b)(2)............................................................................................17
28 U.S.C. § 1404(a).....................................................................................11, 12, 18
Cal. Civ. Proc. Code § 410.10...................................................................................9

**Rules**

Fed. R. Civ. P. 8(a)............................................................................................12, 19

**PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO DISMISS
FIRST AMENDED COMPLAINT**

## I.  INTRODUCTION

English Riding Supply, LLC (6413166), English Riding Supply Holdings LLC, and NCK Capital, LLC ("LLC Defendants") seek to avoid liability through a motion that ignores their role as successors-in-interest to the 2008 Agreement and their ongoing commercial relationship with Laura Corsi ("Plaintiff"), a former California resident and the original designer and co-owner of the ROMFH brand.  These Defendants directly benefited from Plaintiff's work while she lived and worked in California and continued to market and sell ROMFH-branded products under her name.  They have derived profits from Plaintiff's intellectual property and likeness for years, including while she was developing product lines, attending trade shows, and promoting the brand within this District.  Personal jurisdiction and venue are proper in California, where a substantial portion of the conduct giving rise to Plaintiff's claims occurred.  Further, Plaintiff has plausibly alleged facts which give rise to liability under the claims alleged. Accordingly, LLC Defendants' motion to dismiss should be denied in full, and this matter should proceed here, where properly filed.

## II. PROCEDURAL HISTORY

Plaintiff filed her Complaint on March 13, 2025.  A First Amended Complaint ("FAC") was filed on June 12, 2025.  On July 2, 2025, Defendants English Riding Supply, Inc. and ERS Equestrian, Inc. (hereafter "ERS") filed a Motion to Dismiss for lack of personal jurisdiction and improper venue.  On July 3, 2025, LLC Defendants filed the instant Motion to Dismiss for lack of personal jurisdiction, improper venue, and failure to state a claim.  A hearing on both motions is scheduled for August 29, 2025.

## III.   FACTS

Plaintiff Laura Corsi[1] is the founder and original designer of the ROMFH brand,

---

[1] Since filing the Complaint, Ms. Corsi has legally changed her name back to Laura Romfh.  We continue to refer to her as Ms. Corsi throughout to maintain consistency.

---

**PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO DISMISS FIRST AMENDED COMPLAINT**

which she created while living in San Diego, California.  In 2008, she executed an agreement with ERS, granting them a fifty percent (50%) ownership interest in the ROMFH trademark in exchange for $12,000, royalties, and ongoing design work.  Corsi Decl. ¶ 5.  This agreement was negotiated and executed in California, where Plaintiff lived and worked for the vast majority of her performance under the agreement, from 2008 through at least August 2020.  FAC  ¶¶ 4-5 [Dkt. 48]; Corsi Decl. ¶¶ 4-5.  The contract specifically contemplated that ERS's "interest in the brand may be assigned by ERS to a successor-in-interest," provided that the successor accepted its rights and obligations.  Ex. A ¶ 7 [Dkt. 48-01].  LLC Defendants are successors-in-interest to ERS and continue operating the ROMFH brand subject to the rights and obligations of that agreement.  Despite their attempt to distance themselves, these entities have continued to rely on Plaintiff's work and brand identity for marketing and sales purposes, profiting from her designs, name, and goodwill.  Corsi Decl. ¶¶ 6, 8.

Throughout her employment, Plaintiff performed substantial work in California, including developing new collections, managing social media for the brand, attending trade shows, and building enduring relationships with California-based retailers and service providers.  Corsi Decl. ¶ 11.  Plaintiff was paid as a California employee and received standard California employee documents, such as workers' compensation disclosures.  Corsi Decl. ¶ 9.  She was also subject to a nondisclosure agreement in 2022 that selected California as the governing law and forum.  Corsi Decl. ¶ 10.  Payroll and benefits were managed through California-based AspenHR, and Plaintiff was paid through two California corporations owned by Cyrus Boatwalla: Global Specialties Direct, Inc. and American Specialties, Inc.  FAC  ¶¶ 19, 68 [Dkt. 48].  In short, Defendants systematically used California entities and resources to carry out their business relationship with Plaintiff and to exploit the ROMFH brand.

ROMFH products continue to be marketed and sold extensively throughout California, and the LLC Defendants have maintained a dedicated California sales

**PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO DISMISS FIRST AMENDED COMPLAINT**

8

representative to support and expand their retail relationships in the state. Corsi Decl. ¶ 11. These retail relationships continue to generate substantial revenue for the Defendants, including the LLC Defendants as successors-in-interest. *Id*.

Plaintiff has no connection to Pennsylvania, and it would be a burden on her to litigate this matter due to her lack of residence, connection, and the expense. Corsi Decl. ¶ 12.

## IV. LEGAL STANDARD

### A. Personal Jurisdiction

"Federal courts ordinarily follow state law in determining the bounds of their jurisdiction over persons." *Walden v. Fiore* (2014) 571 U.S. 277, 283 (citation omitted). The Due Process Clause permits the exercise of personal jurisdiction if the defendant has sufficient "minimum contacts" with the forum state "such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice." *LNS Enters. LLC v. Cont'l Motors, Inc.* (9th Cir. 2022) 22 F.4th 852, 858 (*quoting Walden, supra* 571 U.S. a 283,); *see also Int'l Shoe Co. v. Washington* (1945) 326 U.S. 310, 316–17.

