JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **CV 25-02238-DMG (ASx)** | Date | March 31, 2026 |
|---|---|---|---|

| Title | *Laura F. Corsi v. English Riding Supply, Inc., et al.* | Page | 1 of 15 |
|---|---|---|---|

Present: The Honorable    DOLLY M. GEE, CHIEF UNITED STATES DISTRICT JUDGE

| DEREK DAVIS | NOT REPORTED |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiff(s) | Attorneys Present for Defendant(s) |
|---|---|
| None Present | None Present |

**Proceedings:  IN CHAMBERS—ORDER RE DEFENDANTS' MOTIONS TO DISMISS
        [59, 60]**

On June 12, 2025, Plaintiff Laura F. Corsi, a designer of equestrian apparel under the "ROMFH" brand, filed a First Amended Complaint ("FAC") against English Riding Supply ("ERS"), Inc., "ERS Equestrian [*sic*]," Inc. (together, "Old ERS"), and various LLCs (the "LLC Defendants"), including ERS Holdings, LLC ("Holdings"), ERS, LLC (No. 6413166) ("ERS, LLC -66"),[1] and NCK Capital, LLC ("NCK").  FAC [Doc. # 48].  Corsi alleges she entered into a licensing agreement (the "2008 Agreement") with Defendants, and Defendants breached the Agreement and committed multiple business torts against Corsi.  *Id.* ¶¶ 45–129.  She further seeks to have the Agreement invalidated.

Old ERS moves to dismiss the FAC for lack of personal jurisdiction and improper venue. MTD 1 [Doc. # 59].  Holdings, NCK, and ERS, LLC -66 also move to dismiss for lack of personal jurisdiction, improper venue, forum *non conveniens*, and failure to state a claim.  MTD 2 [Doc. # 60].  Both motions alternatively request to transfer this action to the Middle District of Pennsylvania.  The motions are fully briefed.  [Doc. ## 63 ("Opp. 1"), 69 ("Reply 1"), 71 ("Opp. 2"), 73 ("Reply 2").]

For the following reasons, the Court **DENIES** MTD 1 and **GRANTS in part** MTD 2.

---

[1] The FAC also lists the following Defendants, who have not appeared in this action to date:  English Riding Supply, LLC, a Delaware Limited Liability Company (No. 3563640), English Riding Supply, LLC, a Pennsylvania Limited Liability Company (No. 3092814), and English Riding Supply, LLC, a Pennsylvania Limited Liability Company (7425042) (the "Non-Appearing Defendants").

---

| CV-90 | **CIVIL MINUTES—GENERAL** | Initials of Deputy Clerk <u>DD</u> |
|---|---|---|

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **CV 25-02238-DMG (ASx)** | Date | March 31, 2026 |
|---|---|---|---|

| Title | *Laura F. Corsi v. English Riding Supply, Inc., et al.* | Page | 2 of 15 |
|---|---|---|---|

**I.**
**BACKGROUND**

**A.       Allegations of the FAC[2]**

Corsi became the sole proprietor of the ROMFH brand in 1998 and registered the ROMFH mark with the U.S. Patent and Trademark Office on February 17, 1998.  FAC ¶ 18.

She executed the 2008 Agreement with ERS, Inc., on March 18, 2008.  *Id.* ¶¶ 21–22.  Under the Agreement, ERS, Inc., would pay her six percent royalties for any goods sold under the ROMFH mark and she would maintain a half ownership interest in the brand.  In return, ERS, Inc. acquired a 50% interest in the ROMFH brand and an exclusive worldwide license to use the ROMFH mark for the Agreement's term.  Corsi was obligated to develop two new product lines per year for ROMFH.  *Id.* ¶¶ 23–24.  Corsi alleges that she lived in Long Beach, California when she signed the 2008 Agreement and in Nevada from September 2020 to May 2024.  *Id.* ¶¶ 22, 35.

From 2010 to 2023, she worked for "one or more Defendant entities operating under the name 'English Riding Supply'" as a product designer.  *Id.* ¶ 27.  According to Corsi, ERS, Inc. later assigned its ownership interest and mark to ERS Equestrian, Inc. and subsequently to at least one of the ERS, LLC entities.  *Id.* ¶ 26.

On or about December 31, 2021, Defendant NCK completed a majority recapitalization of one or more of the ERS entities, gaining control of the ROMFH brand's management.  *Id.* ¶ 31. Corsi alleges that prior to the NCK recapitalization, she managed the ROMFH brand on behalf of Old ERS, including taking part in collection design, social media management, and ROMFH brand promotional activities.  *Id.* ¶ 36.  But following the recapitalization, in 2023 and 2024, new management effectively reduced her expected royalty income, excluded her from the design process for Fall 2024, and diminished the value of her equity interest in the ROMFH brand.  *Id.* ¶¶ 37–38.  On August 14, 2023, Grant Kornman, NCK's managing partner, made an offer on behalf of ERS, LLC -66 to purchase Corsi's interest in the ROMFH mark.  After she refused, her employment was terminated effective August 31, 2023, so that she could no longer have a role in ROMFH's design, marketing, or management.  *Id.* ¶ 39.  Corsi claims that Defendants have failed to disclose transactions affecting the ROMFH mark, thereby obscuring the chain of title and her contractual rights.  *Id.* ¶ 42.