To obtain personal jurisdiction, a federal district court is constrained by the Fourteenth Amendment's Due Process Clause and the long-arm statute of the state in which it sits. *Ford Motor Co. v. Montana Eighth Jud. Dist. Ct.*, 592 U.S. 351, 348. California exercises jurisdiction "on any basis not inconsistent with the Constitution of [California] or of the United States." Cal. Civ. Proc. Code § 410.10. Because California courts may exercise jurisdiction on any basis not inconsistent with due process, the jurisdictional analysis is the same under state and federal law. *See Yahoo! Inc. v. La Ligue Contre Le Racisme Et L'Antisemitisme* (9th Cir. 2006) 433 F.3d 1199, 1205 (en banc) (per curiam).

Personal jurisdiction can be either general or specific. A court may exercise general jurisdiction "only when a defendant is 'essentially at home' in the State."

**PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO DISMISS FIRST AMENDED COMPLAINT**

*Impossible Foods Inc. v. Impossible X LLC* (9th Cir. 2023) 80 F.4th 1079, 1086, cert. denied (2024) 144 S.Ct. 2561, *quoting, Ford Motor Co.*, *supra*, 141 S. Ct. at 1024 (*quoting Goodyear Dunlop Tires Operations, S.A. v. Brown* (2011) 564 U.S. 915, 919). For a corporate defendant, general jurisdiction is typically appropriate in the state where the entity is incorporated or where it maintains its principal place of business.  *Daimler AG v. Bauman* (2014) 571 U.S. 117, 137.

Specific jurisdiction "covers defendants less intimately connected with a State, but only as to a narrower class of claims."  *Ford Motor Co., supra*, 141 S. Ct. at 1024. There are "three requirements for establishing specific jurisdiction over a non-resident defendant: (1) the defendant must either purposefully direct his activities toward the forum or purposefully avail himself of the privileges of conducting activities in the forum; (2) the claim must be one which arises out of or relates to the defendant's forum-related activities; and (3) the exercise of jurisdiction must comport with fair play and substantial justice, i.e. it must be reasonable.  *Impossible Foods Inc., supra,* 80 F.4th at 1086, *quoting*, *Axiom Foods, Inc. v. Acerchem Int'l, Inc.* (9th Cir. 2017) 874 F.3d 1064, 1068 (alterations and quotations omitted).  The Plaintiff bears the burden on the first two prongs and, if met, Defendants "must come forward with a 'compelling case' that the exercise of jurisdiction would not be reasonable."  *Impossible Foods Inc., supra,* 80 F.4th at 1087, *quoting Boschetto v. Hansing* (9th Cir. 2008) 539 F.3d 1011, 1016.

Courts have held that purposeful availment constitutes personal jurisdiction when a defendant deliberately engages in significant activities within a forum state or creates continuing obligations with its residents.  *Baton v. Ledger SAS* (N.D. Cal. 2024) 740 F.Supp.3d 847.  Similarly, exploiting a forum state's market has been found to be a basis for personal jurisdiction.  *Old Republic Insurance Company v. Continental Motors, Inc.* (2017) 877 F.3d 895.

California has a significant and material interest in adjudicating cases concerning its residents, especially in the case of contract terms that fly in the face of fundamental

**PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO DISMISS FIRST AMENDED COMPLAINT**

state policy. *Application Group, Inc. v. Hunter Group, Inc.* (1998) 61 Cal.App.4th 881, 897.

### B. Venue

When a defendant files a motion to dismiss for improper venue, plaintiff has the burden of showing that the venue is proper. *Piedmont Label Co. v. Sun Garden Packing Co.* (9th Cir. 1979) 598 F.2d 491, 496. In deciding a Rule 12(b)(3) motion, a court may consider facts outside the pleadings, and it does not have to accept the allegations in the plaintiff's pleading as true. *Kukje Hwajae Ins. Co. v. M/V Hyundai Liberty* (9th Cir. 2005) 408 F.3d 1250, 1254. If there are contested facts, the court is obligated to draw all reasonable inferences to resolve the factual conflicts in favor of the non-moving party, or conduct an evidentiary hearing to resolve disputed facts. *Murphy v. Schneider Nat'l, Inc.* (9th Cir. 2004) 362 F.3d 1133, 1138–39.

### C. Transfer

"For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented." 28 U.S.C. § 1404(a). A district court has broad discretion to transfer a case to another district where venue is also proper. *Bowen v. JEA Senior Living Health & Welfare Benefit Plan LLC* (C.D. Cal. Nov. 19, 2020) 2020 WL 7755681, at *1.

If another venue is proper and a case could have been brought there, courts consider "whether transfer would be fair and convenient." *InMode Ltd. v. BTL Indus., Inc.* (C.D. Cal. 2024) 756 F. Supp. 3d 809, 814. The Ninth Circuit "articulated a non-exhaustive list of factors for a court to weigh when considering the convenience of the parties and witnesses and the interests of justice," including:

> (1) the location where the relevant agreements were negotiated and executed, (2) the state that is most familiar with the governing law, (3) the plaintiff's choice of forum, (4) the respective parties' contacts with the forum, (5) the contacts relating

to the plaintiff's cause of action in the chosen forum, (6) the differences in the costs of litigation in the two forums, (7) the availability of compulsory process to compel attendance of unwilling non-party witnesses, and (8) the ease of access to sources of proof. Additionally, the presence of a forum selection clause is a "significant factor" in the court's § 1404(a) analysis. We also conclude that the relevant public policy of the forum state, if any, is at least as significant a factor in the § 1404(a) balancing. *Jones v. GNC Franchising, Inc.* (9th Cir. 2000) 211 F.3d 495, 498–99.

*Id*. at 814-15.