---

[2] The Court assumes the truth of the FAC's material allegations solely for the purpose of deciding the MTDs.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **CV 25-02238-DMG (ASx)** | Date | March 31, 2026 |
|---|---|---|---|

| Title | *Laura F. Corsi v. English Riding Supply, Inc., et al.* | Page | 3 of 15 |
|---|---|---|---|

After Corsi's termination, Defendant ERS, LLC -66 continued to market and sell every ROMFH-branded product under the ROMFH mark and maintained the ROMFH Facebook and Instagram accounts she helped establish. *Id.* ¶ 43. According to Corsi, ERS, LLC -66 has failed to maintain a functioning online sales platform for ROMFH products and has prevented Corsi from competing after her termination. *Id.* ¶ 40.

Based on these allegations, the FAC brings the following claims. Against all Defendants other than Defendant NCK, she brings claims (1) to invalidate two sections of the 2008 Agreement under California Business and Professional Code 16600 *et seq.*; (2) to declare the 2008 Agreement unlawful under California Business and Professional Code § 16722; (3) for actual and constructive fraud in the inducement under California Civil Code §§ 1572–73; (4) for breach of contract; (5) for breach of fiduciary duty; (6) for unjust enrichment; (7) for accounting and constructive trust; and (8) under 15 U.S.C. § 1125(a) for false designation of origin/false endorsement. She also asserts a claim against Defendant ERS, Inc., that the 2008 Agreement is void *ab initio*. And against Defendant NCK, she brings a claim for tortious interference with prospective economic advantage.

**B.      Defendants' Evidence in Support of the Motions To Dismiss**

**1.      Old ERS**

In support of MTD 1, Old ERS relies on declarations from Adrienne Rolla, Old ERS's corporate secretary. Rolla Decl. ¶ 1 [Doc. # 59-3]; *see also* Supp. Rolla Decl. [Doc. # 69-1]. According to Rolla, ERS, Inc. is a Delaware corporation incorporated in 2002, with a principal place of business in Pennsylvania. Rolla Decl. ¶ 2. On December 30, 2021, ERS, Inc. changed its name to ERS Equistrian, Inc. *Id.* ¶ 2.

One day later, ERS Equistrian, Inc. sold all its assets to ERS, LLC -66. ERS, LLC -66 "continues to operate" in the same office as Old ERS's principal place of business. *Id.* ¶ 3. The asset sale was accomplished by an Asset Purchase Agreement ("APA") between ERS, LLC -66 and Old ERS, which was sponsored by NCK. Grant Kornman Decl. ¶ 5 [Doc. # 60-2]. After the sale, Rolla asserts that Old ERS no longer employed Corsi and ceased its business operations. Suppl. Rolla. Decl. ¶ 10.

Rolla states that Old ERS was a wholesale supplier that "never had any offices, warehouses, bank accounts, agents of service, officers, directors, managers, or operations in California" and was never registered to do business in California, although it sold products in all 50 states. Rolla Decl. ¶ 4; Supp. Rolla Decl. ¶ 3. "[T]he only employees who worked outside of

---

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **CV 25-02238-DMG (ASx)** | Date | March 31, 2026 |
|---|---|---|---|

| Title | *Laura F. Corsi v. English Riding Supply, Inc., et al.* | Page | 4 of 15 |
|---|---|---|---|

Pennsylvania were [Corsi], who worked from California for a period of time, and a temporary marketing employee who worked from Florida." Rolla Decl. ¶ 5.

Old ERS had an independent salesperson who represented Old ERS in several states, including California. California amounted to about eight percent of total Old ERS sales. Supp. Rolla Decl. ¶ 3. According to Rolla,

> Old ERS did not take any efforts to direct advertising, marketing, or distribution specifically towards the California market and it did not enter into any contracts with California entities who sold its products. Rather, its products reached California stores solely through the incidental actions of third-party intermediaries—retailers who independently chose to stock its products, including the ROMFH goods.

*Id.* ¶ 4.

Rolla claims that Corsi began to discuss possible employment with ERS, Inc. with Michael Diamond, the Vice President of Old ERS. Corsi and Diamond had the initial discussion in-person in King of Prussia, Pennsylvania, and continued to have discussions by phone and email. *Id.* ¶ 6. Old ERS never employed a person named Cyrus Boatwalla, according to Rolla, although he "assisted Old ERS with its marketing by exploring new products, but never in California." Old ERS never paid Boatwalla for his services. Suppl. Rolla Decl. ¶ 7. Old ERS did not attend any trade shows or events in California. *Id.* ¶ 9.

### 2. NCK; ERS, LLC -66; and Holdings

MTD 2 relies in part on the declaration of Grant Kornman, who describes himself as a member of the board of managers of Holdings, a managing partner of NCK, and a person familiar with ERS, LLC -66's business practices, due to NCK's role as an advisor to that LLC and Holdings' management of that LLC. *See generally* Kornman Decl.