### D. 12(b)(6) Motion

A complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). The plaintiff must proffer enough facts to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal* (2009) 556 U.S. 662, 678, *quoting Bell Atl.Corp. v. Twombly* (2007) 550 U.S. 544, 570. On a motion under Rule 12(b)(6) for failure to state a claim, dismissal is appropriate only when the complaint does not give the defendant fair notice of a legally cognizable claim and the grounds on which it rests. *Twombly*, 550 U.S. at 555. A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

In considering whether the complaint is sufficient to state a claim, the court will take all material allegations as true and construe them in the light most favorable to the plaintiff. *Metzler Inv. GMBH v. Corinthian Colls., Inc*. (9th Cir. 2008) 540 F.3d 1049, 1061. The court's review is limited to the face of the complaint, materials incorporated into the complaint by reference, and facts of which the court may take judicial notice. *Metzler Inv. GMBH, supra*, at 1061. However, the court need not accept legal conclusions, including "threadbare recitals of the elements of a cause of action,

**PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO DISMISS FIRST AMENDED COMPLAINT**

12

supported by mere conclusory statements." *Iqbal*, *supra*, 556 U.S. at 678, (*citing Twombly*, 550 U.S. at 555).

When granting a motion to dismiss, the court is generally required to grant the plaintiff leave to amend, even if no request to amend the pleading was made, unless amendment would be futile. *Cook, Perkiss & Liehe, Inc. v. N. Cal. Collection Serv. Inc.* (9th Cir. 1990) 911 F.2d 242, 246–47. In determining whether an amendment would be futile, the court examines whether the complaint could be amended to cure the defect requiring dismissal. *Reddy v. Litton Indus., Inc.* (9th Cir. 1990) 912 F.2d 291, 296.

## V.    ARGUMENT

### A.    Jurisdiction Over LLC Defendants is Reasonable and Just

Personal jurisdiction is clear here. Defendants have (1) availed themselves of the privileges of conducting activities in California, (2) Ms. Corsi's claim arises out of Defendant's conduct in the State of California, mainly the contract between Plaintiff and Defendant; and (3) the exercise of jurisdiction over Defendants comports with fair play and substantial justice. Therefore, under *Impossible Foods Inc., supra*, Plaintiff has shown that this Court has jurisdiction over LLC Defendants. 80 F.4th at 1086, *quoting Axiom Foods, supra,* 874 F.3d at 1068 (alterations and quotations omitted).

*1.    The Defendants have purposefully availed themselves of the privileges of conducting business in California.*

LLC Defendants have directed their activities towards the forum and purposefully availed themselves of the privileges of conducting business in the forum. In *Burger King Corp. v. Rudzewicz*, the Supreme Court outlined factors for courts to consider when dealing with interstate jurisdictional contract disputes, including "prior negotiations and contemplated future consequences, along with the terms of the contract and the parties' actual course of dealing." *Burger King Corp. v. Rudzewicz* (1985) 471 U.S. 462, 479. There, the Court held that there was personal jurisdiction over a nonresident defendant when the defendant "purposefully directed" activities at forum

---

**PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO DISMISS FIRST AMENDED COMPLAINT**

13

residents and the litigation arises out of or relates to those activities.

Here, Defendants purposefully directed activities toward the forum state of California by entering into a contract with Ms. Corsi, a California resident.  FAC., Ex. A [Dkt. 48-01].  The contract clearly contemplated ongoing and future consequences, including but not limited to: (1) restricting Plaintiff from transferring her ownership interest in the ROMFH mark without Defendants' prior written consent; (2) requiring Plaintiff to develop two product lines per year for Defendants' consideration; (3) obliging Defendants to pay royalties to Plaintiff; and (4) imposing a non-compete provision on Plaintiff.  *Id.* ¶¶ 8–10, 15.  Accordingly, the contract's terms and the parties' course of dealing reflect a continuing relationship that was intended to have enduring effects within California.  LLC Defendants assumed this contract and maintained these future connections to California.

Where a defendant has "deliberately" engaged in substantial activities within a state (as noted in *Keeton v. Hustler Magazine, Inc.* (1984) 465 U.S. 770, 781), or has established "ongoing obligations" with residents of that state (as in *Travelers Health Ass'n v. Com. of Va. ex rel. State Corp. Com'n* (1950) 339 U.S. 643, 648), it is clear that the defendant has availed himself of the opportunity to do business in that state.  *Id.* at 475-76.  Because the defendant benefits from the protections and advantages of the state's laws, it is generally not unreasonable to require him to face the burdens of litigation in that state as well. *Id.*

On March 18, 2008, while residing in Long Beach, California, Plaintiff entered into an agreement with "English Riding Supply, Inc.," under which the company acquired a fifty percent (50%) ownership interest in Plaintiff's ROMFH brand and an exclusive worldwide license to use the ROMFH mark for the duration of the agreement. FAC ¶¶ 21, 23 [Dkt. 48].  In exchange, Plaintiff received $12,000 in consideration with future benefits from exploitation of the brand.  *Id.* ¶ 20.  That ownership interest was subsequently assigned to at least one of the LLC Defendants—yet Defendants never

**PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO DISMISS
FIRST AMENDED COMPLAINT**

14

provided Plaintiff with notice or documentation of those assignments. *Id*. ¶¶ 26–27, 29–33.