According to Kornman, NCK is a Delaware LLC organized on November 16, 2012 with its principal place of business in Texas. *Id.* ¶ 13. NCK "formerly sponsored private equity transactions of lower-middle market companies and provided operational support following its sponsorship of such private equity transactions." *Id.* ¶ 4. It has never sponsored private equity transactions of or provided operational support for a California company. *Id*. ¶¶ 13–14. Kornman describes NCK's current role as "a vendor to [ERS, LLC -66] pursuant to a management services agreement. . . . Under [] the Management Services Agreement, NCK provides consulting and

---

**CIVIL MINUTES—GENERAL**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **CV 25-02238-DMG (ASx)** | Date | March 31, 2026 |
|---|---|---|---|

| Title | *Laura F. Corsi v. English Riding Supply, Inc., et al.* | Page | 5 of 15 |
|---|---|---|---|

advisory recommendations to [ERS, LLC -66], but has no authority to make decisions its behalf." *Id.* ¶ 7.

Holdings and ERS, LLC -66 are Delaware LLCs organized on November 22, 2021 with principal places of business in Pennsylvania. *Id.* ¶¶ 11–12. Holdings is a holding company with no employees or offices. *Id.* ¶ 8. The majority owner of Holdings is ERS InvestCo, LLC, which is majority owned by PNC Mezzanine Fund IV, LP, a Delaware limited partnership with its principal place of business in the Commonwealth of Pennsylvania. *Id.* ¶ 15. Neither Holdings, NCK, nor ERS, LLC -66 are registered to do business in California. *Id.* ¶¶ 11–13.

Holdings is the sole member and manager of ERS, LLC -66. *Id.* ¶ 8. Pursuant to the 2021 APA, ERS, LLC -66 acquired the ROMFH brand and the 2008 Agreement with Corsi. *Id.* ¶ 6.

ERS, LLC -66 has approximately 20 employees who all work in Pennsylvania. *Id.* ¶ 18. It is a distributor of horse-riding products that does not sell directly to consumers, with the exception of one product line sold online. "Instead, independent businesses referred to as Dealers purchase products from [ERS LLC -66], and these Dealers then sell such products to other retailers or end-consumers." *Id.* ¶ 16. Some dealers are located in California, and some online consumers are, as well. *Id.* ¶¶ 16–17.

Corsi worked remotely for ERS, LLC -66 from approximately December 31, 2021 to August 31, 2023. She worked with multiple ERS, LLC -66 employees, including the company's Chief Executive Officer Patricia Dahan and Diamond. All of the employees with whom Corsi worked, Kornman asserts, were located in Pennsylvania. *Id.* ¶ 19. Based on the dates Corsi alleged in the FAC, Corsi was not a resident of California during her employment with ERS, LLC -66. *Id.* ¶ 21.

Kornman states that neither ERS, LLC -66, Holdings, nor NCK have any relationship with the following entities described in the Complaint: "English Riding Supply, LLC, a Delaware Limited Liability Company (No. 3563640); English Riding Supply, LLC, a Pennsylvania Limited Liability Company (No. 3092814), and English Riding Supply, LLC, a Pennsylvania Limited Liability Company (No. 7425042)." *Id.* ¶ 10.

---

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | **CV 25-02238-DMG (ASx)** | Date | March 31, 2026 |

| | | | |
|---|---|---|---|
| Title | *Laura F. Corsi v. English Riding Supply, Inc., et al.* | Page | 6 of 15 |

### C.     Corsi's Evidence

In response, Corsi attests that she was a California domiciliary for the majority of the period between 2008 and August 2020.  Corsi Decl. 1 ¶ 4 [Doc. # 63-1][3]; *see also* Corsi Decl. 2 ¶ 6 [Doc. # 71-1]   She claims that Boatwalla tried to acquire the ROMFH mark between 2006 and 2008 and indicated during his solicitation that his portfolio included ERS, Inc.  Corsi Decl. 1 ¶ 6 & Exh. A.

According to Corsi, Old ERS "initially leveraged the retail relationships [Corsi] had built in California" and "thereafter [Old ERS] developed their own California sales network and even appointed a dedicated California sales representative," selling ROMFH products in California retailers as recently as July 2025.  Corsi Decl. 1 ¶¶ 7–8.  She maintains Defendants charged her solely with managing their social media channels for ROMFH and "ERS" while in California, and importantly, "to California residents."  *Id.* ¶ 10.  Corsi also asserts that Defendants organized and participated in multiple tradeshows and promotional events in California to market the ROMFH brand.  *Id.* ¶ 9; Corsi Decl. 2 ¶ 11.

She further attests that ROMFH products continued to be designed, marketed, and sold throughout California after 2008.  According to Corsi, Defendants developed their own California sales network and appointed a dedicated California sales representative.  Corsi Decl. 1 ¶ 7.