Plaintiff continued to work from California on behalf of English Riding Supply, including its successors or assigns, and was obligated to make available "all inventions, discoveries, improvements, and ideas" developed during the relationship. Ex. A ¶ 14 [Dkt. 48-01]. By engaging Plaintiff for the ongoing development of equestrian apparel products from within California, LLC Defendants purposefully availed themselves not only of California's contract law, but also of its employment and labor laws. Plaintiff was subject to California's tax regime and reported income derived from this working relationship while residing in the state, as she was paid monthly royalties. Ex. A ¶10-11 [ECF 48-01]; Corsi Decl. ¶ 9.

Accordingly, LLC Defendants were fully aware they were entering into a continuing business relationship with a California resident and expected her to perform material obligations from within California. Their deliberate engagement with Plaintiff under these terms constitutes purposeful availment of the privileges and protections of California law, and thus supports the exercise of personal jurisdiction in this forum.

> *2. Plaintiff's claim arises out of Defendan's' conduct in the State of California.*

Plaintiff's claim arises out of Defendant's conduct in California. To satisfy the second prong of the specific jurisdiction test, courts assess whether the is sufficiently connected to the defendant's forum-related activities. *Baton, supra,* 740 F.Supp.3d at 890, *motion to certify appeal granted* (N.D. Cal., July 7, 2025, No. 21-CV-02470-EMC) 2025 WL 1866348. While a direct causal link is not required, the plaintiff must show a meaningful connection between defendant's forum activities and the alleged injury. *Id*. Here, LLC Defendants—having succeeded to interests previously held by English Riding Supply—own the ROMFH mark and are beneficiaries of the contractual relationship with Plaintiff. That agreement imposed ongoing obligations on Ms. Corsi

---

**PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO DISMISS FIRST AMENDED COMPLAINT**

to perform for English Riding Supply and its "successor-in-interest." Ex. A ¶ 7 [Dkt. 48-01]. Specifically, she was required to submit two product lines per year for the LLC Defendants and was bound by a non-compete clause upon termination or departure. *Id.* ¶¶ 9, 16.

These continuing obligations underscore a close and deliberate relationship between the LLC Defendants and the forum state. LLC Defendants expected Plaintiff—while residing and working in California—to regularly develop new products for their benefit, and they were obligated to compensate her through royalty payments. Without this connection to Plaintiff and her work performed in California, LLC Defendants would not be producing ROMFH-branded products.

LLC Defendants' contacts with Plaintiff were not "random, fortuitous, or attenuated." *Picot v. Weston* (9th Cir. 2015) 780 F.3d 1206, 1212. On the contrary, the LLC Defendants deliberately became part of both an acquisition and employment arrangement involving Plaintiff: they obtained partial ownership of her trademark and retained her ongoing services as a designer. But for this agreement—formed and performed in substantial part in California—there would be no dispute. Thus, Plaintiff's claims arise directly out of Defendants' forum-related conduct.

       *3. The exercise of jurisdiction over Defendants comports with fair play and substantial justice.*

Jurisdiction over LLC Defendants comports with fair play and substantial justice. The Ninth Circuit considers seven factors in this analysis (1) the extent of the defendants' purposeful involvement in the forum state's affairs; (2) the burden on the defendant to defend in the forum; (3)conflict with the sovereignty of the Defendant's state; (4) the forum state's interest in the dispute; (5) judicial efficiency; (6) the forum's importance to the plaintiff's ability to obtain relief; and (7) the availability of an alternative forum." *CE Distribution, LLC v. New Sensor Corp.* (9th Cir. 2004) 380 F.3d 1107, 1112.

**PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO DISMISS FIRST AMENDED COMPLAINT**

Here, Defendants purposefully interjected themselves into California by contracting with and retaining a California resident—Plaintiff—to work on behalf of their company. They paid her a one-time fee for fifty percent (50%) ownership of her ROMFH trademark, agreed to pay her ongoing royalties, and maintained a long-standing business and employment relationship with her while she lived and worked in California. Ex. A ¶¶ 1, 9–13 [Dkt. 48-01]; Corsi Decl. ¶¶ 5, 6. From 2008 onward, LLC Defendants acquired this contract and directly benefited from Plaintiff's California-based work and connections, including her participation in trade shows and her relationships with California retailers and service providers. Corsi Decl. ¶ 11.

Given this extensive and sustained relationship with a California resident, LLC Defendants could have reasonably anticipated being hauled into court in California if a dispute arose. To hold otherwise would deprive Plaintiff—an individual of far less sophistication and resources than LLC Defendants—of any practical forum to enforce her rights where she resided and performed her obligations. The availability of an alternative forum alone does not negate California's jurisdiction. Due process requires more than mere availability of another court; it requires that jurisdiction be fair and just under the circumstances. Forcing Plaintiff to litigate in Pennsylvania would be unduly burdensome and would not comport with traditional notions of fair play and substantial justice.

Moreover, California has a compelling interest in adjudicating this dispute. The state has a strong public policy against the enforcement of oppressive non-compete clauses, unconscionable contracts, and the exploitation of its residents through unfair business practices, and California courts are uniquely suited to interpret and apply these doctrines and protections. *See generally, Application Group, Inc., supra,* 61 Cal.App.4th 881.

Accordingly, the LLC Defendants' motion to dismiss for lack of personal jurisdiction should be denied as their deliberate and ongoing relationship with Plaintiff

PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO DISMISS
FIRST AMENDED COMPLAINT

17

and California business fully supports the exercise of personal jurisdiction in this forum.