Corsi states that she lived in California from March 2008 to August 2020 and she lived in Reno, Nevada from September 2020 to May 2024.  She moved to Lawrence County, Tennessee in June 2024.  Corsi Decl. 1 ¶ 13.  Corsi says she never "received any notice or documentation when

---

[3] Old ERS objects to the Affidavit and attachments thereto on a variety of grounds.  [Doc. # 69-2.]  The Court considered these objections and generally **OVERRULES** them, except as to those statements and attachments not discussed in this Order, as to which the objections are moot.  The Affidavit is generally relevant, and any irrelevant details are not relied upon in the analysis.  The portions of the Affidavit identified as "hearsay" are not hearsay, and the identification of the ROMFH brand as "California based" is not a legal conclusion.  Corsi provides adequate context for the Court to conclude she has foundation and personal knowledge for the statements in her declaration.  For instance, Corsi would obviously have foundation and personal knowledge to state that she attended trade shows on Old ERS's behalf.  To the extent Old ERS simply argues that Corsi's statements are untrue, such factual conflicts must be resolved in Corsi's favor at this stage unless they are inherently incredible and are not appropriate bases for evidentiary objections.  *See Data Disc*, 557 F.2d at 1284.  Although Old ERS argues that Boatwalla was not affiliated with it, Corsi asserts he reached out to her in a representative capacity, which is reflected in the body of the email she relies on, and which makes his statements in the email subject to a hearsay exception as the admission of a party opponent under Federal Rule of Evidence 801(d)(2).  [Doc. # 63-1 at 6 ("We want to grow the ERS business and owning Romfh seems to be a very good fit for us[.]")]; *see also CIT Grp./Bus. Credit, Inc. v. Phoenix Fuel, LLC*, No. CV 09-3387-GHK (RZX), 2010 WL 11596727, at *5 (C.D. Cal. June 18, 2010) (cataloguing cases regarding authentication of documents and emails by recipients).

---

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **CV 25-02238-DMG (ASx)** | | Date | March 31, 2026 |
|---|---|---|---|---|
| Title | *Laura F. Corsi v. English Riding Supply, Inc., et al.* | | Page | 7 of 15 |

[ERS, Inc.] purported to assign its rights and obligations under the [2008 Agreement] to any Defendant in this case."  Corsi Decl. 2 ¶ 7.

## II.
## LEGAL STANDARD

A defendant may seek dismissal of an action for lack of personal jurisdiction.  Fed. R. Civ. P. 12(b)(2).  If the Court does not hold an evidentiary hearing on a 12(b)(2) motion to dismiss, the plaintiff must make a prima facie showing that personal jurisdiction is appropriate.  *Sher v. Johnson*, 911 F.2d 1357, 1361 (1990); *see also Data Disc, Inc. v. Sys. Tech. Assoc., Inc.*, 557 F.2d 1280, 1285 (9th Cir. 1977) ("If the court determines that it will receive only affidavits or affidavits plus discovery materials, these very limitations dictate that a plaintiff must make only a prima facie showing[.]").

A district court may consider evidence outside of the pleadings, including affidavits submitted by the parties, and may order discovery on jurisdictional issues.  *Doe v. Unocal Corp.*, 248 F.3d 915, 922 (9th Cir. 2001).  Although the court "may not assume the truth of allegations in a pleading which are contradicted by affidavit[,]" *Data Disc,* 557 F.3d at 1284, factual conflicts between affidavits on a 12(b)(2) motion to dismiss "must be resolved in the plaintiff's favor." *Ayla, LLC v. Alya Skin Pty. Ltd.*, 11 F.4th 972, 978 (9th Cir. 2021) (quoting *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 800 (9th Cir. 2004)).

California's long-arm statute enables the Court to exercise personal jurisdiction "to the full extent permissible under the U.S Constitution," meaning that personal jurisdiction is permissible if it comports with due process.  *Picot v. Weston*, 780 F.3d 1206, 1211 (9th Cir. 2015).  To comport with due process, a defendant must have "minimum contacts" with the relevant forum such that personal jurisdiction "does not offend traditional notions of fair play and substantial justice." *Schwarzenegger*, 374 F.3d at 800–01.  There are two types of personal jurisdiction a court may exercise: (1) general personal jurisdiction; or (2) specific personal jurisdiction.  *See id.* at 801–02.

///

---

**CIVIL MINUTES—GENERAL**                   Initials of Deputy Clerk <u>DD</u>

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **CV 25-02238-DMG (ASx)** | Date | March 31, 2026 |
|---|---|---|---|

| Title | *Laura F. Corsi v. English Riding Supply, Inc., et al.* | Page | 8 of 15 |
|---|---|---|---|

### III.
### DISCUSSION

**A.      Personal Jurisdiction**

**1.      Legal Principles—Specific Jurisdiction[4]**

The Ninth Circuit applies a three-part test to determine whether there is specific jurisdiction over a non-resident defendant:

(1)      the non-resident defendant must purposefully direct its activities or consummate some transaction with the forum or resident thereof; or perform some act by which it purposefully avails itself of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of its laws;

(2)      the claim must be one which arises out of or relates to the defendant's forum-related activities; and

(3)      the exercise of jurisdiction must comport with fair play and substantial justice, *i.e.*, it must be reasonable.

*Schwarzenegger*, 374 F.3d at 802.  If Corsi meets her burden to prove the first two prongs of this test, the defendant must present a "compelling case" that the exercise of personal jurisdiction is unreasonable.  *See Scher*, 911 F.2d at 1364.