> **B.  Venue is proper, and transfer is unwarranted under 28 U.S.C. § 1391, so Defendants are not entitled to dismissal under Fed. R. Civ. P. 12(b)(3).**

Venue is proper in this judicial district under 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claim occurred in California.  Plaintiff negotiated and executed the 2008 Agreement while domiciled in Long Beach, California, and she performed the bulk of her obligations under the contract from within this District.  Corsi Decl. ¶ 6.  LLC Defendants also maintained a California sales network, including a dedicated California sales representative tasked with managing relationships with retailers throughout the state.  Corsi Decl. ¶ 11.  Plaintiff further coordinated and attended multiple California trade shows and promotional events in her capacity as designer and brand representative for the ROMFH line. *Id*.

Though LLC Defendants were not parties to the original 2008 Agreement, the contract expressly contemplated successors-in-interest, and the LLC Defendants—having acquired ownership in the ROMFH mark—fall squarely within that category.  Ex. A ¶ 7 [Dkt. 48-01].  As successors and direct beneficiaries of the Agreement, FAC ¶¶ 26–27, 29–33 [Dkt. 48], they received the benefit of Plaintiff's continued labor, designs, and intellectual property.  Therefore, they are subject to venue in this District based on their role and the claims arising directly from the 2008 Agreement.

As venue is proper, transfer under 28 U.S.C. § 1404(a) is not warranted.  A transfer to the Middle District of Pennsylvania would impose an undue burden on Plaintiff, an individual with limited resources, while the corporate LLC Defendants are well-equipped to litigate in California.  Corsi Decl. ¶ 12.  Plaintiff's declaration also

makes clear that litigating in Pennsylvania would present substantial personal and logistical burdens. *Id.*

Further, under the standard articulated in *Bowser v. Foundation Building Materials, LLC* (C.D. Cal. Sept. 20, 2024) 2024 WL 4255057 at \*3, the relevant factors strongly support retaining the case in this District. First, the operative facts occurred in California, where the contract was executed and performed. Second, California has a significant interest in adjudicating disputes involving unconscionable contracts, unfair competition, and unpaid royalties owed to its residents. Third, while Plaintiff no longer resides in California, she did during the critical periods of contract execution and performance. And finally, the subject matter of the litigation is closely tied to this forum, as Plaintiff's work was performed here and contributed to the development and success of the ROMFH brand.

Thus, this forum should be respected, and the Court should deny LLC Defendants' request to transfer venue.

### C. Plaintiff has alleged sufficient facts to state its claims, so Defendants are not entitled to dismissal under Fed. R. Civ. P. 12(b)(6).

Plaintiff has pled sufficient and plausible facts to state a claim for relief under the applicable legal standards. Under Federal Rule of Civil Procedure 8(a), a complaint must contain a short and plain statement of the claim demonstrating that the plaintiff is entitled to relief. To survive a motion to dismiss under Rule 12(b)(6), the complaint must allege facts that, if true, would state a claim that is plausible on its face. *Ashcroft, supra,* 556 U.S. at 678 (*quoting Bell Atl. Corp. v. Twombly* (2007) 550 U.S. 544, 570). Dismissal is proper only where the complaint fails to give the defendant fair notice of a legally cognizable claim and the grounds upon which it rests. *Twombly*, 550 U.S. at 555. A claim is facially plausible when the plaintiff alleges enough factual content to allow the court to reasonably infer that the defendant is liable for the alleged misconduct. *Iqbal,* 556 U.S. at 678.

---

**PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO DISMISS FIRST AMENDED COMPLAINT**

In assessing the sufficiency of a complaint, courts must accept all material factual allegations as true and construe them in the light most favorable to the plaintiff. *Metzler Inv. GMBH, supra,* 540 F.3d at 1061.  The court's review is limited to the four corners of the complaint, any materials incorporated by reference, and matters subject to judicial notice.  *Id.*  However, the court is not required to accept as true legal conclusions or bare assertions that merely recite the elements of a claim without factual support.  *Iqbal*, *supra*, 556 U.S. at 678, (*citing Twombly*, 550 U.S. at 555).

Here, the 2008 Agreement at issue clearly anticipates performance by successors. Paragraph 7 of the Agreement provides that "ERS's interest in the brand [ROMFH] may be assigned by ERS to a *successor-in-interest*, provided said *successor-in-interest* accepts all the rights and obligations of this Agreement."  Ex. A [Dkt. 48-01] (emphasis added).   The LLC Defendants, as successors in interest, were fully aware of the Agreement and its terms.  They knew of Plaintiff's ROMFH mark, her contractual obligation to produce two product lines per year, and the royalty payments owed to her. *Id*; *see also* FAC ¶¶38-39 [Dkt. 48].  Just because they were not parties to the original agreement does not insulate them from liability for breach or other related claims.

Courts generally look to the intent at the time of contract formation.  *See People ex rel. Lockyer v. R.J. Reynolds Tobacco Co.* (2003) 132 Cal.Rptr.2d 151, 158.  Under California law, a successor in interest to a contract who has not "renegotiated the terms of the contract [are] bound by the meaning assigned to its terms by the original parties." *Mason v. Telefunken Semiconductors America, LLC* (1st Cir. 2015) 797 F.3d 33, 40; s*ee also Applera Corp. v. MP Biomeds., LLC* (2009) 93 Cal.Rptr.3d 178, 196; *Spector v. Nat'l Pictures Corp.* (1962) 20 Cal.Rptr. 307, 312.  Here, because the LLC Defendants accepted the benefits of the 2008 Agreement and did not renegotiate its terms, they are bound by its obligations and are liable for any resulting breaches.