Purposeful availment and purposeful direction require different analyses because they are "two distinct concepts." *Schwarzenegger*, 374 F.3d at 802.  Which test a court applies "turns on the nature of the underlying claims." *Ayla, LLC*, 11 F.4th at 979 (citation omitted).  Courts generally apply purposeful availment for contract claims and purposeful direction for tort claims. *Schwarzenegger*, 374 F.3d at 802.

**2.      Personal Jurisdiction over Old ERS**

As noted above, according to Old ERS's corporate secretary, ERS, Inc., is a Delaware corporation incorporated in 2002, with a principal place of business in Pennsylvania.  It changed

---

[4] Old ERS, Holdings, NCK, and ERS, LLC-66 all argue that Corsi fails to show this Court has general jurisdiction over them.  MTD 1 at 10–11; MTD 2 at 14–16.  The Court construes Corsi's failure to respond to these arguments as a concession that the Court lacks general jurisdiction over these Defendants in this action.  The Court therefore focuses on specific jurisdiction.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **CV 25-02238-DMG (ASx)** | Date | March 31, 2026 |
|---|---|---|---|

| Title | ***Laura F. Corsi v. English Riding Supply, Inc., et al.*** | Page | 9 of 15 |
|---|---|---|---|

its name to "ERS Equestrian, Inc." on December 30. 2021 and then sold its assets to ERS, LLC - 66 the next day, ceasing its business operations and employment of Corsi thereafter.  Supp. Rolla Decl. ¶ 10.  Old ERS was a wholesaler that did not maintain offices in California, although it sold products through retailers in all 50 states.  *Id.* ¶ 4; Supp. Rolla Decl. ¶ 3.

### a.      Purposeful Availment

Given that most of Corsi's claims challenge the validity of the 2008 Agreement,[5] the Court focuses on personal jurisdiction through the lens of purposeful availment.  For that analysis, courts ask whether the defendant has "purposefully avail[ed] itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws." *Hanson v. Denckla*, 357 U.S. 235, 253 (1958) (citing *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 319 (1945)).  It is textbook law that a contract alone is insufficient because courts require other actions by the defendant itself that create a "substantial connection" between the defendant and the forum state.  *Picot*, 780 F.3d at 1212.  Unilateral conduct by the plaintiff cannot suffice.  *See id.*

A contract with a remote employee in another state can confer personal jurisdiction when the employer agrees to "create[] a multi-year business relationship 'that envision[s] continuing and wide-reaching contacts' with [the employee] in California" and "create[s] 'continuing obligations'" to the employee in California.  *See Silk v. Bond*, 65 F.4th 445, 457 (9th Cir. 2023) (internal citations omitted); *see also Roth v. Garcia Marquez*, 942 F.2d 617, 622 (1991) (holding personal jurisdiction existed where the contract's subject would have continuing and extensive involvement with the forum).  *Silk* contrasted the decades-long business relationship between the parties with cases involving a contract that involved a single transaction, where a substantial connection did not exist.  *Silk*, 65 F.4th at 457–58.

Similarly to *Silk*, Corsi's evidence is that Old ERS/Boatwalla approached her while she was a California domiciliary to acquire her California-based brand with its existing network of California retailers she had developed.  The 2008 Agreement, which is signed on behalf of ERS, anticipated her rendering ongoing design and marketing services from California into the future, in a partnership that ultimately lasted more than a decade, during which Corsi resided in California for at least 12 years.  *See* Corsi Decl.  And in furtherance of this agreement, Corsi attests that she attended and coordinated trade shows and promotional events in California for the ROMFH brand.  *Id.* ¶ 9.  Indeed, that Corsi was retained for promotional activities is a separate basis to find a substantial connection to California.  Her duties included managing ROMFH and ERS's social

---

[5] Although that Agreement contains a choice-of-law provision designating Pennsylvania law, such provisions standing alone are inadequate to confer personal jurisdiction.  *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 482 (1985).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **CV 25-02238-DMG (ASx)** | Date | March 31, 2026 |
|---|---|---|---|

| Title | ***Laura F. Corsi v. English Riding Supply, Inc., et al.*** | Page | 10 of 15 |
|---|---|---|---|

media channels "to California residents," from which it can reasonably be inferred that Old ERS maintained social media targeting California residents. *See Ayla, LLC*, 11 F.4th at 980 (noting significant advertising efforts, locally targeted toward the forum, establish purposeful direction).

Old ERS argues that as a mere manufacturer of products that ended up in the stream of commerce in California who had incidentally employed a California resident, it is not subject to suit in California, relying on *Asahi Metal Industry Co. v. Superior Court of California*, 480 U.S. 102 (1987), and *Holland Am. Line Inc. v. Wartsila N. Am., Inc.*, 485 F.3d 450, 459 (9th Cir. 2007). Were these the sum total of Corsi's allegations, the Court would agree. But Corsi's evidence goes beyond this. *Accord Asahi Metal Industry Co.*, 480 U.S. at 113 (noting that the company had no employees in and did not advertise or solicit business in California). Notably, while the defendant in *Holland America Line* maintained a passive website and print advertisements accessible to Washington State residents, there was no evidence these promotional materials were designed specifically for the Washington market or heavily or predominantly distributed in Washington. In contrast, Corsi has presented evidence that she provided California-directed promotional activities at Old ERS's direction. *Holland Am. Line*, 485 F.3d at 460.