### 1. Tortious Interference (Count 10)

Plaintiff has sufficiently pled facts supporting a plausible claim for tortious

**PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO DISMISS FIRST AMENDED COMPLAINT**

20

interference against NCK Capital, LLC ("NCK").  To establish tortious interference with a contractual or prospective economic relationship, plaintiff must allege: "(1) the existence of a contractual or prospective contractual or economic relationship between the plaintiff and a third party; (2) purposeful action by the defendant, specifically intended to harm an existing relationship or intended to prevent a prospective relation from occurring; (3) the absence of privilege or justification on the part of the defendant; (4) legal damage to the plaintiff as a result of the defendant's conduct; and (5) for prospective contracts, a reasonable likelihood that the relationship would have occurred but for the defendant's interference."  *Acumed LLC v. Advanced Surgical Servs., Inc.*, (3d Cir. 2009), 561 F.3d 199, 212; *see also* Defs'. Mot. to Dismiss, pg. 14 [Dkt. 60-1].

Courts hold that a stranger to a contract may be liable for intentionally interfering with its performance.  *Pacific Gas & Electric Co. v. Bear Stearns & Co.* (1990) 50 Cal.3d 1118, 1126.  Under the manager's privilege, however, a company's manager is generally not liable for causing their own company to breach its contract—unless they interfere with a contract or relationship between third parties.  *Asahi Kasei Pharma Corp. v. Actelion Ltd.* (2013) 222 Cal.App.4th 945, 967; *Chaganti v. I2 Phone Intern., Inc.* (N.D. Cal. 2007) 635 F.Supp.2d 1065, 1074, aff'd (9th Cir. 2009) 313 Fed.Appx. 54.

Plaintiff alleges a valid, ongoing contractual relationship with ERS that expressly contemplated successors-in-interest.  Ex. A ¶ 7 [Dkt. 48-01]; FAC ¶¶ 116–118 [Dkt. 48].  Plaintiff further alleges that NCK deliberately disrupted this relationship by engaging a new designer to replace her and avoid paying her for future design work, despite her rights under the 2008 Agreement. FAC ¶ 38 [ECF 48].

If NCK owned and managed the LLC Defendants, the manager's privilege might apply.  But here, NCK Capital—a non-party to the 2008 Agreement—was a stranger to that contract and interfered with its performance by replacing Plaintiff and attempting to circumvent royalty obligations owed to her.  NCK Capital purposefully availed itself of

**PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO DISMISS
FIRST AMENDED COMPLAINT**

21

California jurisdiction by targeting a California resident's contractual rights and directing its actions toward the forum state.  These allegations establish that NCK intentionally interfered with Plaintiff's contractual and economic interests, causing financial harm, and at a minimum state a plausible claim for tortious interference, warranting denial of NCK's motion to dismiss.

### 2. Fraud in the Inducement (Count 4)

Plaintiff has alleged sufficient facts to meet the elements of fraud under California law.  Under California Civil Code § 1572, a fraud claim requires the following elements: "[1] misrepresentation (false representation, concealment, or nondisclosure); [2] knowledge of falsity ('scienter'); [3] intent to defraud, i.e., to induce reliance; [4] justifiable reliance; and [5] resulting damage."  *Deville v. Specialized Loan Servicing, LLC* (C.D. Cal. Sept. 9, 2020) 2020 WL 13267725, at *4.

Here, Plaintiff alleges that ERS representatives Cyrus Boatwalla and Michael Diamond affirmatively told her that she would receive a six percent (6%) royalty "on all goods sold under the ROMFH mark."  FAC ¶¶ 68, 71 [Dkt. 48]; Corsi Decl. ¶ 5. Plaintiff relied on these representations when she signed the 2008 Agreement—reliance that later proved to be detrimental, as she was not paid the royalties she was promised. FAC ¶¶ 37-38 [Dkt. 48].  These facts, taken as true, plausibly support the inference that ERS misrepresented key terms of the contract to induce Plaintiff to enter into the agreement, causing her financial harm.

Although Defendants argue that some of the allegedly wrongful conduct occurred in Pennsylvania in 2023 and 2024, the fraud claim arises directly from the formation and content of the 2008 Agreement, which was negotiated and executed while Plaintiff resided in California.  Corsi Decl. ¶¶ 4-5.  Accordingly, California law properly applies to this claim.  Moreover, because the LLC Defendants are successors-in-interest to the agreement, they are also bound by the misrepresentations made in connection with its formation.

**PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO DISMISS FIRST AMENDED COMPLAINT**

While additional facts may be clarified through discovery, Plaintiff has alleged more than enough to state a plausible claim for fraud in the inducement. Therefore, dismissal at this stage would be improper, and the Court should allow this claim to proceed.

### 3. Non-Compete Clauses (Counts 1-3)

LLC Defendants also argue that Plaintiff's claims challenges to the non-compete provision fail to state a claim for relief. However, as demonstrated, California law governs the 2008 Agreement because Plaintiff was living and working in California at the time of contract execution, and Defendants' acts arise out of that agreement. Corsi Decl. ¶¶ 4-5. By employing Plaintiff while she was domiciled in California, LLC Defendants availed themselves of the benefits and protections of California employment and labor laws. Corsi Decl. ¶ 9. The non-compete clause contained in Paragraph 15 of the 2008 Agreement would have effectively prohibited Plaintiff from obtaining future employment in California in her trade if she chose to resign or was terminated. Ex. A ¶ 15 [Dkt. 48-01].