### c.       Arises Out of or Relates to

The Ninth Circuit applies a "but-for" test to determine whether the claim asserted arises out of or relates to a defendant's forum-related activities. *Mattel, Inc. v. Greiner and Hausser GmbH*, 354 F.3d 857, 864 (9th Cir. 2003). Corsi's contract-related claims against Old ERS can generally be characterized as arguments that the 2008 Agreement is void, unlawful, or should not be enforced or that it has been breached. But for the 2008 Agreement and the relationship with Corsi that form the basis for the Court to find personal availment, these claims would not arise. Old ERS's arguments on this point largely repeat its arguments as to lack of purposeful availment and are not persuasive. *See, e.g.*, Reply 1 at 13.[6]

### d.       Exercise of Jurisdiction Is Reasonable

Seven factors guide the reasonableness inquiry:  (1) the extent of the defendant's purposeful interjection into the forum state's affairs; (2) the burden on the defendant of defending

---

[6] Having found personal jurisdiction over the crux of the complaint, which sounds in contract, the Court will also exercise personal jurisdiction over Corsi's claims that sound in tort as against Old ERS. The Court has reviewed her FAC and finds that all claims against Old ERS arise from a common nucleus of operative fact. *See Action Embroidery v. Atlantic Embroidery*, 368 F.3d 1174, 1180 (9th Cir. 2004) (adopting the concept of pendent personal jurisdiction). The Court need not separately analyze whether personal jurisdiction exists to the extent there are tort claims against Old ERS in this contract-based cause of action.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **CV 25-02238-DMG (ASx)** | Date | March 31, 2026 |
|---|---|---|---|

| Title | *Laura F. Corsi v. English Riding Supply, Inc., et al.* | Page | 11 of 15 |
|---|---|---|---|

in the forum; (3) the extent of the conflict with the sovereignty of the defendant's state; (4) the forum state's interest in adjudicating the dispute; (5) the most efficient judicial resolution of the controversy; (6) the importance of the forum to the plaintiff's interest in convenient and effective relief; and (7) the existence of an alternative forum. *Ayla, LLC*, 11 F.4th at 983–84. There is a "strong presumption of reasonableness of the assertion of personal jurisdiction" a defendant must overcome. *Dole Food Co. v. Watts*, 303 F.3d 1104, 1117 (9th Cir. 2002)

As for the first factor, "the degree of interjection is a factor to be weighed in assessing the overall reasonableness of jurisdiction under the [the reasonableness prong]." *Core-Vent Corp. v. Nobel Indus. AB*, 11 F.3d 1482, 1488 (9th Cir. 1993) (quoting *Insurance Co. of N. Am. v. Marina Salina Cruz*, 649 F.2d 1266, 1271 (9th Cir. 1981). This factor weighs in favor of exercising jurisdiction given Old ERS' years-long relationship with Corsi.

Regarding the second factor, defending a lawsuit in California is burdensome for Old ERS, a now defunct Pennsylvania corporation. But unless the "inconvenience is so great as to constitute a deprivation of due process," the burden of litigating in a forum "will not overcome clear justifications for the exercise of jurisdiction." *Panavision*, 141 F.3d at 1323. District courts afford this factor less weight given advances in modern technology. *See Sher*, 911 F.2d at 1365. Therefore, this factor weighs somewhat in favor of Old ERS.

For the third factor, Old ERS argues that, because the Agreement specifies Pennsylvania law governs in the choice-of-law provision, the conflict of laws weighs against exercising jurisdiction. Any conflicting sovereignty interests can be accommodated through the forum's application of choice-of-law rules, and this factor does not weigh heavily in the Court's assessment of reasonableness.

Regarding the fourth factor, although Corsi is no longer a California domiciliary, she was during the period when most of the allegations against Old ERS took place. *See Core-Vent Corp v. Nobel Indus. AB*, 11 F.3d at 1489 (this factor favored a manufacturer bringing a libel action because the manufacturer filed suit in California and the defendants published "allegedly libelous articles" when the manufacturer "had its operations in California[]").

For the fifth factor, the Ninth Circuit has held that the location of the evidence and witnesses is afforded little weight given "modern advances in communications and transportation[.]" *Harris Rutsky & Co. Ins. Servs., Inc. v. Bell & Clements Ltd.*, 328 F.3d 1122, 1133 (9th Cir. 2003). The sixth factor, the importance of California to Corsi's convenient and effective relief, weighs in Old ERS's favor as Corsi no longer lives in California.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **CV 25-02238-DMG (ASx)** | Date | March 31, 2026 |
|---|---|---|---|

| Title | *Laura F. Corsi v. English Riding Supply, Inc., et al.* | Page | 12 of 15 |
|---|---|---|---|

For the seventh factor, the plaintiff carries the burden of proving the unavailability of an alternative forum. *Core-Vent*, 11 F.3d at 1490. Corsi has not proven that the Pennsylvania forum proposed by ERS is unavailable. Therefore, this factor weighs in ERS's favor.

Although a few of the factors are neutral or weigh in Old ERS's favor, it has not met its burden to demonstrate that the exercise of personal jurisdiction here is unreasonable or fails to comport with fair play and substantial justice. As such, the Court finds that it has personal jurisdiction over Old ERS in California.