Such a restriction is squarely barred by California Business and Professions Code § 16600, which states that, with limited exceptions, "every contract by which anyone is restrained from engaging in a lawful profession, trade, or business of any kind is to that extent void." This statutory protection applies here because enforcement of the non-compete clause would have prevented a California resident from pursuing employment opportunities within the state. California courts have repeatedly struck down similar contractual restraints on employment, even where the employer is located outside the state. *See Application Group, Inc. v. Hunter Group, Inc.* (1998) 61 Cal.App.4th 881, 890. In that case, the California Court of Appeals rejected enforcement of a Maryland non-compete clause against a California employee, reinforcing California's strong public policy against restrictive covenants.

Plaintiff was a Long Beach resident when she signed the Agreement (Corsi Decl.

**PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO DISMISS FIRST AMENDED COMPLAINT**

¶¶ 4-5) and continued working in California through 2020 (*Id*. ¶ 6). California's blanket ban on non-competes (§ 16600) therefore applies, and Plaintiff has plausibly alleged that the clause is void under that statute. The Court should deny Defendants' motion to dismiss this claim.

### 4. Fiduciary Duty (Count 7)

The Plaintiff has successfully pleaded a breach of fiduciary claim. A fiduciary relationship is:

> [A]ny relation existing between parties to a transaction wherein one of the parties is in duty bound to act with the utmost good faith for the benefit of the other party. Such a relation ordinarily arises where a confidence is reposed by one person in the integrity of another, and in such a relation the party in whom the confidence is reposed, if he voluntarily accepts or assumes to accept the confidence, can take no advantage from his acts relating to the interest of the other party without the latter's knowledge or consent . . ..

*Cleveland v. Johnson* (2012) 209 Cal.App.4th 1315, 1338, *quoting Herbert v. Lankershim* (1937) 9 Cal.2d 409, 483. Next, before an individual has fiduciary obligations, they must "either knowingly undertake to act on behalf and for the benefit of another, or must enter into a relationship which imposes that undertaking as a matter of law." *Id*. at 1338-39 *quoting City of Hope National Medical Center v. Genentech, Inc.* (2008) 43 Cal.4th 375, 386.

Here, as successors-in-interest to the 2008 Agreement, LLC Defendants knowingly (1) solicited Plaintiff's continued participation in the business, (2) exercised superior knowledge and control over corporate structures and trademark matters, and (3) assumed stewardship over Plaintiff's intellectual property and business expectations. FAC ¶¶ 95–96 [Dkt. 48]. Plaintiff relied on Defendants' representations and entrusted them with her equity, creative direction, and brand identity—facts that support the existence of a fiduciary duty.

**PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO DISMISS FIRST AMENDED COMPLAINT**

LLC Defendants assumed control over the ROMFH brand and business operations, took advantage of Plaintiff's lack of legal representation and experience, and used their position to serve their own interests at Plaintiff's expense. FAC ¶ 20 [Dkt. 48]. As in Cleveland, that duty was breached when Defendants concealed material developments, diverted business opportunities, and damaged Plaintiff's interests for their own gain. Accordingly, the FAC states a plausible claim for breach of fiduciary duty, and this claim should not be dismissed.

### 5. Breach of Contract Claim (Count 6)

LLC Defendants are successors-in-interest to the 2008 Agreement and are therefore bound by its terms. Ex. A ¶ 7 [Dkt. 48-01]. To establish a breach of contract claim, a party must show: "(1) the contract, (2) the plaintiff's performance of the contract or excuse for nonperformance, (3) the defendant's breach, and (4) the resulting damage to the plaintiff." *Richman v. Hartley*, (2014) 224 Cal. App. 4th 1182, 1186.

Plaintiff has alleged facts satisfying each of these elements. She has identified the contract—the 2008 Agreement—as the operative agreement. Ex. A [Dkt. 48-01]. She performed under that contract by developing ROMFH-branded product lines and fulfilling her obligations as outlined. FAC ¶¶ 85–91 [Dkt. 48]; *see also* Corsi Decl. ¶¶ 6, 8. She alleges that LLC Defendants breached the agreement by failing to pay royalties due under its terms, despite benefiting from her continued design work and brand contributions. *Id*. These unpaid royalties resulted in concrete financial harm to Plaintiff.

Accordingly, Plaintiff has stated a plausible claim for breach of contract, and the Court should deny Defendants' motion to dismiss this cause of action.

### 6. Quasi-Contract Claims (Count 8-9)

Plaintiff's quasi-contract claims are sufficiently pled. Where a plaintiff alleges unjust enrichment, a court may "construe the cause of action as a quasi-contract claim seeking restitution." *Rutherford Holdings, LLC v. Plaza Del Rey* (2014) 223

**PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO DISMISS FIRST AMENDED COMPLAINT**

Cal.App.4th 221, 231.  A defendant may be liable under a quasi-contract theory when it has been conferred a benefit by the plaintiff through "mistake, fraud, coercion, or request." *55 Cal. Jur. 3d Restitution* § 2; *see also Astiana v. Hain Celestial Group, Inc.* (9th Cir. 2015) 783 F.3d 753, 762.  Here, Plaintiff alleges that the LLC Defendants were unjustly enriched by accepting "millions of dollars in profits" without compensating her, even though she "provided the design work and brand recognition that generated the revenue."  FAC ¶¶ 104–105 [Dkt. 48].  These facts state a plausible unjust enrichment or restitution claim, and the Court should not dismiss it.