### 3. No Personal Jurisdiction over NCK, Holdings, and ERS, LLC-66's

As noted above, the only claim against NCK is the tortious interference with economic advantage claim. The two LLC Defendants which have appeared in this lawsuit are named in all other claims. MTD 2 argues that the Court lacks personal jurisdiction over NCK, Holdings, and ERS, LLC-66's (collectively the "LLC Defendants").

In response to the LLC Defendants' arguments that they lack a substantial connection to California, Corsi argues that the 50% ownership interest in her ROMFH brand was assigned to at least one of them. *See* Opp. 2 at 14. She appears to raise two theories: one, that the LLC Defendants employed her, so that they are subject to the Court's personal jurisdiction for the same reasons as Old ERS, and two, that they are essentially successors-in-interest to Old ERS.

Regarding the former argument, it is essentially undisputed that Corsi lived in California until August 2020 and Old ERS ceased to exist as of December 31, 2021, the same day the Asset Purchase Agreement transferred Old ERS's assets to ERS, LLC -66. *See* Kornman Decl. ¶ 6. There are no facts connecting NCK, Holdings or ERS, LLC -66 to Corsi before December 31, 2021 and thus no substantial connection between them and California that could give rise to specific jurisdiction for purposes of this action.

As for the latter argument, Corsi cites no law in support of a theory that would allow the Court to exercise specific jurisdiction over the LLC Defendants as successors-in-interest to Old ERS. At one point in her Opposition, she appears to argue the LLC Defendants are necessarily successors-in-interest because Old ERS agreed to the following provision in the 2008 Agreement:

> ERS's interest in the brand and the MARKS may be assigned by ERS to a
> successor-in-interest to ERS, provided said successor-in-interest accepts all rights
> and obligations of this Agreement.

---

CV-90 **CIVIL MINUTES—GENERAL** Initials of Deputy Clerk DD

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **CV 25-02238-DMG (ASx)** | Date | March 31, 2026 |
|---|---|---|---|

| Title | ***Laura F. Corsi v. English Riding Supply, Inc., et al.*** | Page | 13 of 15 |
|---|---|---|---|

[Doc. # 48-1 at 4.]  The fact that Old ERS agreed to such language does not transform the LLC Defendants into Old ERS's successors-in-interest.  For instance, Old ERS could well have ignored such language, and sold its interest to the LLC Defendants without any restrictions, which would at best simply give rise to a breach of contract claim against Old ERS.

Courts of appeal have held the contacts of a predecessor can be attributed to a successor-in-interest if that successor would be liable for the actions of the predecessor under the law of the forum.[7]  *See Patin v. Thoroughbred Power Boats*, 294 F.3d 640, 653 (5th Cir. 2002); *Williams v. Bowman Livestock Equipment Co.*, 927 F.2d 1128, 1132 (10th Cir. 1991); *City of Richmond v. Madison Management Group, Inc.*, 918 F.2d 438, 454 (4th Cir. 1990).

In California,

a corporation which purchases the principal assets of another does not assume the liability of the selling corporation unless (1) there is an express or implied agreement of assumption of liability, (2) the transaction amounts to a consolidation or merger of the two corporations, (3) the purchasing corporation is a mere continuation of the seller, or (4) the transfer of assets to the purchaser is for the fraudulent purpose of escaping liability.

*Schwartz v. Dubravetz*, 969 F.2d 840, 845 (9th Cir. 1992).  As noted above, Corsi fails to show the first situation is present here, and she makes no reasonable argument and points to no evidence to establish any of the remaining situations.  *See* Rolla Decl. ¶ 3, Kornman Decl. ¶ 6 (explaining the asset purchase agreement was between unrelated entities); *see also Beatrice Co. v. State Bd. of Equalization*, 6 Cal. 4th 767, 778 (1993) (explaining the conditions under which an entity is a continuation of the seller).

In sum, the Court concludes that it lacks personal jurisdiction over the LLC Defendants. As discussed further below, however, the Court can transfer the case to another venue where the court could exercise personal jurisdiction over the LLC Defendants.  Under 28 U.S.C. § 1406(a), the Court may transfer the case, whether or not the Court finds it has personal jurisdiction, to a venue in which the case could have been brought.  *See Goldlawr, Inc. v. Heiman*, 369 U.S. 463, 466-67 (1962) ("The language of section 1406(a) is amply broad enough to authorize the transfer of cases . . . whether the court in which it was filed had personal jurisdiction over the defendants or not."); *see also Nelson v. Int'l Paint Co.*, 716 F.2d 640, 643 n.4 (9th Cir. 1983).