Plaintiff also states plausible claims for accounting and the imposition of a constructive trust.  As co-owners of intellectual property, Plaintiff and Defendants are required to account to one another for profits derived from the use or licensing of the jointly owned ROMFH trademark.  As the Ninth Circuit has recognized, "[a] co-owner of a copyright must account to other co-owners for any profits he earns from licensing or use of the copyright . . . but the duty to account does not derive from the copyright law's proscription of infringement." *Oddo v. Ries* (9th Cir. 1984) 743 F.2d 630, 633.  Such profits are held in constructive trust by the profiting co-owner for the benefit of the others, which gives rise to a right to an accounting. *Corbello v. DeVito* (D. Nev. 2011) 832 F. Supp. 2d 1231, 1249 (*quoting* Melville B. Nimmer & David Nimmer, *Nimmer on Copyright* § 6.07, § 6.12[A] (Matthew Bender & Co., Inc. 2011) (*citing Oddo* 743 F.2d 630)).  According to the 2008 Agreement, Plaintiff and Defendants jointly own the ROMFH brand. Ex. A ¶ 1 [Dkt. 48-01].  Without an accounting, Plaintiff has no way of knowing the scope of profits the LLC Defendants have earned through their use of the jointly owned trademark.  Accordingly, the FAC plausibly states claims for unjust enrichment, restitution, accounting, and constructive trust, and these claims should not be dismissed.

### 7. False Designation Claim (Count 11)

Defendants' argument that Plaintiff has failed to state a claim under 15 U.S.C.

**PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO DISMISS FIRST AMENDED COMPLAINT**

26

§ 1125(a) lacks merit.  Section 1125(a) of the Lanham Act prohibits the use in commerce of any false or misleading representation that is likely to cause confusion or deception regarding the affiliation, connection, or association of goods or services with another person, or regarding their origin, sponsorship, or approval.  Put simply, the statute prohibits the use of false or misleading words or descriptions in commerce when such use is likely to cause consumers to believe that a product or service is connected to, endorsed by, or associated with someone else.

To state a claim for false association or false designation of origin under the Lanham Act, a plaintiff must allege: "(1) defendant uses a designation (any word, term, name, device, or any combination thereof) or false designation of origin; (2) the use was in interstate commerce; (3) the use was in connection with goods or services; (4) the designation or false designation is likely to cause confusion, mistake, or deception as to (a) the affiliation, connection, or association of defendant with another person, or (b) as to the origin, sponsorship, or approval of defendant's goods, services, or commercial activities by another person; and (5) the plaintiff has been or is likely to be damaged by these acts." *Zamfir v. Casperlabs, LLC* (S.D. Cal. 2021) 528 F.Supp.3d 1136, 1143, (*quoting United Tactical Sys., LLC v. Real Action Paintball, Inc.* (N.D. Cal. 2015) 143 F. Supp. 3d 982, 1015 (*citing Summit Tech., Inc. v. High-Line Med. Instruments, Co.* (C.D. Cal. 1996) 933 F. Supp. 918, 928)).

In their Motion to Dismiss, LLC Defendants incorrectly assert that § 1125(a) protects only unregistered marks.  Mot. to Dismiss, pg. 23 [Dkt. 60-1].  That is simply not the law.  Courts have consistently held that both registered and unregistered trade names and trademarks are protected under the Lanham Act.  *See Bratt v. Love Stories TV, Inc.* (S.D. Cal. 2024) 713 F. Supp. 3d 847, 861; *Halicki Films, LLC v. Sanderson Sales & Mktg.* (9th Cir. 2008) 547 F.3d 1213, 1225–26; *GoTo.com, Inc. v. Walt Disney Co.* (9th Cir. 2000) 202 F.3d 1199, 1205 n.3.

Here, Plaintiff alleges that she is the original designer of the ROMFH brand,

**PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO DISMISS FIRST AMENDED COMPLAINT**

27

which derives its name from her maiden name and is closely tied to her personal identity. FAC ¶ 122 [Dkt. 48]; *see also* Corsi Decl. ¶ 4. She also still retains a 50% ownership interest in the brand pursuant to the 2008 Agreement. FAC ¶ 124 [Dkt. 48]; *see also* Ex. A ¶ 1 [Dkt. 48-01]. Despite this, the LLC Defendants continue to market ROMFH-branded apparel and promote it as though it is designed or endorsed by Plaintiff, including the use of her name and social media accounts to suggest her involvement with collections she did not design. *Id.* at ¶ 124. This conduct constitutes a false designation and false representation likely to confuse consumers about the source, origin, or sponsorship of the goods, in violation of § 1125(a). *Id.* ¶ 126; *see also* Corsi Decl. ¶ 11.

Accordingly, Plaintiff has stated a plausible claim under the Lanham Act for false designation of origin and false endorsement. The Court should therefore deny LLC Defendants' motion to dismiss this claim.

## VI. CONCLUSION

For the foregoing reasons, Plaintiff requests the Court deny the LLC Defendants' Motion to Dismiss and for all other just and proper relief. In the alternative, if the Court is inclined to grant the Motion to Dismiss, Plaintiff requests leave to further amend her FAC to meet any deficiencies found by the Court.

Dated: August 8, 2025

Respectfully submitted,

Katie Charleston Law, PC

By: /s/ *Katie Charleston*
Katie Charleston, Esq.
Attorney for Plaintiff

## CERTIFICATE OF COMPLIANCE

The undersigned, counsel of record for Plaintiff, Laura Corsi, certifies that this brief contains 6,998 words, which:

**PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO DISMISS FIRST AMENDED COMPLAINT**

28

_X_ complies with the word limit of L.R. 11-6.1.

__ complies with the word limit set by court order dated [*date*]."

Dated: August 8, 2025       Respectfully submitted,

Katie Charleston Law, PC

By:    /s/ *Katie Charleston*

Katie Charleston, Esq.
Attorney for Plaintiff

---

**PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO DISMISS FIRST AMENDED COMPLAINT**