---

[7] It does not appear the Ninth Circuit has answered this question.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **CV 25-02238-DMG (ASx)** | Date | March 31, 2026 |
|---|---|---|---|

| Title | ***Laura F. Corsi v. English Riding Supply, Inc., et al.*** | Page | 14 of 15 |
|---|---|---|---|

### B.     Venue

All moving Defendants request that the Court transfer this action to the Middle District of Pennsylvania for the convenience of the parties and witnesses and in the interest of justice.  *See* MTD 1 at 6; MTD 2 at 19; *see also Ravelo Monegro v. Rosa*, 211 F.3d 509, 512–13 (9th Cir. 2000) ("Section 1404(a) thus serves as a statutory substitute for *forum non conveniens* in federal court when the alternative forum is within the territory of the United States.")  Pursuant to 28 U.S.C. § 1404(a), "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented."  Movants bear the burden to demonstrate that transfer is appropriate. *Commodity Futures Trading Comm'n v. Savage*, 611 F.2d 270, 279 (9th Cir. 1979).

The Middle District of Pennsylvania has personal jurisdiction over Old ERS, comprised of companies that had their principal places of business in Scranton, Pennsylvania and maintained most of their employees, personnel, and agents in that state.   Rolla Decl. ¶¶ 2, 5; *see Daimler AG v. Bauman*, 571 U.S. 117, 137 (2014) (explaining that the paradigmatic bases for general jurisdiction over a corporation are its places of incorporation and principal place of business).[8] Transfer there would not deprive the federal courts of subject matter jurisdiction over this action, which includes claims arising under federal question jurisdiction.  Venue is also appropriate in that District, as a place in which a substantial part of the events giving rise to the claims occurred.  *See* 28 U.S.C. § 1391.  Thus, this action may have been brought in that District.

In deciding a motion to transfer venue, the Court weighs a number of factors, including (1) the location where the relevant conduct occurred, (2) the state that is most familiar with the governing law, (3) the plaintiff's choice of forum, (4) the respective parties' contacts with the forum, (5) the contacts relating to the plaintiff's cause of action in the chosen forum, (6) the differences in the costs of litigation in the two forums, (7) the availability of compulsory process to compel attendance of unwilling non-party witnesses, and (8) the ease of access to sources of proof. *Jones v. GNC Franchising, Inc.*, 211 F.3d 495, 498–99 (9th Cir. 2000).

---

[8] To the extent there are claims against unserved Defendants, the Court notes that ERS, LLC -66, Holdings, and the LLC Defendants other than NCK have their principal places of business in Pennsylvania, either based on Kornman's Declaration or the allegations of the FAC (*see* Kornman Decl. ¶¶ 11–12; FAC ¶¶ 5–15.).  Claims against these entities also arise from a common nucleus of operative fact as those over which that District would have personal jurisdiction. *See Action Embroidery Corp. v. Atl. Embroidery, Inc.*, 368 F.3d 1174, 1180 (9th Cir. 2004) (pendent personal jurisdiction).

---

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **CV 25-02238-DMG (ASx)** | Date | March 31, 2026 |
|---|---|---|---|

| Title | *Laura F. Corsi v. English Riding Supply, Inc., et al.* | Page | 15 of 15 |
|---|---|---|---|

The convenience of witnesses is accorded significant weight in determining whether to transfer an action under section 1404. *See Allstar Mktg. Grp., LLC v. Your Store Online, LLC*, 666 F. Supp. 2d 1109, 1132 (C.D. Cal. 2009) ("The convenience of witnesses is often the most important factor in determining whether a transfer under section 1404 is appropriate."). There are, it appears, no witnesses or parties in California. To the extent there are any viable claims against the LLC Defendants who have not yet appeared in this action, there is no dispute in the record that those Defendants are Pennsylvania or Delaware companies with no apparent California connections. *See* Kornman Decl. ¶ 10. ERS was, as noted, headquartered and had employees, offices, and operations in Pennsylvania. And while Corsi appears to reside in Tennessee now, there are no other factors weighing in favor of exercising jurisdiction in that state. For this reason, the eighth factor also weighs in favor of transferring venue.

The second factor also weighs in favor of Pennsylvania, as the 2008 Agreement specified that Pennsylvania law applies. The third factor—Plaintiff's choice of forum—is entitled to lesser consideration when the plaintiff no longer resides in the forum. *See Metz v. U.S. Life Ins. Co. in City of New York*, 674 F. Supp. 2d 1141, 1146 (C.D. Cal. 2009). Relevant to the fourth and fifth factors, while there are sufficient contacts for this Court to exercise personal jurisdiction over some of the parties, most of the underlying facts occurred in Pennsylvania. Even under Corsi's account of the facts, she does not dispute that solicitations were directed to her from Pennsylvania and the location where misrepresentations and inducements to enter into the Agreement were made and the assignments of rights and obligations she takes issue with were done. *See generally* Corsi Decls. 1, 2. While the Agreement was executed, and Corsi's portion was performed, in California, that does not outweigh the other factors. Sixth, it would appear to be more efficient and less expensive for all concerned to litigate in Pennsylvania than piecemeal in California. The parties do not identify any facts from which the Court can make a determination with respect to the seventh factor.

On the whole, the section 1404(a) factors favor transferring the remaining claims in this action to the Middle District of Pennsylvania.

**IV.**
**CONCLUSION**

In light of the foregoing, the Court **GRANTS in part** MTD 1 and MTD 2, and **TRANSFERS** this action in its entirety to the Middle District of Pennsylvania. To the extent they are not otherwise addressed herein, the motions to dismiss are **DENIED AS MOOT**.

**IT IS SO ORDERED.**

---